IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY,
PENNSYLVANIA
CIVIL ACTION - LAW

| | | |
|---|---|---|
| Anthony G. Campisi<br>Plaintiff, | : | No. 09-25147 |
| v. | : | |
| Cornerstone Consulting Engineers &<br>Architectural, Inc., John B. Anderson,<br>Mark W. Metzgar, and Lester M. Stein,<br>corporately, jointly, severally, and individually<br>Defendants. | : | |

## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

This Mutual Release and Settlement Agreement ("Agreement") is made and entered into this ___12th___ day of ___December___, 2011, by and among Anthony G. Campisi and Campisi Construction, Inc. (collectively the "Plaintiffs") and Cornerstone Consulting Engineers & Architectural, Inc., John B. Anderson, Mark W. Metzgar, and Lester M. Stein (collectively the "Defendants") (Plaintiffs and Defendants, each individually a "Party" and collectively known as "the Parties"), which Parties, intending to be legally bound, agree as follows:

*Background*

A. On December 10, 2002, Cornerstone Consulting Engineers & Architectural, Inc. was incorporated in the Commonwealth of Pennsylvania. The shareholders were John B. Anderson (33.33%), Lester M. Stein (33.33%), Mark W. Metzgar (16.67%), and Anthony G. Campisi (16.67%). The shareholders intended to create a corporation that would serve both architectural and engineering needs, while also promoting that construction work be performed by Mr. Campisi's construction company, Campisi Construction, Inc.

B. On January 12, 2006, Mr. Campisi was removed from the Board of Directors by a unanimous vote. On January 1, 2008, Mr. Campisi filed a Petition to Compel Inspection of Corporate Records pursuant to 15 Pa.C.S.A. §1508(c) in Montgomery County, case number 2008-02053. The case was terminated on January 7, 2011, pursuant to Pa.R.C.P. 230.2. Prior to the termination of the case, Mr. Campisi filed a civil complaint on August 8, 2009, also in Montgomery County, case number 2009-25147, alleging that Defendants breached their fiduciary duties to the corporation and to Plaintiff while also demanding equitable relief in the form of a mandatory accounting by Defendants, the appointment of a Receiver *Pendente Lite*, and the involuntary dissolution of the corporation (attached as "Exhibit A").

C. Mr. Metzgar, Mr. Anderson, and Mr. Campisi, in addition to their interests in Cornerstone Consulting, are each also one-third (1/3) shareholders Nazareth 113 Main



Page 1 of 6

Case# 2011-12517-72 Received at Montgomery County Prothonotary on 12/20/2013 3:06 PM, Fee = $0.00

LLC. Neither Nazareth 113 Main LLC, nor any Party's interests therein, are a subject to this Agreement.

D. The Parties entered into a Consent Order of Settlement on October 6, 2009, agreeing to a binding arbitration to determine the value of Mr. Campisi's shares for the purposes of a stock buy-out (attached as "Exhibit B"). Within the Consent, the Parties also agreed that the cost of the arbitrator would be split fifty percent (50%) for the Plaintiffs and fifty percent (50%) for the Defendants, whereas legal and accounting fees would be the responsibility of the party which incurred them.

E. On November 21, 2011, the Parties reached an amicable agreement to settle all claims and counterclaims involved, prior to entering into the binding arbitration excluding only the matter of Nazareth 113 Main Street LLC as set forth above. The terms of this amicable agreement were confirmed in a letter from Mr. Campisi's counsel to Defendants' counsel (attached as "Exhibit C").

**NOW, WHEREFORE**, in consideration of the terms and conditions contained herein, for good and valuable consideration, the sufficiency of which is acknowledged, and intending to be legally bound, as a full settlement of all potential claims and counterclaims, including attorneys' fees and costs, related to this matter, the Parties agree as follows:

*Terms and Conditions*

**1. Release and Discharge**

Plaintiffs, individually and collectively, hereby release and forever discharge Defendants, individually and collectively, and Defendants' past, present and future heirs, executors, administrators, personal representatives, attorneys, agents, servants, representatives, employees, subsidiaries, affiliates, partners, predecessors and successors in interest, and assigns and all other persons, firms, or business entities with whom any of the former have been, are now or may hereafter be affiliated, from any and all causes of action, claims, liabilities, and demands of whatsoever kind, known and unknown, arising from or related to the circumstances, transactions, occurrences, or allegations set forth in the above-captioned matter.

Defendants, individually and collectively, hereby release and forever discharge Plaintiffs, individually and collectively, and Plaintiffs' past, present and future heirs, executors, administrators, personal representatives, attorneys, agents, servants, representatives, employees, subsidiaries, affiliates, partners, predecessors and successors in interest, and assigns and all other persons, firms, or business entities with whom any of the former have been, are now or may hereafter be affiliated, from any and all causes of action, claims, liabilities, and demands of whatsoever kind, known and unknown, arising from or related to the circumstances, transactions, occurrences, or allegations set forth in the above-captioned matter.

As a clarification, however, the Parties acknowledge that this release shall be a fully binding and complete settlement between the Defendants and Plaintiffs, with the

Case# 2011-12517-72 Received at Montgomery County Prothonotary on 12/20/2013 3:06 PM, Fee = $0.00

exception of any issues surrounding Nazareth 113 Main LLC, which is not a subject to this Agreement.

## 2. Settlement Amount

In exchange for the release set forth above and the acquisition of Plaintiffs' shares in Cornerstone Consulting, Defendants shall make payment totaling Two Hundred Fifty Thousand Dollars ($250,000.00) to Anthony G. Campisi and Campisi Construction, Inc., payable as follows:

(a) Thirty Five Thousand Dollars ($35,000) shall be due upon the execution of this Agreement, made payable to Plaintiffs' attorney, David M. DeClement, Esq.

(b) The remaining Two Hundred Fifteen Thousand Dollars ($215,000) shall be payable to Anthony G. Campisi and Campisi Construction, Inc., in twenty four (24) equal payments, each due on a quarterly calendar basis (i.e. each three (3) months) commencing May 1, 2012.

(c) Each above-referenced quarterly payment must be made no later than within three (3) days of its due date, or it shall be deemed "late," and shall have added to it a late fee of three percent (3%).

(d) If a quarterly payment is not made within forty-five (45) days of its due date, Defendants shall be in "Default" and the entire remaining balance payable under this Agreement shall become immediately due, and an interest rate of five percent (5%) per annum shall be applied to the remaining balance until paid in full.

## 3. Confession of Judgment

THE UNDERSIGNED DEFENDANTS, MARK W. METZGAR, JOHN B. ANDERSON, AND CORNERSTONE CONSULTING ENGINEERS & ARCHITECTURAL, INC., HEREBY EMPOWER ANY ATTORNEY OF ANY COURT OF RECORD WITHIN THE UNITED STATES TO APPEAR IN ANY COURT OF THE COMMONWEALTH OF PENNSYLVANIA FOR THE UNDERSIGNED AND, WITH OR WITHOUT COMPLAINT FILED, CONFESS JUDGMENT AGAINST THE UNDERSIGNED IN FAVOR OF ANY HOLDER HEREOF, UPON THE OCCURRENCE OF AN EVENT OF DEFAULT, AS HEREINABOVE DEFINED IN §2(d) OF THIS AGREEMENT, FOR THE UNPAID BALANCE OF THE PRINCIPAL DEBT TOGETHER WITH UNPAID INTEREST THEREON, COSTS OF SUIT AND REASONABLE ATTORNEY'S FEES.

THE UNDERSIGNED HEREBY FOREVER WAIVES AND RELEASES ALL ERRORS IN SAID PROCEEDINGS, WAIVES STAY OF EXECUTION, AND WAIVES ALL EXEMPTIONS FROM LEVY AND SALE OF ANY PROPERTY THAT NOW ARE OR HEREAFTER MAY BE APPLICABLE. NO SINGLE EXERCISE OF THE FOREGOING POWER TO CONFESS JUDGMENT SHALL BE DEEMED TO EXHAUST THE POWER, WHETHER OR NOT ANY SUCH

Case# 2011-12517-72 Received at Montgomery County Prothonotary on 12/20/2013 3:06 PM, Fee = $0.00

EXERCISE SHALL BE HELD BY ANY COURT TO BE VALID, VOIDABLE OR VOID, BUT THE POWER SHALL CONTINUE UNDIMINISHED AND IT MAY BE EXERCISED FROM TIME TO TIME AS OFTEN AS THE HOLDER HEREOF SHALL ELECT UNTIL SUCH TIME AS THE HOLDER SHALL HAVE RECEIVED PAYMENT IN FULL OF THE DEBT, INTEREST, ATTORNEY'S COMMISSION AND COSTS. INTEREST ON THE OBLIGATION EVIDENCED HEREBY SHALL CONTINUE TO ACCRUE AT THE ABOVE-STATED RATE AFTER THE ENTRY OF JUDGMENT HEREON.

THE UNDERSIGNED HEREBY WAIVES ITS RIGHTS TO NOTICE AND A HEARING CONCERNING THE VALIDITY OF THE HOLDER'S CLAIMS HEREUNDER AND AGREES AND CONSENTS TO JUDGMENT BEING ENTERED BY CONFESSION IN ACCORDANCE WITH THE TERMS HEREOF AND EXECUTION BEING LEVIED ON SUCH JUDGMENT AGAINST ANY AND ALL PROPERTY OF THE UNDERSIGNED, IN EACH CASE WITHOUT FIRST BEING GIVEN NOTICE AND THE OPPORTUNITY TO BE HEARD ON THE VALIDITY OF THE CLAIM OR CLAIMS UPON WHICH SUCH JUDGMENT IS ENTERED.

### 4. No Admission of Liability

It is understood and agreed by the Parties that this settlement is a compromise of doubtful and disputed claims, and the payments are not to be construed as an admission of liability on the part of the Defendants, by whom liability is expressly denied.

### 5. Personal Responsibility for Payments

Each of the Defendants shall be jointly and severally liable for the Settlement Amount and terms of payment as set forth at Section 2 of this Agreement.

### 6. Confidentiality and Non-Disclosure

This Agreement will not be filed as of public record and will be maintained as a confidential document by and between the parties. The Parties agree that this Agreement, its terms and the circumstances giving rise to it, will not be disclosed to anyone except to the extent required by applicable law.

### 7. Entire Agreement and Successors in Interest

This Agreement contains the entire agreement between the Parties with regard to the matters set forth herein and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each.

### 8. Representation of Comprehension of Document

In entering into this Agreement, the Parties represent that they have each relied upon the legal advice of their respective attorneys, who are the attorneys of their own choice, and that the terms of this settlement agreement have been completely read and explained to them by their attorneys, and that those terms are fully understood and voluntarily accepted by them.

Case# 2011-12517-72 Received at Montgomery County Prothonotary on 12/20/2013 3:06 PM, Fee = $0.00

### 9. Place of Agreement; Governing Laws

This Agreement is entered into in the Commonwealth of Pennsylvania, and this Agreement shall be construed and interpreted in accordance with the laws of the Commonwealth of Pennsylvania.

### 10. Additional Documents

The Parties agree to cooperate fully and execute all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this settlement agreement.

### 11. Discontinuance of Action

Within ten (10) business days of the effective date of this Agreement, the Plaintiffs shall cause to be withdrawn, and terminated with prejudice, any and all litigation or claims against any Defendant(s) that relate to or arise from the subject matter of this Agreement, including but not limited to Plaintiffs' withdrawal and termination with prejudice of the above-captioned Montgomery County action.

### 12. Exclusions from this Agreement

Any and all issues concerning Nazareth 113 Main LLC shall be resolved through alternative methods, and shall not be a subject of this Agreement.

### 13. Arbitration Costs/Reimbursements

In the event that any future costs for an arbitrator are necessary, or in the event that the Parties are entitled to reimbursements from the arbitrator's costs already paid, such costs or reimbursements shall be divided fifty percent (50%) to the Plaintiffs and fifty percent (50%) to the Defendants. However, if the need for arbitration is due to a breach of this Agreement, the Arbitrator shall be free to award fees to the non-breaching party if he/she elects to do so.

### 14. Effectiveness

This settlement agreement shall become effective following execution by all of the parties.

### 15. Notices

Any notices between any Plaintiff and any Defendant relating to this Agreement shall be sent to the attorneys of the respective Parties:

1. For the Plaintiffs: David M. DeClement, Esq., 55 Simpson Avenue, P.O. Box 217, Pitman, New Jersey 08071

2. For the Defendants: Thomas J. Maloney, Esq., 901 West Lehigh Street, P.O. Box 1279, Bethlehem, Pennsylvania 18016-1279.

Case# 2011-12517-72 Received at Montgomery County Prothonotary on 12/20/2013 3:06 PM, Fee = $0.00

**SIGNED AND EXECUTED:**

Date: 12/20/11        Signature: _____
                                 Anthony G. Campisi, Plaintiff

Date: 12/20/11        Signature: _____
                                 Anthony G. Campisi, on behalf of
                                 Campisi Construction, Inc., President

Date: 12/12/2011      Signature: _____
                                 John B. Anderson, Defendant

Date: 12-12-11        Signature: _____
                                 Mark W. Metzgar, Defendant

Date: 12/12/2011      Signature: _____
                                 Lester M. Stein, Defendant

Date: 12/12/2011      Signature: _____
                                 John B. Anderson, on behalf of
                                 Cornerstone Consulting Engineers &
                                 Architectural, Inc., President

Case# 2011-12517-72 Received at Montgomery County Prothonotary on 12/20/2013 3:06 PM, Fee = $0.00