**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>**CAMPISI CONSTRUCTION, INC.**<br><br>*Debtor.* | **Chapter 11**<br><br>**Bankruptcy No.: 14-12458** |

**THIRD INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL;**
**PROVIDING ADEQUATE PROTECTION TO PARTIES WITH INTEREST IN CASH**
**COLLATERAL**

AND NOW, this ___20th___ day of June, 2014, upon the Motion of Campisi Construction, Inc., Debtor-in-Possession, ("Debtor") for an Order Authorizing A) Use of Cash Collateral; B) Provide Adequate Protection to Parties with Interest in Cash Collateral; and C) Turnover of Cash Collateral to Debtor, after notice and hearing, it appearing that Debtor having requested use cash collateral on an interim and then final basis, and the Court having determined that:

a. the ability of Debtor to remain as a viable entity and to reorganize under Chapter 11 depends upon its obtaining the requested use of cash collateral;

b. the relief requested in the Motion is necessary, essential and appropriate for the continued operation of Debtor's business and the management and preservation of its property without which, Debtor will be unable to pay wages, complete contracts and meet other current and immediate operating expenses;

c. sufficient and adequate notice of the Motion, the hearing with respect thereto and the terms of the proposed use of cash collateral pursuant to Bankruptcy Rules 3002, 4001(c) and 4001(d) and Section 102(l) of the Code, and that no further notice of, or hearing on, the relief sought is required;

1

d.  the hearing on the Motion, pursuant to Bankruptcy Rule 4001(c)(2), is necessary to avoid immediate and irreparable harm to the estate because time is of the essence for Debtor to continue operation of its business and preserve its going concern value in a highly competitive market. If Debtor is unable to use cash collateral to continue the operation of its business, it is likely that any prospect for Debtor's reorganization will be extinguished, thus resulting in immediate and irreparable harm to Debtor, the estate and all other creditors for whom no other source of recovery is available;

**It is hereby ORDERED** that the Debtor's Use of Cash Collateral is hereby approved, subject to the terms of this Order, only through July 9, 2014, and limited to the amounts listed in the budget attached to this Order as Exhibit A;

**It is further ORDERED:**

1. that Lukoil North America, LLC shall release $60,036.05 in funds being held pursuant to ECI, LLC's garnishment lien immediately to Debtor, and Debtor shall deposit the funds into its Debtor-in-Possession bank account;

2. that ECI, LLC must file its Proof of Claim in this case on or before May 31, 2014;

3. that on June 1, 2014, Debtor will pay $5,000 salary to its President, Anthony Campisi;

4. that on June 1, 2014, Debtor will pay $5,000 to ECI, LLC on its claim, subject to Debtor's ability to avoid the lien and recover such funds, and provided that ECI, LLC has filed its Proof of Claim on or before May 31, 2014;

5. that Debtor may object to the Proof of Claim filed by ECI, LLC;

6. that all issues between Debtor and ECI, LLC as to the amount of ECI, LLC's Proof of Claim, including Debtor's right to setoff and the extent of ECI, LLC's security interest in

cash collateral, will be determined by this Court at the hearing on Debtor's objection to the Proof of Claim;

7. that such hearing on Debtor's objection to the Proof of Claim shall occur in the regular course of this Court's calendar and pursuant to the Local Rules of Bankruptcy Procedure;

8. that prior to such hearing on Debtor's objection to the Proof of Claim, discovery may not be necessary, but the parties reserve the right to take limited discovery;

9. that the Debtor shall provide written proof of insurance and maintain insurance on the business;

10. that the Debtor shall file all monthly operating reports with the Court on a timely basis;

11. that post-petition payroll shall be funded in the gross amount including all payroll taxes and employee benefits;

12. that this Order shall terminate on July 9, 2014 unless further extended by the parties. A further hearing on use of cash collateral is scheduled for July 9, 2014 at 8:30 a.m. Notwithstanding the foregoing, this Order shall terminate immediately and automatically upon the occurrence of the following:

    a. Entry of an order dismissing or converting the Debtor's Chapter 11 case to Chapter 7 case;

    b. Expiration of the term hereunder.

    b. Failure to comply with the terms of this Order.

BY THE COURT:

_____
JEAN K. FITZSIMON
UNITED STATES BANKRUPTCY JUDGE

Campisi Construction Inc
30 Day Budget
5-14-14

***Projected Expenses:***

| | |
|---|---:|
| Hatfield Stone | $15,000.00 |
| Concrete (Miscellaneous Hess) | $3,000.00 |
| Material (Various) | $2,000.00 |
| Automobile-Fuel & Ezpass | $2,000.00 |
| Automobile-Unified Carrier Registration | $227.00 |
| Autombile Registration | $153.00 |
| Computer Backup Up Program | $40.00 |
| Dumpster Switchout @ Shop | $750.00 |
| Equipment Repairs | $1,000.00 |
| Insurance-Auto, Liability & Workers Comp | $3,000.00 |
| Office Supplies | $100.00 |
| Payroll-John Ludlow 5/22-6/25 | $7,500.00 |
| Payroll Taxes John | $573.75 |
| Payroll-Angela Reber 5/22-6/25 | $2,400.00 |
| Payroll Taxes Angela | $476.86 |
| Payroll-Miguel Santiago 5/22-6/25 | $3,750.00 |
| Payroll Taxes Miguel | $745.10 |
| Payroll-Joe Craig | $3,750.00 |
| Payroll Taxes Joe | $745.10 |
| Payroll-Anthony Campisi June | $5,000.00 |
| Payroll Taxes Anthony | $525.24 |
| Dave Spause (ECI) June Payment | $5,000.00 |
| Utilities-Suburban Propane 1/2 bill | $700.00 |
| Utilities-PECO 1/2 bill | $450.00 |
| Utilities-Verizon (company phone & internet) | $500.00 |
| Utilities-Verizon Wireless | $650.00 |
| **Total Monthly Expenses** | **$60,036.05** |