## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | **Chapter 11** |
| **CAMPISI CONSTRUCTION, INC.** | **Bankruptcy No.: 14-12458** |
| *Debtor.* | |

### FIFTH INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL; PROVIDING ADEQUATE PROTECTION TO PARTIES WITH INTEREST IN CASH COLLATERAL

AND NOW, this ___29th___ day of August, 2014**,** upon the Motion of Campisi Construction, Inc., Debtor-in-Possession, ("Debtor") for an Order Authorizing A) Use of Cash Collateral; and to B) Provide Adequate Protection to Parties with Interest in Cash Collateral; after notice and hearing, it appearing that Debtor having requested use cash collateral on an interim and then final basis, and the Court having determined that:

a. the ability of Debtor to remain as a viable entity and to reorganize under Chapter 11 depends upon its obtaining the requested use of cash collateral;

b. the relief requested in the Motion is necessary, essential and appropriate for the continued operation of Debtor's business and the management and preservation of its property without which, Debtor will be unable to pay wages, complete contracts and meet other current and immediate operating expenses;

c. sufficient and adequate notice of the Motion, the hearing with respect thereto and the terms of the proposed use of cash collateral pursuant to Bankruptcy Rules 3002, 4001(c) and 4001(d) and Section 102(l) of the Code, and that no further notice of, or hearing on, the relief sought is required;

d. the hearing on the Motion, pursuant to Bankruptcy Rule 4001(c)(2), is necessary to avoid

1

immediate and irreparable harm to the estate because time is of the essence for Debtor to continue operation of its business and preserve its going concern value in a highly competitive market.  If Debtor is unable to use cash collateral to continue the operation of its business, it is likely that any prospect for Debtor's reorganization will be extinguished, thus resulting in immediate and irreparable harm to Debtor, the estate and all other creditors for whom no other source of recovery is available;

**It is hereby ORDERED** that the Debtor's Use of Cash Collateral is hereby approved, subject to the terms of this Order, only through October 31, 2014, and limited to the amounts listed in the budget attached to this Order as Exhibit A;

**It is further ORDERED:**

1.       that the Debtor shall provide written proof of insurance and maintain insurance on the business;

2.       that the Debtor shall file all monthly operating reports with the Court on a timely basis;

3.       that post-petition payroll shall be funded in the gross amount including all payroll taxes and employee benefits;

4.       that absent further Court order otherwise, any checks or other payments made by Lukoil (or any of TS Environmental's other customers) to TS Environmental, an insider company, shall endorsed or otherwise forwarded to the Debtor for deposit in the debtor in possession bank account.

5.       that the Debtor shall not make any payments to TS Environmental, an insider company, prior to filing a motion with the Court and obtaining Court approval to do so;

6.      that this Order shall terminate on October 31, 2014 unless further extended by the parties. A further hearing on use of cash collateral is scheduled for **October 29, 2014 at 11:30 A.**M. Notwithstanding the foregoing, this Order shall terminate immediately and automatically upon the occurrence of the following:

     a.      Entry of an order dismissing or converting the Debtor's Chapter 11 case to Chapter 7 case;

     b.      Expiration of the term hereunder.

     b.      Failure to comply with the terms of this Order.

BY THE COURT:

_____

Dated: August 29, 2014.      JEAN K. FITZSIMON
UNITED STATES BANKRUPTCY JUDGE

3

Campisi Construction Inc
Projected Profit Loss Budget
August 31-October 30, 2014

**Projected Income:**

| | |
|---|---|
| TS Envir.-Various | $12,000.00 |
| Hess -Various | $73,231.64 |
| Front Street-Various | $4,065.00 |

**Total Projected Income to be received in August** $89,296.64

***Projected Expenses:***

| | |
|---|---|
| Temporary Fencing Tank Pull | $1,764.00 |
| Equipment Fuel Tank Pull | $1,000.00 |
| Equipment Transport Tank Pull | $1,500.00 |
| Dumpsters/Concrete Removal Tank Pull | $5,000.00 |
| Stone Tank Pull | $12,000.00 |
| Tank Cleaning Tank Pull (2) | $3,000.00 |
| Permits (Various) | $4,000.00 |
| Material (Various) | $2,000.00 |
| Automobile-Fuel & Ezpass | $3,000.00 |
| Automobile Registration | $288.00 |
| Computer Backup Up Program | $80.00 |
| DEP Fee's | $2,000.00 |
| Equipment Repairs | $1,000.00 |
| Insurance-Auto, Liability & Workers Comp | $6,000.00 |
| Office Supplies-Toner, Paper & Supplies | $200.00 |
| Payroll-John Ludlow 9/5-10/31 | $13,500.00 |
| Payroll Taxes John | $1,032.75 |
| Payroll-Angela Reber 9/5-10/31 | $5,000.00 |
| Payroll Taxes Angela | $382.50 |
| Payroll-Nathan Smith 9/5-10/31 | $7,200.00 |
| Payroll Taxes Joe | $1,490.20 |
| Payroll-Anthony Campisi 9/5-10/31 9 weeks | $9,000.00 |
| Payroll Taxes Anthony | $688.50 |
| Utilities-Suburban Propane 1/2 bill | $700.00 |
| Utilities-PECO 1/2 bill | $700.00 |
| Utilities-Verizon (company phone & internet) | $500.00 |
| Utilities-Verizon Wireless | $750.00 |

**Total Monthly Expenses** $83,775.95

**Projected Net Income for August 2014** $5,520.69