**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>CAMPISI CONSTRUCTION, INC.<br><br>Debtor. | Chapter 11<br><br>Bankruptcy No.: 14-12458 (JKF) |

**MOTION OF ECI, LLC FOR ORDER FOR RELIEF FROM THE**
**AUTOMATIC STAY FOR CAUSE UNDER 11 U.S.C. §362(d)(1)**

Movant, ECI, LLC, ("ECI"), by and through its undersigned counsel, hereby moves for an Order for relief from the automatic stay provisions pursuant to Section 362(d) of Title 11 of the United States Code (as amended, the "Bankruptcy Code") with respect to the Lukoil account receivable funds, as the Lukoil account receivables, in accordance with New Jersey State law, are not to be deemed an asset of the Debtor's Estate, and in support hereof, Movant sets forth as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §157 and §1334(b).

2.  The substantive basis for the relief requested is 11 U.S.C. §362.

3.  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(E), (G), and (I).

4.  Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§1408 and 1409.

1

**PROCEDURAL AND FACTUAL HISTORY**

5. The levied Lukoil account receivable funds arise from a levy ECI obtained as a result of a state court arbitration award which was reduced to a final judgment against the Debtor on August 13, 2013 ("State Court Judgment").  A copy of the Order confirming arbitration award and entering judgment is attached as Exhibit "A".

6. The aforesaid judgment stems from litigation filed by ECI against Debtor and Anthony G. Campisi, individually, ("Defendants") in the Court of Common Pleas of Montgomery County, Pennsylvania, Docket No. 2011-12517 ("ECI 2011 Lawsuit").  A copy of the Complaint is attached as Exhibit "B".

7. On August 11, 2011 the Debtor filed an Answer ("Debtor's Answer") to the ECI 2011 Lawsuit averring that all ECI invoices were paid by way of checks or credits.  A filed copy of the Debtor's Answer to the ECI 2011 Lawsuit is attached as Exhibit "C".

8. In accordance with a Consent Order and by way of Court Order, the parties to the ECI 2011 Lawsuit agreed to and were ordered to binding common law arbitration, which took place on June 1, 2012.

9. The Arbitrator issued a decision on September 12, 2012 ("Arbitration Decision").  A copy of the Arbitration Decision is attached as Exhibit "D".

10. The Arbitration Decision was in favor of ECI and against Defendants in the amount of $101,238.38, together with interest to be calculated ("Arbitration Award"). See Exhibit "D".

11. Neither Debtor nor Campisi, in his individual capacity, appealed the Arbitration Decision.

12. On June 13, 2013, pursuant to the Arbitrator's Decision, a calculation of interest on the Arbitration Award was provided to the Arbitrator and to the attorney who represented the Debtor

in the arbitration, Michael J. Hawley, Esquire ("Hawley").  A copy of the letter and interest calculation is attached as Exhibit "E".

13. On June 20, 2013, the Arbitrator found that the interest calculations in the June 13, 2013 correspondence was in keeping with his decision and the Arbitrator subsequently notified the parties, including Debtor's prior counsel of those determinations.  A copy of the Arbitrator's letter is attached as Exhibit "F".

14. Post-judgment interest awarded to ECI by the Arbitrator was $52.71 per day. See Exhibit "F".

15. On July 1, 2013, ECI filed a Petition to confirm the arbitration award and enter judgment against Defendants (the "Petition to Confirm").

16. The Petition to Confirm was granted on August 14, 2013, thereby reducing the Arbitration Decision to a judgment being entered in favor of ECI and against the Debtor Campisi Construction, Inc. and Anthony G. Campisi, individually, on August 20, 2013 in the amount of $174,047.35, plus $52.71 in daily post-judgment ("ECI Judgment").   See Exhibit "A".

17. Thereafter, the Debtor filed a Petition to Strike or Open the Judgment on September 12, 2013 ("Petition to Open").

18. A hearing on the Petition to Open was conducted by the Honorable Garret Page, Montgomery County Court of Common Pleas, on February 28, 2014.

19. On March 7, 2014, Judge Page entered an Order denying Debtor's Petition to Open finding that the Debtor had notice of the Petition to Confirm and that Debtor had no meritorious defense, as the Arbitration Award was not appealed.  It was further ordered that ECI's judgment against Defendants be undisturbed and in full force and effect.  A copy of Judge Page's Order of March 7, 2014 is attached as Exhibit "G".

20.     On August 28, 2013, ECI obtained a final judgment in the amount of $174,047.35 against the Debtor and Anthony G. Campisi in New Jersey under Judgment Number DJ 169407-13. Proof of the same is attached as Exhibit "H".

21.     On September 12, 2013, ECI filed a Writ of Execution which was subsequently issued and ordered to be served upon Lukoil North America, LLC ("Lukoil"). See Exhibit "I".

22.     On September 20, 2013 (the "Levy Date"), the Burlington County Sheriff's Office served the Writ of Execution upon Lukoil in an amount not to exceed $179,625.92 ("Lukoil Levy"), levying cash-equivalent assets not to exceed that amount, namely the monies due Debtor ("Lukoil Accounts Receivables"). The service of this levy was confirmed by the Burlington County Sheriff's Department by way of a Levy Report. See Exhibit "I".

23.     At the same time, a "Notice to Debtor" was also served upon the Debtor, advising of the levy upon Lukoil. See Exhibit "I".

24.     On March 31, 2014, more than six months after the Lukoil Accounts Receivables were levied, and well outside of the look back period of 90 days, the Debtor filed a voluntary petition for Chapter 11 Bankruptcy relief.

25.     On March 16, 2015, the Honorable Anthony M. Massi, J.S.C., Mercer County, NJ – Law Division, denied the debtor's Motion to Vacate Domesticated Judgment and Vacate the Writ of Execution. See a copy of Judge Massi's Order of March 16, 2015 attached as Exhibit "J".

26.     The Debtor did not seek reconsideration of said Order, nor was a timely appeal filed. Therefore, this order is a final, non-appealable Order.

27.     This Honorable Court, as part of cash collateral release orders, on three separate occasions, has ordered Lukoil to release funds totaling $160,800.97 to the Debtor from ECI's

secured interest, while providing by way of order, ECI perfected replacement liens in all post-petition accounts receivables, including but not limited to all Lukoil accounts receivables.

28.  According to the Debtor's March 2015 Monthly Operating Report, $127,875.34 in Lukoil accounts receivables are due from pre-petition services and $17,280.03 are due from ~~for~~ post-petition services. Attached as Exhibit "K" is the accounts receivable page from the Debtor's Monthly Operating Report dated April 20, 2015.

29.  To date, ECI has perfected liens and security interest on $145,155.37 of the Lukoil Accounts Receivables,[1] which allegedly represents all the accounts receivables due and owed to the Debtor by Lukoil.

30.  Under New Jersey law, a judgment lien becomes effective upon the execution of a levy by the Sheriff, but the transfer of title relates back to the date when the writ of execution was delivered, i.e., September 12, 2013. Kieffer v. New Century Fin. Servs., Inc., CIV.A. 10-3938 SRC, 2012 WL 1853895 (D.N.J. May 21, 2012) (*citing* Vineland Sav. & Loan Ass'n v. Felmey, 12 N.J. Super. 384 (Ch. Div. 1950)). (Emphasis Added).

31.  Properly levied funds are not to be considered a part of the bankrupt debtor's estate. In re Paul, 12-CV-07855 FLW, 2013 WL 3446994 (D.N.J. July 9, 2013).

32.  In light of the foregoing, Movant seeks an Order lifting the automatic stay with respect to the Lukoil Accounts Receivables so that ECI may proceed to satisfy the levy since Debtor has no legal or equitable interest in these funds, as in accordance with New Jersey law, the Lukoil accounts receivables are not to be deemed an asset of the Debtor's Estate.

---

[1] $127,875.34 pre-petition and $17,280.03 post-petition replacement by way of Court Order.  ECI avers that in accordance with this Courts orders, it also has perfected security interest in all other accounts receivables up to it secured claim amount and reserves the right to seek the lifting of the stay with respect to those replacement funds as well.

**WHEREFORE**, for all of the foregoing reasons, movant, ECI, LLC, respectfully requests this Honorable Court to grant its Motion and issue an Order thereby lifting the automatic stay provisions of the bankruptcy Code and permit ECI to pursue its state court remedies against the Lukoil accounts receivable in order to protect its interests against the levied funds more fully set forth herein and any and all other relief this Court deems just and proper.

Respectfully Submitted,

Dated: May 19, 2015

**/s/ THOMAS P. MULDOON, JR.**
Thomas P. Muldoon, Jr., Esquire
Muldoon & Shields, LLC
1528 Walnut Street, Suite 515
Philadelphia, PA  19102
Attorney for Movant, ECI, LLC