**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| **Campisi Construction, Inc.,** | : | |
| Debtor. | : | Case No. 14-12458 (JKF) |
| _____ | | |

# ORDER DENYING CAMPISI'S
# MOTION FOR SUMMARY JUDGMENT

**AND NOW,** this 7th day of July, 2015, upon consideration of the Proof of Claim ("Proof of Claim") of Cougar Development Group, LLC ("Creditor") and the objection thereto filed by Campisi Construction, Inc. ("Debtor"), Doc. No. 129;[1]

## A. PROCEDURAL HISTORY

**AND** the Proof of Claim being filed on or about May 27, 2014, for the amount of $189,955.67, based upon a written Commercial Lease Agreement (the "Lease"), allegedly assigned to the Creditor, with Debtor as named lessee, and an alleged 68-month occupancy, Claim 9-1 at 7; see also Doc. No. 350-2 (Assignment of Commercial Lease);

**AND** Debtor having objected to the Proof of Claim on three grounds:

1) The Named Lessors of the Lease had no authority to enter into the

---

[1] Document number 129 is titled "Debtor's Second Amended Objection to Proof of Claim #9 Filed By Cougar Development Group, LLC."

Lease with Debtor;[2] 2) Creditor had no standing to file the claim; and 3) Debtor is not liable for rent because possession was not delivered, Doc. No. 129;

**AND** the Court having entered an Order Temporarily Granting Motion to Allow Claim 9 for voting purposes only on October 16, 2014, see Doc. No. 183;[3]

**AND** Debtor having filed a Motion for Summary Judgment with regard to the Proof of Claim on or about April 15, 2015, Doc. No. 342;

**AND** Creditor having filed a Response to Debtor's Motion for Summary Judgment on or about April 28, 2015, Doc. No. 350;

**AND** Debtor having conducted a deposition of Creditor on or about October 8, 2014, and having filed it on April 14, 2015, Doc. No. 342-5;

**AND** Creditor having conducted a Deposition of Debtor on or about March 20, 2015, and having filed it on April 28, 2015, Doc. No. 350-1;

**AND** Debtor having filed a Reply to Creditor's Response on or about May 14, 2015, Doc. No. 358;

**AND** this Court having ordered the parties to file a Joint Statement of Facts on May 13, 2015, Doc. No. 356 at 3;

---

[2] "The Named Lessors" refers to David and Sharon Spause. Claim 9-1 at 3. David Spause is owner of the Creditor. Doc. No. 350-2.

[3] Debtor also filed a Motion Pursuant to 11 U.S.C. § 105(a) for Injunction against David Spause and to Remove Cougar Development Group, LLC from the Unsecured Creditors Committee. Doc. No. 165. The Motion to Remove Cougar was later withdrawn. See Doc. No. 217. The Motion for Injunction was subsequently denied on November 19, 2014. Doc. No. 228.

**AND** the parties having filed a Joint Statement of Facts on or about May 29, 2015, Doc. No. 375;

## B.  FACTUAL BACKGROUND

**AND** Anthony Campisi being President of Debtor;

**AND** David J. Spause being owner of Creditor;

**AND** the Proof of Claim being for rents owed by Debtor pursuant to the Lease related to real property located at 1232 Forty Foot Road, Towamencin Township, Montgomery County, Kulpsville, Pennsylvania ("the Premises"), Claim 9-1 at 3;

**AND** the Lease stipulating an annual rental price of Twenty Four Thousand Dollars ($24,000), Claim 9-1 at 3;

**AND** the Lease being executed between David J. Spause and his wife, Sharon, as owners of the Premises and Anthony Campisi on behalf of the Debtor, Claim 9-1 at 6;

**AND** the Lease being signed on November 12, 2007, Claim 9-1 at 7;

**AND** the Premises being deeded jointly to David Spause and his former business partner, James Galasso, on November 12, 2007, Doc. No. 375, ¶ 5, see also, Spause Dep., dated April 15, 2015, at 17:6-15 (David Spause testified that he and his wife did not own the Premises at this time);

**AND** Cougar purchasing the Premises from Spause and Galasso on April 25, 2008, Doc. No. 375, ¶ 12;

**AND** David and Sharon Spause having executed an Assignment of Commercial Lease (the "Assignment") in order to transfer all their interests in the Lease as Lessors to Cougar, Doc No. 350-2;

**AND** Sharon Spause having never been a named deed owner of the Premises, Doc. No. 375, ¶ 14;

**AND** Debtor having taken possession of the Premises after Cougar became the legal owner, Doc. No. 375, ¶ 15;

**AND** Debtor having occupied the Premises from May, 2008 to December, 2013 to: (i) store equipment; (ii) have employees report for work; and (iii) do work, Doc. No. 375, ¶¶ 17, 18;

**AND** part of the Premises being occupied during the Lease period by High Reach, Doc. No. 375, ¶ 19;

**AND** the Lease having never been modified in writing between Debtor and Creditor, Doc. No. 375, ¶ 20;

**AND** Debtor never having made any rental payments under the Lease, Doc. No. 375, ¶ 21;

**AND** Creditor never having made any written demand for payment under the Lease but David Spause having "made verbal demands to [D]ebtor for payment," Doc. No. 375, ¶¶ 22-23;

**AND** Cougar having sent notice to Debtor, on November 12, 2013, that it was terminating the Lease as of December 15, 2013, Doc. No. 375, ¶ 24;

**AND** Debtor having filed the instant Chapter 11 bankruptcy case on or about March 31, 2014, Doc. No. 375, ¶ 26;

## C.  DEBTOR'S POSITION

**AND** Debtor alleging that a Motion for Contempt, which Spause filed in January of 2008 in the underlying dispute with Galasso regarding the dissolution of their corporation, proves that: 1) partition of the Premises had not yet occurred when the Lease was executed; and 2) the Premises was still owned jointly by Spause and Galasso and not by the Named Lessors (David and Sharon Spause), Doc. No. 342, ¶ 8, see Montgomery County Court of Common Pleas Civil Action No. 06-22305;

**AND** Debtor alleging that, because Galasso never agreed to the Lease and because the Spauses never wholly owned the Premises, the Lease is unenforceable because the Spauses had no legal right to execute it, Doc. No. 342, ¶ 22-8;

**AND** Debtor alleging that, because the Lease is unenforceable, the Assignment is also unenforceable, Doc. No. 342, ¶ 29;

**AND** Debtor, therefore, alleging that Cougar was never the lessor and, consequently, has no standing to pursue its Proof of Claim, id.;

**AND** Debtor alternatively alleging that, if possession was delivered at all, it was only partial possession and that it is, therefore, only liable for $24,000 for partial use of the Premises pursuant to an oral agreement, Doc. No. 375, ¶ 33; see also Campisi Dep., dated April 28, 2015, at 14:18-15:8 (Campisi testified as to the existence of an oral agreement to rent the Premises for $600 a month for a period of 40 months);

**AND** Debtor alleging that it is not liable for payment of any, or part of any, utility or tax bills relating to the Premises because Creditor never provided copies of the utility and tax bills to Debtor; No. 375, ¶ 32, see also Claim 9-1 at 7;

### D. CREDITOR'S POSITION

**BUT** Creditor alleging that a valid leasehold was created between the parties on November 12, 2007, Doc. No. 350, ¶ 6;

**AND** Creditor alleging that Campisi agreed to delay possession under the Lease until after the sale of the Premises from Spause and Galasso to Cougar, Doc. No. 350, ¶ 7;

**AND** Creditor alleging that the underlying matter between Spause and Galasso is irrelevant to the matter at hand because: (i) the Lease was entered into under the anticipation that Spause would purchase the property from Galasso; (ii) Anthony Campisi was aware of the dispute between Spause and

Galasso regarding the Premises; and (iii) Campisi agreed that Debtor would accept possession of the Premises after the dispute between Spause and Galasso was resolved, Doc. No. 350, ¶ 10;

    **AND** Creditor alleging that Debtor cannot now object to the Lease's validity and enforceability since it took possession of the Premises which it used and enjoyed through late 2013; Doc. No. 350, ¶ 22;

    **AND** Creditor alleging that Spause had authority to enter into the Lease because he had a personal ownership interest in the Premises and his chain of ownership was never broken or interrupted at any time pertinent to this matter, Doc. No. 350, ¶ 11;

    **AND** Creditor alleging that Debtor occupied the Premises for a total of 68 months at a monthly rate of twelve hundred dollars ($1,200), Claim 9-1, p. 7;

    **AND** Creditor alleging that the Assignment was valid, or, alternatively, that the Lease ran with the land, and that since Cougar was owner of the Premises when the Debtor took possession, Cougar has standing to pursue its Proof of Claim, Doc. No. 350, ¶¶ 12, 13;

    **AND** Creditor alleging that David Spause cannot recall whether he provided utility and tax bills for the Premises to Debtor; Doc. No. 375, ¶ 32;

## E.  STANDARD OF REVIEW
## FOR PROOF OF CLAIM

**AND** a proof of claim being deemed "allowed, unless a party in interest, including a . . . debtor . . . objects," 11 U.S.C. § 502(a);

**AND** a proof of claim based upon a writing needing to comply with Fed. R. Bankr. P. 3001(c) by including a copy of the writing;

**AND** a creditor's proof of claim being prima facie valid if it "alleges facts to support a legal liability to the claimaint," In re Bennett, 528 B.R. 273, 282 (Bankr. E.D. Pa. 2015) (citing in re Allegheny Int'l., Inc., 954 F.2d 167, 173 (3d Cir. 1992));

**AND** a prima facie valid claim shifting the burden to the debtor to produce evidence sufficient to negate the claim by refuting at least one of the allegations that is essential to its legal sufficiency, see VFB LLC v. Campbell, 482 F.3d 624, 636 (3d Cir. 2007); In re Umstead, 490 B.R. 186, 192 (Bankr. E.D. Pa. 2013);

**AND**, where the objector meets that burden of production, the claimant having the ultimate burden to produce evidence to prove the validity of the claim, Umstead, 490 B.R. at 192;

## F.  STANDARD OF REVIEW FOR SUMMARY JUDGMENT

**AND** summary judgment being governed by Rule 56 of the Federal Rules of Civil Procedure, Official Committee of Unsecured Creditors v. Baldwin (In re Lemington Home for the Aged), 659 F.3d 282, 290 (3d Cir. 2011);

**AND** Rule 56 being applicable hereto pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure;

**AND** summary judgment being "proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.' Fed.R.Civ.P. 56(a)." Aleynikov v. Goldman Sachs Group, Inc., 765 F.3d 350, 358 (3d Cir. 2014);

**AND** a fact being "material" if it "might affect the outcome of the suit under the governing law . . .," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986);

**AND** an issue being genuine if "'sufficient evidence supporting the claimed factual dispute" is shown to "require a jury or judge to resolve the parties' differing versions of the truth at trial.'" Id.;

**AND** the court's function at the summary judgment stage, not being to "weigh the evidence or evaluate its credibility," but being to determine "whether

there is a genuine issue for trial," S-Tran Holdings, Inc. v. Protective Insurance Co. (In re S-Tran Holdings, Inc.), 414 B.R. 28, 32 (Bankr. D. Del. 2009);

**AND** the Court being obligated, when deciding a motion for summary judgment, to construe the facts and inferences therefrom in the light most favorable to the nonmoving party, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986);

### G. EVALUATION OF DEBTOR'S OBJECTION TO PROOF OF CLAIM

**AND** Debtor being a party in interest and having objected to the Proof of Claim, Doc. No. 129;

**AND** Creditor having complied with Fed. R. Bankr. P. 3001(c) by attaching a copy of the Commercial Lease to its Proof of Claim, see Claim 9-1 at 3-6;

**AND** the Claim being prima facie valid because it "alleges facts to support a legal liability to the claimant," Bennett, 528 B.R. at 282;

**AND** the valid prima facie claim shifting the burden of proof to Debtor to produce evidence sufficient to negate the claim by refuting at least one of the allegations that is essential to its legal sufficiency;

### H. EVALUATION OF DEBTOR'S MOTION FOR SUMMARY JUDGMENT

**AND** Debtor's Motion for Summary Judgment urging that summary judgment must be granted because there is no factual dispute that the Spauses

did not own the Premises at the time of execution of the Lease and that the document never created a valid lease, Doc. No. 342;

**BUT** Creditor's Response to Debtor's Motion for Summary Judgment arguing that David Spause owned 50% of the Premises at the time the Lease was executed and that he, therefore, had unbroken chain of title at all times pertinent to this matter, Doc. No. 350, ¶ 11;

**AND** Creditor alleging that it owned 100% of the Premises at the time of delivery of possession and therefore the Lease became valid and binding when Debtor took possession, Doc. No. 350, ¶ 12;

**AND** Anthony Campisi having testified when he was deposed that Debtor occupied the Premises in some capacity for a period of 40 months, Campisi Dep., dated March 20, 2015, at 15:1-6;

**BUT** the Creditor's Proof of Claim alleging that Debtor occupied the Premises for a period of 68 months, Claim 9-1 at 7;

**AND** the parties disagreeing as to whether Creditor did or did not provide utility and tax bills pursuant to the terms of the Lease and therefore disagreeing as to whether Campisi is liable for any portion of the utility and tax bills, Claim 9-1 at 7, see Doc. No. 375 ¶ 32;

**AND** Debtor alleging the amount of debt to be $24,000 for partial use of the Premises, see Doc. No. 375 ¶ 33;

11

**BUT** Creditor alleging the amount of the debt to be at least $81,000, <u>see id.</u>;

**AND** the parties disagreeing as to whether there was any objection from Debtor as to the validity of the Lease during Debtor's occupancy of the Premises, Doc. No. 375 ¶ 35;

**AND** the parties disagreeing as to whether High Reach, another tenant of the Premises, was or was not a subtenant of Debtor, Doc. No. 375 ¶ 36;

**AND** the parties disagreeing as to whether the debtor occupied the entire agreed-upon part of the Premises or only a portion thereof, Doc. No. 375 ¶ 37;

**AND** the parties disagreeing as to whether written promises to pay rent were ever given by Debtor, Doc. No. 375 ¶ 38;

## I.     ANALYSIS OF DEBTOR'S MOTION FOR SUMMARY JUDGMENT

**AND** the record showing that there are lingering factual disputes regarding the nature and amount of the debt including: whether Debtor leased the Premises pursuant to the Lease or an oral agreement; the rental amount for the Premises, whether tax and utility bills were or were not provided, whether Debtor occupied all or part of the Premises, and whether High Reach was a subtenant of Debtor;

**AND** the nature and amount of the debt being material issues as they certainly "might affect the outcome of the suit under the governing law . . .," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986);

**AND** the nature and amount of the debt being genuine issues because there is "sufficient evidence supporting the claimed factual dispute" requiring "a jury or judge to resolve the parties' differing versions of the truth at trial," id.;

**AND** the Court needing to resolve these factual issues in order to determine whether Debtor has satisfied its burden of producing evidence that refutes at least one of the allegations that is essential to the Claim's legal sufficiency;

**AND**, upon consideration of the facts and law, it is hereby **ORDERED** and **DECREED** that the Motion is **DENIED**

_____
HONORABLE JEAN K. FITZSIMON
United States Bankruptcy Judge

Copies to:

**Debtor's/Plaintiff's Counsel**
Dimitri Karapelou, Esquire
Law Offices of Dimitri L.Krapelou, LLC
Two Penn Center
1500 JFK Boulevard, Suite 920
Philadelphia, PA 19102

**Debtor's/Plaintiff's Counsel**
Rebecca K. McDowell, Esquire
Law Offices of Dimitri L.Krapelou, LLC
Two Penn Center
1500 JFK Boulevard, Suite 920
Philadelphia, PA 19102

**Cougar Development Group, LLC's Counsel**
Thomas P. Maldoon, Jr., Esquire
Muldoon & Shields, LLC
1528 Walnut Street, Suite 515
Philadelphia, PA 19102

**Committee of Unsecured Creditors' Counsel**
Patrick Daniel McDonnell, Esquire
Law Offices of Thomas Wolpert, P.C.
527 Main Street
Royersford, PA 19468

**Chapter 7 Trustee**
Terry P. Dershaw, Esquire
P.O. Box 556
Warminster, PA 18974-0632

**Chapter 7 Trustee's Counsel**
Edward J. DiDionato, Esquire
Fox Rothschild LLP
2000 Market Street, 16th Floor
Philadelphia, PA 19103

**United States Trustee**
George M. Conway, Esquire
Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

**Courtroom Deputy**
Joan Ranieri