# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 7 |
| | : |
| CAMPISI CONSTRUCTION, INC. | : |
| | : |
| DEBTOR | : BKY. NO. 14-12458JKF |

## STIPULATION AND CONSENT ORDER OF SETTLEMENT BETWEEN THE CHAPTER 7 TRUSTEE, CREDITOR ECI, LLC AND CREDITOR COUGAR DEVELOPMENT GROUP, LLC

**AND NOW**, this 12th day of January, 2016, it is hereby stipulated and agreed between the parties hereto, Terry Dershaw, Chapter 7 Trustee (Trustee) on behalf of debtor, Campisi Construction, Inc., (Debtor), ECI, LLC, (ECI or Creditor) through its sole member, David J. Spause and Cougar Development Group, LLC (Cougar) through its sole member, David J. Spause that they have reached a settlement in regard to ECI's Secured Proof of Claim, Claim #7, ECI's Unsecured Proof of Claim #8, ECI's Unsecured Proof of Claim #11 and Cougar's Unsecured Proof of Claim #9 against Debtor. The aforementioned Proof of Claims are incorporated hereto and made part hereof as if fully set forth within this Stipulation.

1. On March 31, 2014 (the "Petition Date"), Campisi Construction, Inc., the Debtor and debtor-in-possession (the "Debtor"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code").

1

2. Said Chapter 11 was subsequently converted to Chapter 7 by the Honorable Jean K. FitzSimon.

3. Terry Dershaw was appointed the Chapter 7 Trustee.

4. ECI's Secured Proof of Claim, Claim #7, is a direct result of a final unappealed State Court confirmed arbitration award which was entered by the State Court as a final judgment against the Debtor ("State Court Judgment"), on August 20, 2013 in the amount of $174,047.35, plus $52.71 in daily post-judgment interest ("ECI Judgment"), in the Court of Common Pleas of Montgomery County, Pennsylvania ("State Court"), Docket No. 2011-12517. A copy of the Order confirming arbitration award and entering judgment has been attached as Exhibit "A" and incorporated by reference.

5. Subsequently, on August 28, 2013, ECI, LLC ("ECI") obtained a final judgment on the Debtor in the State of New Jersey under Judgment Number is DJ 169407-13. A copy of the Judgment Index has been attached as Exhibit "B" and incorporated by reference.

6. On September 12, 2013, ECI filed a Writ of Execution with the Burlington County Sheriff's Office to be served on Lukoil North America, LLC (Lukoil), levying a portion of Debtor's accounts receivables.

7. On September 20, 2013, (the "Levy Date"), more than six months prior to the Petition Date, the Burlington County Sheriff's Office served the Writ of Execution upon Lukoil in an amount not to exceed $179,625.92 ("Lukoil Levy"), levying cash-equivalent assets not to exceed that amount, namely the monies due Debtor ("Lukoil Accounts Receivables"). This levy was confirmed by the Burlington County Sheriff's Department by way of a Levy Report attached as Exhibit "C."

8. The parties hereto, upon consultation with their respective counsel, hereby agree to the following terms and condition:

    a. Creditor had levied the Cornerstone Funds in regard to a secured judgment it has obtained against Anthony G. Campisi more than 90 days prior to Petition Date.

    b. Creditor, for purposes of compromise and settlement with respect to the Cornerstone Funds, is willing to have part of the Cornerstone Funds recovery paid to the Debtor's estate, as reimbursement for the Debtor's Capitalization of Anthony Campisi's interest in Cornerstone, as follows:

        i. The Trustee and the Creditor shall share in the Cornerstone funds as follows: Creditor shall receive 75% of the funds collected and the Debtor's estate shall receive 25% of the funds collected. Notwithstanding the aforementioned, any and all funds collected for interest, cost, expenses or attorney's fees are to be kept by ECI and are not to be credited towards or will otherwise reduce the amount due under the Secured Claim.

        ii. In consideration of the foregoing, the Trustee hereby agrees to withdraw Debtor's Motion for Sanctions for the violation of the Automatic Stay with respect to Creditor's attempt to the collection of the Cornerstone Funds through garnishment. Creditor denies any violation of the automatic stay provisions in pursuit of satisfaction of the judgment he has against either Debtor or Anthony Campisi.

        iii. The Trustee further agrees to terminate, discontinue and end without prejudice Adversary Action 2014-00616 JKF, filed by Debtor against Cornerstone and Creditor.

    c. Creditor has also asserted entitlement to Lukoil funds through a perfected levy which was served upon Lukoil more than 90 days prior to the Petition Date.

3

d. Trustee and Creditor agree that the Lukoil funds shall be shared between them with 60% of said recovery paid to Creditor and 40% paid to the Debtor's Estate, whether said funds are obtained through settlement, Court order, Court approved garnishment, or any other means.

e. In consideration for this split of the Lukoil funds and in light of the fact that New Jersey law is clear that the Lukoil funds, since properly levied, are not part of the bankruptcy estate, as a settlement, the Trustee consents to the granting of the Motion of ECI, LLC, for Order For Relief From The Automatic Stay For Cause Under 11 U.S.C. §362(D)(1) and will join with Creditor in seeking the Court's approval of said Motion.

f. Trustee shall assist Creditor in pursuit of said Lukoil levied funds.

g. Any funds which Creditor is able to recover as a result of a Levy or Garnishment Violation will be credited towards the secured judgment amount once costs, expenses and reasonable attorney's fees are deducted for the collection and adjudication of said funds. Once the secured judgment plus, if applicable all accruing interest, is satisfied, any additional funds (Excess Funds) will be distributed 100% to the Estate as replacement funds for the Lukoil funds received by the Creditor, which amount shall not exceed the amount recovered from Lukoil.

h. In consideration of all of the foregoing, the Trustee agrees to withdraw with prejudice any and all of Debtor's objections to and hereby stipulates to and agrees that the following Proof of Claims are consented to and this Court hereby approves the following claims of ECI: Proof of Claim #7, Proof of Claim #8, Proof of Claim #11; and, Cougar's Proof of Claim #9.

ACTIVE 38349072v1 01/05/2016

i. In consideration of all of the foregoing, the Trustee agrees to withdraw, with prejudice, any and all of Debtor's objections to Cougar's Proof of Claim #9 and hereby stipulates to and agrees that Proof of Claim #9 is consented to and this Court hereby approves Proof of Claim #9.

j. In consideration for all the foregoing and further acknowledging the lack of legal basis for the action set forth below, the Trustee agrees to terminate, end and discontinue, with prejudice the following action filed by the Debtor in the Court of Common Pleas, Montgomery County, Pennsylvania, Docket #: 2013-30024.

k. In the event it is determined that any other actions, known or unknown, arise against the Debtor or an entity determined to be an alter ego of Debtor, the Trustee and Creditor shall jointly pursue the same and any recovery shall be equally shared between Creditor, up to the amount of his secured judgment, and Trustee.

l. Further, it is understood and agreed that this Settlement shall not have any adverse effect, be deemed a release or in any other way bar or prohibit Creditor or Cougar or any of their members or any other party hereto from pursing Anthony G. Campisi personally for any judgment, deficiency claims, existing claims, future claims, known or unknown, in a court of competent jurisdiction.

m. Any and all monies or funds recovered, received by or paid in to the Estate shall not reduce or otherwise be credited to any of ECI's or Cougar's claims and shall not reduce the amount due and owing in those claims.

n. The parties hereto intend this Stipulation and Consent Order and its findings to be binding in any and all future actions or suits in a court of competent jurisdiction.

ACTIVE 38349072v1 01/05/2016

9.  The Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

10. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

11. Notwithstanding the possible applicability of any Federal Rule of Bankruptcy Procedure, the terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

_____  
Thomas Muldoon  
Counsel to ECI, LLC and  
Cougar Development Group, LLC

_____  1/5/2016
Edward J. DiDonato  
Counsel to Trustee

6

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

CIVIL ACTION - LAW

Bohmueller Law Offices, P.C.
By:    Barry O. Bohmueller
       Identification No. 79901
29 Mainland Road–Mainland Village
Harleysville, PA 19438
(215) 256-6440

Attorney for Petitioner
ECI, LLC

| | |
|---|---|
| ECI, LLC | COURT OF COMMON PLEAS |
| Plaintiff | MONTGOMERY COUNTY, PA |
| v. | NO. 2011-12517 |
| CAMPISI CONSTRUCTION, INC. | ARBITRATION AWARD |
| and | |
| ANTHONY G. CAMPISI | |
| Defendants | |

2011-12517-0013        FilingID:    9411441
8/14/2013 2:43:12 PM
Order
Receipt # Z1895438        Fee     $0.00
Mark Levy - MontCo Prothonotary

### ORDER

AND NOW, this 13th day of Aug, 2013, upon consideration of the **PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT**, and any Answer thereto, it is hereby **ORDERED, ADJUDGED and DECREED** that the Arbitration Award entered on September 12, 2102, by the Arbitrator David M. DeClement, Esquire, is hereby **CONFIRMED**, and the Prothonotary is hereby directed to **ENTER A MONEY JUDGMENT** in favor of Petitioner ECI, LLC and against Respondents **CAMPISI CONSTRUCTION, INC.** and **ANTHONY G. CAMPISI** (personally), jointly and severally, in the amount of $174,047.35 as of May 31, 2013, plus $52.71 in interest for each day through the date of entry of judgment.

BY THE COURT:

Braxton
                                        J.

cc: B. Bohmueller, Esq
Counsel for moving party is responsible
to serve counsel for all other parties and
all unrepresented parties with a copy of
this order and shall file a certificate of
service with the Prothonotary.



EXHIBIT A





# Burlington County Sheriff's Office

49 Rancocas Road, Room 210
Mt. Holly, NJ 08060
Fax No. (609) 265-5767
Phone No. (609) 265-5841/5295

ECI, LLC

vs.

CAMPISI CONSTRUCTION, INC. AND ANTHONY C. CAMPISI

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
MERCER COUNTY

DOCKET NO. DJ-169407-13
SHERIFF NO. 13003209

## LEVY REPORT

To: CAMPISI CONSTRUCTION, INC. AND ANTHONY C. CAMPISI, designated defendant:

The Writ of Execution was served on TATYANA ROVILKIN, RETAIL OPERATIONS COORDINATOR at 302 HARPER DRIVE SUITE 303 MOORESTOWN, NJ 08057 for LUKOIL NORTH AMERICA on the 20th of September 2013 at 11:28 AMLEVYING ON MONIES DUE.

Officer's Notes: Levied upon cash-equivalent assets that are due and owing by serving the above named person and mailing the notice to debtor.

Attempts made:

Jean E. Stanfield, Sheriff of Burlington County

Dated: 9/23/2013

_____
S/O ARTHUR PULCINELLA

Attorney/person who ordered this levy is:   BARRY O. BOHMUELLER, ESQUIRE
Attorney Case No:



Re:

ECI, LLC

v.

CAMPISI CONSTRUCTION, INC. AND ANTHONY C. CAMPISI

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, SPECIAL CIVIL PART
MERCER COUNTY

Docket No. DJ-169407-13
Sheriff's No. 13003209

## NOTICE TO DEBTOR

**To: CAMPISI CONSTRUCTION, INC. AND ANTHONY C. CAMPISI, designated defendant:**

An attempt has been made to levy upon your asset, in an amount not to exceed $ <u>179,625.92</u> at the instruction of: <u>BARRY O. BOHMUELLER, ESQUIRE</u> to satisfy in whole or in part the judgment against you in the above matter. If you are an individual rather than a business entity, some property may be exempt from execution by Federal and State law, including but not limited to clothing and a total of $1,000.00 of cash and personal property, except for goods purchased as part of the transaction which led to the judgment in this case. In addition, welfare, social security, S.S.I. benefits, V.A. benefits, unemployment benefits, workers' compensation benefits, and child support you receive are exempt, even if the funds have been deposited in a bank account. If any funds belong a joint owner an objection to the levy can be filed to release the funds not owned by the debtor from the levy.

If the levy is against an account at a bank listed below, the bank has already been notified to place a hold on your account you may have at that bank. However, the funds will not be taken from your account until the court so orders. If you are entitled to an exemption as an individual, you may claim your exemption by notifying the clerk of the court and the person who ordered this levy of your reasons why your property is exempt. This claim must be in writing and if it is not mailed within 10 days of service of this notice, your property is subject to further proceedings for execution. The address for the Court is: <u>MERCER COUNTY 209 S. BROAD STREET PO BOX 8068 TRENTON, NJ 08650.</u> If this judgment has resulted from a default, you may have the right to have this default judgment vacated by making an appropriate motion to the court. Contact an attorney or the clerk of the court for information on making such a motion, or, for forms and instructions, go to: www.judiciary.state.nj.us/prose/10543_motion_spccvl.pdf.

**A Writ of Execution has been served on the following:**
LUKOIL NORTH AMERICA
302 HARPER DRIVE SUITE 303
MOORESTOWN, NJ 08057

**The name and address of the person who ordered this levy is:**
BARRY O. BOHMUELLER, ESQUIRE
29 MAIN STREET
MAINLAND VILLAGE
HARLEYSVILLE, PA 19438

---

CERTIFICATION OF SERVICE

I mailed a copy of this notice to the defendant(s) and the person who requested the levy on <u>20th of September 2013</u>, the same day this levy was made or the execution was served on a bank. I certify that the foregoing statements made by me are true. I am aware that if the foregoing statements made by me are willfully false, I am subject to punishment.

Date: <u>9/20/2013</u>     _____
S/O ARTHUR PULCINELLA of Burlington County

Revised 09/04/2012, CN 10821-English (Appendix VI)