**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

IN RE CAMPISI CONSTRUCTION     : 
         Debtor                   : NO. 14-12458-jkf
                                  : CHAPTER 7

---

## MOTION TO APPROVE DISPOSITION OF ABANDONED EQUIPMENT TO THE SECURED CREDITOR ECI, LLC, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

ECI, LLC, by and through its undersigned counsel, files the within Motion to Approve the Disposition of Abandoned Equipment Free and Clear of All Liens, Claims and Encumbrances, and avers as follows:

1.      ECI, LLC ("ECI" or "Movant"), is a Pennsylvania limited liability company located at 240 Farmview Drive, Harleysville, PA 19438.

2.      Debtor, Campisi Construction, Inc. ("Debtor" or "CCI"), is a Pennsylvania corporation located at 2106 Bustard Road, Lansdale, PA 19446.

3.      T. S. Environmental Contractors, Inc. ("TS"), is a Pennsylvania corporation located at 2106 Bustard Road, Lansdale, PA 19446.

4.      ECI commenced a lawsuit against CCI on May 19, 2011 in the Court of Common Pleas of Montgomery County, Pennsylvania. The Complaint sought damages for breach of contract, unjust enrichment, and quantum meruit.

5.      By Order of the Court of Common Pleas of Montgomery County dated December 28, 2011, the matter was ordered to binding arbitration conducted by David M. DeClement, Esquire (the "Arbitrator") on June 1, 2012. See **Exhibit "A"**. The Arbitrator rendered his decision on September 12, 2012, in favor of ECI and against CCI in the amount of $101,238.38, together with interest to be calculated. See **Exhibit "B"**.

6.      CCI received the arbitration decision on September 12, 2012, and did not file an appeal.

7.      On July 1, 2013, ECI filed a Petition to Confirm the arbitrator's award, and service of the Rule was filed on July 22, 2013.

8.      On August 20, 2013, the Prothonotary of Montgomery County entered judgment in favor of ECI and against, inter alia, CCI in the amount of $174,047.35. See **Exhibit "C"**.

9.      CCI did not appeal the judgment within 30 days or at any time thereafter.

10.     When ECI proceeded to collect on its judgment, on September 12, 2013, CCI filed an Emergency Motion to Stay Execution Proceedings and Discovery In Aid of Execution.

11.     CCI also filed a Petition to Strike or Open the Judgment on September 12, 2013.

12.     CCI's Emergency Motion and the Petition to Strike or Open the Judgment were based upon numerous falsified averments, most notably, that CCI lacked any notice of the Petition to Confirm the arbitration award.

13.     Judge Garret D. Page denied the Petition to Open on March 7, 2014, and specifically found that Campisi "... admitted in his deposition testimony to having knowledge and notice of Plaintiff's Petition to Confirm..." See **Exhibit "D"**.

14.     On March 31, 2014, CCI then filed a voluntary petition for relief under Chapter 11 of the United States Code, 11 U.S.C. §101 *et seq*.. (the "Bankruptcy").

15.     On or about March 25, 2014, just six days prior to filing the Bankruptcy, Campisi filed a MOTOR CARRIER IDENTIFICATION REPORT (a.k.a. MCS-150 form) ("the MCS-150 Form") wherein Campisi claimed, under penalties of perjury, that CCI traded as/or was doing business as "TS Environmental Contractors, Inc."   Attached as **Exhibit "E"** is the MCS-150 Form.

16.     Therefore, CCI and TS are one and the same companies.

17.     Campisi continued to operate CCI and manage the property and assets of CCI until this Court by Order dated June 24, 2015, forcibly converted the case to a Chapter 7 liquidation.

18.     Prior to the Chapter 7 conversion, this Court granted the Debtor use of Cash Collateral by way of five cash collateral orders.  The Fifth and Final approved Cash Collateral Order was granted on August 29, 2014,and found TS to be an "insider company".

19.     Further, TS had filed with this Court an improper UCC-1.

20.     Once CCI filed the Bankrupty petition, all CCI's property became property of the bankruptcy estate.

21.     On or about April 5, 2016, the Chapter 7 Trustee, Terry P. Dershaw, Esquire, filed a Motion For Order Authorizing The Trustee's Abandonment Of Property Of The Debtor's Estate Pursuant To 11 U.S.C. §554(a) and Fed. R. Bankr. P. 6007 (the "Motion to Abandon"), The Motion to Abandon sought to abandon the Debtor's equipment as itemized in **Exhibit "F"** attached (the "Equipment").

22.     The Motion to Abandon was uncontested and was granted by this Court on June 3, 2016.[1]

23.     After the Equipment reverted to CCI, Plaintiff secured the permission of the Chapter 7 Trustee, to file UCC-1 Financing Statements.

24.     ECI has a secured interest in the Equipment.

25.     On June 1, 2016, ECI delivered to the Montgomery County Sheriff Writs of Execution, which was an Order to levy the Equipment.

---

[1] There is a typographical error in the Order to Abandon stating the date as the "3rd day of April, 2016.".  The docket entry at the top of the Exhibit shows the correct date the order was entered on the docket as June 3, 2016.

26.    On June 2, 2016, the Sheriff made service upon CCI by serving the attorney for the Chapter 7 Trustee, Edward DiDonato, Esquire, of Fox Rothschild.

27.    On June 7, 2016 the Sheriff made service upon CCI.

28.    On June 18, 2016, ECI filed a UCC-1 Financing Statement with the Pennsylvania Department of the State taking a security interest in the Equipment.   Attached as **Exhibit "G"** is the UCC-1 Financing Statement.

29.    The Chapter 7 Trustee permitted ECI to peacefully collect and assemble the majority of the Equipment.    The list of Equipment that was collected by ECI is attached as **Exhibit "H".** This Equipment is listed on the UCC-1 Financing Statement.

30.    On August 1, 2016 at 9:20 a.m., the Sheriff perfected the security interest of ECI by levying the Equipment.

31.    As a matter of law, ECI's security interest in the Equipment was perfected effective the time the Sheriff received the Writ Package, which was June 1, 2016.

32.    Thus, ECI perfected its security interest in the Equipment under the Pennsylvania UCC ("PAUCC"). As soon as a party holds a security interest (arising through attachment of collateral) and is named as a secured party in a financing statement covering the collateral, the interest is perfected and priority is established as of the original date of filing. 13 PA. C.S.A. §§ 9302, 9303(a), 9402(a) (1999).

33.    ECI also perfected its interest in the Equipment as it has possession of the Equipment. "A security interest in [collateral] may be perfected by the secured party's taking possession of the collateral." 13 PA. C.S.A.§ 9305. A financing statement need not be filed to perfect "a security interest in collateral in possession of the secured party under 13 PA. C.S.A. 930; §9302(I)(a).

34.    After CCI's default, 13 Pa. Cons. Stat. §§9601-9624, governs the rights of a secured party upon default by a debtor. Pursuant to 13 Pa. C.S.A. § 9609(a)-(b), "[a]fter default, a secured party . . . may take possession of the collateral . . . pursuant to judicial process; or . . without judicial process if it proceeds without breach of the peace.

35.    A secured party may sell, lease, license or otherwise dispose of any or all of the collateral in its present condition or following any commercially reasonable preparation or processing," so long as the disposition is "commercially reasonable." *Id.* § 9610(a)-(b)

36.    Further, ECI as the secured party may retain the collateral in total or partial satisfaction of its debt, 13 Pa. C.S.A. §§ 9620; 9622.

37.    This Court has established the value of the Equipment at $15,000. ECI, with the Trustee's consent, perfected its interest after the Trustee abandoned the Equipment.

38.    As a matter of law, TS is the alter ego of the CCI. TS has no standing to make assertion as to any rights, let alone file any complaint in any venue as CCI is represented by the Chapter 7 Trustee.

39.    Thus, ECI has the only perfected security interest in the Equipment.

40.    The Bankruptcy Court entered and Order abandoning said equipment based on the appraised value. The appraised value is $15,000, far less than ECI's judgment.

41.    ECI has proposed to the Trustee that upon retention of the Equipment, that ECI would file an amended proof of claim to reduce its secured judgment against Debtor by $30,000, which is believed more than the value of the equipment.

WHEREFORE, ECI, LLC respectfully requests that this Honorable Court approve the disposition of the equipment to ECI, LLC free and clear of all liens, encumbrances, and other interests.

Respectfully,

Dated: _9-9-2016_

_____
Robert J. Birch, Esquire
Attorney for ECI, LLC

## CERTIFICATE OF SERVICE

I, Robert J. Birch, Esquire, hereby certify that on this 9th day of September, 2016, I

served a true and correct copy of the Motion to Approve Disposition of Abandoned Equipment

Via ECF to the following:

Edward J. DiDonato, Esquire
Fox Rothschild, LLP
2000 Market St.
20th Floor
Philadelphia PA 19103-3222

Counsel to U.S. Trustee Terry Dershaw

And all counsel of record

_____
ROBERT J. BIRCH, ESQUIRE

1

# EXHIBIT A

# EXHIBIT A

Bohmueller Law Offices, P C                    ATTORNEY FOR PLAINTIFF
By     Barry O Bohmueller
       Identification No 79901
29 Mainland Road—Mainland Village
Harleysville, PA 19438
(215) 256-6440

ECI, LLC                                       COURT OF COMMON PLEAS
                                               MONTGOMERY COUNTY, PA

         vs

CAMPISI CONSTRUCTION, INC et al

                                       NO 2011-12517

## ORDER

AND NOW, this ___23rd___ day of ___December___, 20 ___11___ upon stipulation of all

parties dismissing all claims, it is hereby ORDERED as follows

1)      This matter shall be submitted to David M Clement, Esquire, 55 Simpson Avenue,

Pitman NJ for **binding** arbitration within 75 (seventy-five) days of the date of this Order

2       The Plaintiffs agree to discontinue the action against Campisi Construction, Inc and

Anthony G Campisi, pursuant to Pa R C P 229



2011-12517-0008
12/28/2011 8 55 17 AM
Order
Receipt # / 1405553        1 cc        $0 00
Mark Levy - Montgomery County Prothonotary

3    The case shall not be placed on the trial list pending resolution by David M De Clement,

Esquire

4    At the conclusion of the matter pending before David M Clement, Esquire, the Plaintiff

will file the appropriate praecipe to dismiss this matter with prejudice

cc. Barry O. Bohmueller, Esq.

# EXHIBIT B

# DAVID M. DeCLEMENT, ESQUIRE
## ATTORNEY AT LAW

55 Simpson Avenue · P.O. Box 217
Pitman, New Jersey 08071

(856) 582-6242 ·Fax (856) 582-6544
Email: DMDeClement@aol.com

September 12, 2012

Michael J. Hawley, Esq.
Mandracchia & McWhirk, LLC
2024 Cressman Road
PO Box 1229
Skippack, PA 19474

David A. Peckman, Esq.
600 W. Germantown Pike
Suite 400
Plymouth Meeting, PA 19462

**RE:    ECI, LLC v CAMPISI CONSTRUCTION INC. et al**
         **Court of Common Pleas, Montgomery, PA No.: 2011 – 12517**

Dear Counsel,

In conformity with the Order of the Court, please find my decision as to the subject matter below.

## PROCEDURAL HISTORY

The matter before me originates as ECI, LLC v. Campisi Construction, Inc. et al, Court of Common Pleas, Montgomery County, PA, No. 2011-12517. The parties having decided to proceed to binding arbitration by virtue of a Consent Order.

The parties had completed discovery prior to engaging in arbitration. Both parties submitted arbitration briefs addressing the facts and law. Both parties were represented by counsel and provided testimony.

September 12, 2012
Page 2

## FINDINGS

It is clear that both parties concede there was a long-term business relationship between the parties. It spanned years and encompassed multiple projects and a variety of services. It is also undisputed by the parties that the large majority of activities were based on oral agreements.

Plaintiff makes several requests for judgment:

1. Monetary compensation for defendant's breach of contract

2. Judgment under the Contractor and Subcontractor Payment Act of 1994.

3. Attorneys fees.

## DECISION

It is clear that the parties embarked on course of dealings for many years for which encompassed a broad range of business arrangements. There was an informal arrangement based on ECI's proposals, none of which were signed by Campisi. Purchase Orders were sometimes issued by Campisi and verbal communications embodied the some of the agreements.

The Complaint seeks to consider each contract as if it were one package and as if the breach of the first contract was at triggering event to ongoing damages. I disagree. There were clearly accommodations made by both parties as to their obligations and conduct and it is clear each contract was for a discrete location or task to be performed but performed as one relationship. However, due to the diversity of conduct between the parties and diversity of contractual relationships between the parties, I am compelled to separate each even as

September 12, 2012
Page 3

enumerated by ECI on its own merits.  In light of the above, however, I will first address the

Pennsylvanian Contract and Sub-Contractor Act of 1994.

This act seeks to cure abuses by general contractors against sub-contractors due to

non-payment and resolve the unfair and sometimes predatory nature of the contractor/sub-

contractor relationship.

The relationship between the two parties in this matter is not within the scope of the

Act. After an exhaustive reading of the case law and statutory material concerning the Act,

the relationship between these parties was far from predatory and far from a typical contract

relationship. While the matter of "credits" between the parties is not before me it is

germaine to the conduct between the parties and application of a standard of oppression

under the Act. I find these accommodations and the succession of contracts warrant a

finding for Campisi in this issue.

Additionally, ECI does not have the right to credit accounts as it sees fit.

Understandably, Campisi made matters impossible to do otherwise due to their lack of

responsiveness but David Spause of ECI admitted it was he for whom set out which

payment went with which contract for services. The continued course of dealing over the

years through multiple contracts and the contracts are not specific as to scope and

acceptance of tasks. As such, there is no case law which supports that Defendant violated

the Act and its penalty provisions applicable here.

September 12, 2012
Page 4

I do find that each contract or business experience between the parties which was a part of a greater course of dealing must be analyzed to obtain a fair and equitable resolution for the parties.

Downingtown Sunoco. Claim $46,317.34 by ECI admitted deficiency by Campisi of $19,910.49. Based on both the documents in evidence and the testimony by the parties, there was admittedly substantial funds due from Campisi to ECI. While in both the Downingtown Sunoco and Line Lexington Sunoco both contained two party checks and lien releases. I am awarding full $46,317.34 to ECI due to the date of the invoice predates substantially the release and two party check.

Both parties were/are experienced in the trade and practices of the gasoline station construction trade. Both parties were fully aware that at execution of the two party check by Sunoco would result in no further funds paid by Sunoco, however, in the Downingtown matter there was no doubt that Campisi had sufficient notice as to ECI's claim of funds due. In Line Lexington, ECI does not even present the invoice until after the release of lien and the two party check is executed by Spause.. I cannot ignore Mr. Campisi's admission that ECI is owed by his records of $12,811.03 to ECI nor can I reconcile the purchase order submitted by ECI to Campisi in which Campisi knew the expected total for which he only remitted $18,000 thus $44,338.54 is owed to ECI.

Richboro Sunoco. I find that ECI was paid in full and that there was an accommodation between the parties as to this site.

09/12/2012 16:11 FAX   8565826544                                        ☑0006/0007

September 12, 2012
Page 5

Luke Paoli Pike. I again find ECI accepted an accommodation in this matter and the payment was made in satisfaction of ECI. There appears to have been, as in many cases, no complete meeting of the minds. Mr. Spause on behalf of ECI failed to obtain mutual assent. Rather, ECI believed (to its detriment) that Campisi knew his "rate," however, ECI presents no proof of Campisi's assent. This claim which is not fortified by prior contracts as set forth by ECI as prior purchase orders were lump sum jobs and not time and materials. As such, there are no funds due.

Pennridge South Middle School. The proof provided clearly shows that there was a change order in this matter and there seems to not have been a meeting of the minds. Campisi's testimony and proofs are sufficient to show there was no money owed on this account.

Barry Applebaum. This claim by ECI fails as there was no showing of a contract between the parties nor was there even an oral agreement to involve Campisi. Based on the parties testimony, the facts support Campisi gave ECI a referral for another customer.

Doylestown Lukoil. I accept Mr. Campisi's explanation and as per his analysis, award $5,155 to ECI as this is the amount omitted by Campisi to be owed to ECI.

Willow Grove Lukoil. Again, I accept Mr. Campisi's representation that on Invoice #1205 the amount of $5,427.50 is due.

September 12, 2012
Page 6

Snow Plowing.  I accept Mr. Campisi's assertion that no moneys are due.  Clearly neither party assented into mutual accord.  ECI maintains Campisis was given a break to $70/hr but provide no proof as to an agreed rate at any amount.  The assertion of a "rate" acknowledged by Campisi is simply not supported as set forth infra.

Costco Limerick.  This matter again as above fails to be supported by evidence that there was mutual assent to any fee or payment mechanism.

## CONCLUSION

In conclusion, the total due ECI by Campisi Construction and guaranteed by Mr. Anthony Campisi, individually, in regards to the claims decided herein is $101,238.38 with interest.  A calculation of interest must be made individually for each award for ECI.

Very truly yours,

DAVID M. DeCLEMENT, ESQUIRE

DMD/cme

EXHIBIT C

EXHIBIT C

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

### CIVIL ACTION - LAW

Bohmueller Law Offices, P.C.
By:    Barry O. Bohmueller
        Identification No. 79901
29 Mainland Road–Mainland Village
Harleysville, PA 19438
(215) 256-6440

Attorney for Petitioner
ECI, LLC

---

ECI, LLC

        Plaintiff

    v.

CAMPISI CONSTRUCTION, INC.

      **and**

ANTHONY G. CAMPISI

      Defendants

:
:
:
:
:
:
:
:
:
:
:
:
:

COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PA

NO. 2011-12517

ARBITRATION AWARD



2011-12517-0013        FilingID:   9411441
8/14/2013 2:43:12 PM
Order
Receipt # Z1895438    Fee   $0.00
Mark Levy - MontCo Prothonotary

---

### ORDER

AND NOW, this _13th_ day of _Aug_, 2013, upon consideration of the

**PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT**, and

any Answer thereto, it is hereby **ORDERED, ADJUDGED and DECREED** that the Arbitration

Award entered on September 12, 2102, by the Arbitrator David M. DeClement, Esquire, is

hereby **CONFIRMED**, and the Prothonotary is hereby directed to **ENTER A MONEY**

**JUDGMENT** in favor of Petitioner ECI, LLC and against Respondents **CAMPISI**

**CONSTRUCTION, INC. and ANTHONY G. CAMPISI (personally)**, jointly and severally,

in the amount of $174,047.35 as of May 31, 2013, plus $52.71 in interest for each day through

the date of entry of judgment.

cc: B. Bohmueller, Esq.
Counsel for moving party is responsible
to serve counsel for all other parties and
all unrepresented parties with a copy of
this order and shall file a certificate of
service with the Prothonotary.

BY THE COURT:

_Braxton_

                  J.

# EXHIBIT D

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY,
PENNSYLVANIA
CIVIL DIVISION

ECI, LLC                              :
                                      :
        v.                            :        NO. 2011-12517
                                      :
CAMPISI CONSTRUCTION, INC., et al.:

## O R D E R

AND NOW this *17th* day of March, 2014, upon consideration of

Plaintiff's Motion for Reconsideration filed February 28, 2014, this Court

hereby **ORDERS** and **DECREES** that Plaintiff's Motion is **GRANTED**

Accordingly, the judgment entered on August 19, 2013 shall remain in full

force and effect.

A judgment will be opened where the petition to open a judgment is

promptly filed, the failure to appear or file a timely answer must be

excused, and the party seeking to open the judgment must show a

meritorious defense. *Kophazy v. Kophazy*, 421 A.2d 246 (Pa. Super. 1980).

Here, Defendants' Petition to Open was filed on September 12, 2013 which

was approximately one month after judgment was entered against

Defendants on August 19, 2013. However, Defendants failed to file a timely

answer to Plaintiff's Petition to Confirm the parties' arbitration award filed

on July 1, 2013 which is not excused since Defendant admitted in his

deposition testimony to having knowledge and notice of Plaintiff's Petition

to Confirm by looking at the county dockets. Further, according to a letter

dated July 15, 2013 from Defendants' counsel Michael Hawley, Esq.,

Defendants were given a copy of Plaintiff's Petition to Confirm

approximately fourteen (14) days after said Petition was filed. Lastly,

Defendants have no meritorious defense since Defendants received notice

of the arbitration award dated September 12, 2012 through counsel of

record who did not object on Defendants' behalf to the release of the arbitration award. Further, Defendants did not timely appeal the award within thirty (30) days after its release on September 12, 2012. *See Riley v. Farmers Fire Insurance Company*, 735 A.2d 124 (Pa. Super. 1999); *Lowther v. Roxborough Memorial Hospital*, 738 A.2d 480 (Pa. Super. 1999). Therefore, Defendants' Motion for leave to Respond to Plaintiff's Requests for Admissions is **DENIED.**

**BY THE COURT:**

_____

**GARRETT. D. PAGE, J.**

Copies sent on 3/7/14 to:
**By First-Class Mail:**
Adam Sager, Esquire
David Peckman, Esquire
Barry O. Bohmueller, Esquire
**By Inter-Office Mail:**
Jackie McAllister, Court Administration

Judicial Secretary

2

# EXHIBIT E

OMB No. 2126-0013

U.S. Department of Transportation
Federal Motor Carrier
Safety Administration

# MOTOR CARRIER IDENTIFICATION REPORT
## (Application for U.S. DOT NUMBER)

**REASON FOR FILING**    (Check Only One)

☐ NEW APPLICATION    ☒ BIENNIAL UPDATE OR CHANGES    ☐ OUT OF BUSINESS NOTIFICATION    ☐ REAPPLICATION (AFTER REVOCATION OF NEW ENTRANT)

| 1. NAME OF MOTOR CARRIER | 2. TRADE OR D.B.A. (DOING BUSINESS AS) NAME |
|---|---|
| CAMPISI CONSTRUCTION INC | TS ENVIRONMENTAL CONTRACTORS INC |

| 3. PRINCIPAL ADDRESS | 4. CITY | 5. STATE/PROVINCE | 6. ZIP CODE + 4 | 7. COLONIA (MEXICO ONLY) |
|---|---|---|---|---|
| 2106 BUSTARD ROAD | LANSDALE | PENNSYLVANIA | 19446 | |

| 8. MAILING ADDRESS | 9. CITY | 10. STATE/PROVINCE | 11. ZIP CODE+4 | 12. COLONIA (MEXICO ONLY) |
|---|---|---|---|---|
| 2106 BUSTARD ROAD | LANSDALE | PENNSYLVANIA | 19446 | |

| 13. PRINCIPAL BUSINESS PHONE NUMBER | 14. PRINCIPAL CONTACT CELL PHONE NUMBER | 15. PRINCIPAL BUSINESS FAX NUMBER |
|---|---|---|
| (610) 222-4904 | | (610) 222-4905 |

| 16. USDOT NO. | 17. MC OR MX NO. | 18. DUN & BRADSTREET NO. | 19. IRS/TAX ID NO. |
|---|---|---|---|
| 1098505 | | | EIN# 232834588    SSN# |

| 20. INTERNET E-MAIL ADDRESS | 21. CARRIER MILEAGE (to nearest 10,000 miles for Last Calendar Year)    YEAR |
|---|---|
| TCAMPISI@CAMPISICONSTRUCTION.COM | 32500    2013 |

**22. COMPANY OPERATION**    (Mark all that apply)

(A) Interstate Carrier    B. Intrastate Hazmat Carrier    C. Intrastate Non-Hazmat Carrier    D. Interstate Hazmat Shipper    E. Intrastate Hazmat Shipper    F. Vehicle Registrant Only

**23. OPERATION CLASSIFICATION**    (Circle All that Apply)

A. Authorized For-Hire
B. Exempt For-Hire
(C) Private Property
D. Private Passengers (Business)
E. Private Passengers (Non-Business)
F. Migrant
G. U. S. Mail
H. Federal Government
I. State Government
J. Local Government
K. Indian Tribe
L. Other

**24. CARGO CLASSIFICATIONS**    (Circle All that Apply)

A. GENERAL FREIGHT
B. HOUSEHOLD GOODS
C. METAL: SHEETS; COILS; ROLLS
D. MOTOR VEHICLES
E. DRIVE AWAY/TOWAWAY
F. LOGS, POLES, BEAMS, LUMBER
(G) BUILDING MATERIALS
H. MOBILE HOMES
I. MACHINERY, LARGE OBJECTS
J. FRESH PRODUCE
K. LIQUIDS/GASES
L. INTERMODAL CONT.
M. PASSENGERS
N. OIL FIELD EQUIPMENT
O. LIVESTOCK
P. GRAIN, FEED, HAY
Q. COAL/COKE
R. MEAT
S. GARBAGE, REFUSE, TRASH
T. U.S. MAIL
U. CHEMICALS
V. COMMODITIES DRY BULK
W. REFRIGERATED FOOD
X. BEVERAGES
Y. PAPER PRODUCTS
Z. UTILITY
AA. FARM SUPPLIES
(BB) CONSTRUCTION
CC. WATER WELL
DD. OTHER

**25. HAZARDOUS MATERIALS CARRIED OR SHIPPED** (Circle All that Apply)    C-CARRIED   S-SHIPPED   B(BULK) - IN CARGO TANKS   NB(NON-BULK) - IN PACKAGE

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| C | S | A. DIV 1.1 | B NB | C | S | K. DIV 2.2A (Ammonia) | B NB | C | S | U. DIV 4.2 | B NB | C | S | EE. HRCQ | B NB |
| C | S | B. DIV 1.2 | B NB | C | S | L. DIV 2.3A | B NB | C | S | V. DIV 4.3 | B NB | C | S | FF. CLASS 8 | B NB |
| C | S | C. DIV 1.3 | B NB | C | S | M. DIV 2.3B | B NB | C | S | W. DIV 5.1 | B NB | C | S | GG. CLASS 8A | B NB |
| C | S | D. DIV 1.4 | B NB | C | S | N. DIV 2.3C | B NB | C | S | X. DIV 5.2 | B NB | C | S | HH. CLASS 8B | B NB |
| C | S | E. DIV 1.5 | B NB | C | S | O. DIV 2.3D | B NB | C | S | Y. DIV 6.2 | B NB | C | S | II. CLASS 9 | B NB |
| C | S | F. DIV 1.6 | B NB | C | S | P. Class 3 | B NB | C | S | Z. DIV 6.1A | B NB | C | S | JJ. ELEVATED TEMP MAT. | B NB |
| C | S | G. DIV 2.1 | B NB | C | S | Q. Class 3A | B NB | C | S | AA. DIV 6.1B | B NB | C | S | KK. INFECTIOUS WASTE | B NB |
| C | S | H. DIV 2.1 LPG | B NB | C | S | R. Class 3B | B NB | C | S | BB. DIV 6.1 Poison | B NB | C | S | LL. MARINE POLLUTANTS | B NB |
| C | S | I. DIV 2.1 (Methane) | B NB | C | S | S. COM LIQ | B NB | C | S | CC. DIV 6.1 SOLID | B NB | C | S | MM. HAZARDOUS SUB(RQ) | B NB |
| C | S | J. DIV 2.2 | B NB | C | S | T. DIV 4.1 | B NB | C | S | DD. CLASS 7 | B NB | C | S | NN. HAZARDOUS WASTE | B NB |
| | | | | | | | | | | | | C | S | OO. ORM | B NB |

**26. NUMBER OF VEHICLES THAT CAN BE OPERATED IN THE U.S.**

| | Straight Trucks | Truck Tractors | Trailers | Hazmat Cargo Tank Trucks | Hazmat Cargo Tank Trailers | Motor Coach | School Bus | | | Mini-bus | Van | | Limousine | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | 1-8 | 9-15 | 16+ | 16+ | 1-8 | 9-15 | 1-8 | 9-15 | 16+ |
| OWNED | 6 | | 1 | | | | | | | | | | | | |
| TERM LEASED | | | | | | | | | | | | | | | |
| TRIP LEASED | | | | | | | | | | | | | | | |

(header note: Number of vehicles carrying number of passengers (including the driver) below)

| 27. DRIVER INFORMATION | INTERSTATE | INTRASTATE | TOTAL DRIVERS | TOTAL CDL DRIVERS |
|---|---|---|---|---|
| Within 100-Mile Radius | 3 | | 3 | 0 |
| Beyond 100-Mile Radius | | | | |

**28. IS YOUR U.S. DOT NUMBER REGISTRATION CURRENTLY REVOKED BY THE FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION?**    Yes ____    No X

If Yes, enter your U.S. DOT Number.

**29. PLEASE ENTER NAME(S) OF SOLE PROPRIETOR(S), OFFICERS OR PARTNERS AND TITLES (e.g. PRESIDENT, TREASURER, GENERAL PARTNER, LIMITED PARTNER)**

1. ANTHONY CAMPISI, PRESIDENT          2. _____
(Please print Name)                          (Please print Name)

**30. CERTIFICATION STATEMENT (to be completed by an authorized official)**

I, ANTHONY G. CAMPISI , certify that I am familiar with the Federal Motor Carrier Safety Regulations and/or Federal Hazardous Materials Regulations.
(Please print Name)    Under penalties of perjury, I declare that the information entered on this report is, to the best of my knowledge and belief, true, correct, and complete.

Signature ANTHONY G. CAMPISI        Date 03/25/2014        Title PRESIDENT
(Please print)

Form MCS-150 (Rev. 3-24-2005)                                    Expiration Date: 07/31/2012

EXHIBIT F

EXHIBIT F

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 7
:
CAMPISI CONSTRUCTION, INC. :
:
DEBTOR : BKY. NO. 14-12458JKF

### MOTION FOR ORDER AUTHORIZING THE TRUSTEE'S ABANDONMENT OF PROPERTY OF THE DEBTOR'S ESTATE PURSUANT TO 11 U.S.C. § 554(a) AND FED. R. BANKR. P. 6007

Terry P. Dershaw, Esquire ("Trustee"), the Chapter 7 Trustee for the Estate of Campisi Construction, Inc. ("Debtor"), by and through his counsel, Fox Rothschild LLP, respectfully requests the entry of an Order authorizing the abandonment of certain property of the Estate that is burdensome and/or of inconsequential value and/or benefit to the Estate pursuant to 11 U.S.C. §554(a) and Fed. R. Bankr. P. 6007 and, in support thereof, states as follows:

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

2.      Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

3.      The statutory predicate for the relief sought herein is 11 U.S.C. §554 and Rule 6007 of the Federal Rules of Bankruptcy Procedure.

4.      On March 31, 2014, the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania, which was converted to chapter 7 on June 24, 2015.

5.      Thereafter, the Office of the United States Trustee appointed the Trustee in this case, which appointment remains in effect.

ACTIVE 39539029v2 03/29/2016

6.      The Trustee asked Barry S. Slosberg, Inc. auctioneers to inspect the vehicles, equipment and other hard assets listed on the Debtor's Schedules, attached hereto as Exhibit "A" ("Property"), regarding a potential sale.

7.      The Property is presently located on Bustard Road in Lansdale, PA. A creditor of the Debtor has filed a UCC-1 financing statement alleging a security interest on these assets. Only recently, the Court has determined that the UCC-1 was invalid, and that there were no liens on this Property. Even if the Property is free and clear of liens, the Trustee respectfully submits that there is little or no value for the Bankruptcy Estate.

8.      The auctioneer determined that, after costs and expenses were paid from the advertising and marketing of a sale, there would be little or nothing for the benefit of the Estate.

9.      The Trustee has also considered the legal fees and costs associated with a sale, as well as a possible rent claim and, in his business judgment, has decided to abandon the assets.

10.      By this Motion, the Trustee is seeking the Court's authorization to abandon the Property, effective as of the date of the filing of the Motion.

11.      Pursuant to §554(a) of the Bankruptcy Code, the Trustee, after notice and a hearing, may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. See 11 U.S.C. §554(a).

12.      Accordingly, the Trustee submits that the abandonment of the Property is appropriate pursuant to §554 of the Bankruptcy Code.

13.      Pursuant to Bankruptcy Rule 6007(a), the Trustee is obligated to give notice to all creditors and to the Office of the United States Trustee of his intent to abandon property. Fed. R. Bankr. P. 6007(a). If a party seeks to object to the abandonment, it must do so within fourteen (14) days of the mailing of the Trustee's notice of proposed abandonment of property of the estate or within the time fixed by the Court. Id.

14.     Simultaneously with the filing of this Motion, the Trustee has served, on all

creditors and the Office of the United States Trustee, notice of his intent to abandon the Property.

15.     The Trustee respectfully requests, if there are no objections to the Motion, that

this Court enter the Order submitted herewith authorizing the Trustee to abandon the Property.

WHEREFORE, the Trustee prays for the entry of the attached proposed form of Order

authorizing the Trustee to abandon the Property herein, and for such other and further relief as is

just.

FOX ROTHSCHILD LLP


/s/  Edward J. DiDonato
Edward J. DiDonato
2000 Market Street, 20th Fl.
Philadelphia, PA  19103
edidonato@foxrothschild.com
Counsel to Trustee

EXHIBIT G

EXHIBIT G

COMMONWEALTH OF PENNSYLVANIA

DEPARTMENT OF STATE

08/23/2016

TO ALL WHOM THESE PRESENTS SHALL COME, GREETING:

Campisi Construction, Inc.

I, Pedro A. Cortés , Secretary of the Commonwealth of Pennsylvania do hereby certify that the
foregoing and annexed is a true and correct photocopy of Uniform Commerical Code financing
statement 2016061800034 and all attachments which appear of record in this department.



IN TESTIMONY WHEREOF, I have hereunto set
my hand and caused the Seal of the Secretary's
Office to be affixed, the day and year above written

Pedro A. Cortés

Secretary of the Commonwealth

Certification Number: TSC160823231732-1

Verify this certificate online at http://www.corporations.pa.gov/orders/verify.aspx

Filling# : 2016061800034
Date Filed : 06/18/2016
Pedro A. Cortés
Secretary of the Commonwealth

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER(Optional)**
David Spause-215-852-8370

**B. E-MAIL CONTACT AT FILER(optional)**
dspause@comcast.net

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**
David Spause
240 Farmview Drive
Harleysville
PA
19438

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide the exact ,full Debtor name.Do not omit,modify or abbreviate any part of Debtor's name.

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Campisi Construction, Inc. | | | | |

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
|---|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 10 Sentry Parkway Suite 200 | Blue Bell | PA | 19422-3001 | United States |

**2. DEBTOR'S NAME:** Provide the exact, full Debtor name. Do not omit , modify, or abbreviate any part of the Debtor's name.

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
|---|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

**3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY):** Provide only one Secured Party name (3a or 3b).

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| ECI, LLC | | | | |

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
|---|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 240 Farmview Drive | Harleysville | PA | 19438 | United States |

**4. COLLATERAL:** This financing statement covers the following collateral:

1994 FORD VIN# 1FDLF47G2REA43921 - 1998 FORD F450 VIN# 3FDXF46FXMA37907 - 2002 FORD E350 VIN# 1FDWE35L52HA01483 - 2003 FORD F150 VIN# 1FTRF18243NA09034 - 2003 FORD F250 VIN# 1FDNF21L23EB98205 - 2001 FORD F250 VIN# 1FTNW21S21EB21360 - 2004 JAGUAR VIN# SAJWA74C44SG24888 - 2002 FORD ECONOLINE VIN# 1FTNE24L12HB29327 - 1998 FEATHERLITE TRAILER VIN# 4FGL01226WE510909 - 2002 70XT CASE SKID STEER LOADER SERIAL# JAF0371549 - 1990 CLASE SKIDSTEER LOADER SERIAL# JAF0045518 - 1994 JOHN DEERE BACKHOE LOADER SERIAL# T0310DB799984 - 2005 JOHN DEERE BACKHOE LOADER SERIAL# T0310SG948133 - 2002 KOMATSU EXCAVATOR PC200 SERIAL# 106880 - 2000 KOMATSU EXCAVATOR PC128 SERIAL# 5871 - BOBCAT MINI EXCAVATOR - INGERSOLL-RAND COMPRESSOR - 2006 KOMATSU CRAWLER/DOZER MODEL# D31EX-21 SERIAL# 50119 - SOKKIA LASER SCT6 SERIAL# 202152 - 3 OFFICE COMPUTERS - LAPTOP - BLUE PRINT COPIER GESTETENER 045 -

**5.** Check only if applicable and check only one box:Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

**7.** ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

**8.** OPTIONAL FILER REFERENCE DATA:

International Association of Commercial Administrators(IACA)

**FILING OFFICE COPY —** UCC FINANCING STATEMENT (Form UCC1) (Rev. 07/19/12)

EXHIBIT H

**EXHIBIT H**

Case 14-12458-jkf   Doc 519-1   Filed 04/05/16   Entered 04/05/16 09:30:37   Desc
Exhibit A   Page 2 of 2
Case 14-12458-jkf   Doc 33   Filed 04/14/14   Entered 04/14/14 18:22:58   Desc Main
Document      Page 5 of 5
Schedule of Assets with Values

| ASSET | TRADE IN VALUE |
| --- | --- |
| 1994 Ford Vin# 1FDLF47G2REA43921 | $2,413.00 SEE EXHIBIT "A" |
| 1999 FORD F450 VIN# 3FDXF46FXMA37907 | $3,828.00 SEE EXHIBIT "B" |
| 2002 FORD E350 VIN# 1FDWE35L52HA01483 | $919.00 SEE EXHIBIT "C" |
| 2003 FORD F150 VIN# 1FTRF18243NA09034 | JUNK |
| 2003 FORD F250 VIN# 1FDNF21L23EB98205 | $3,084.00 SEE EXHIBIT "D" |
| 2001 FORD F250 VIN# 1FTNW21S21EB21360 | $7,534.00 SEE EXHIBIT "E" |
| 2004 JAGUAR VIN# SAJWA74C44SG24886 | $5,661.00 SEE EXHIBIT "F" |
| 2002 FORD ECONOLINE VIN# 1FTNE24L12HB29327 | $982.00 SEE EXHIBIT "G" |
| 1998 FEATHERLITE TRAILER VIN# 4FGL01226WE510909 | $500.00 |
| 2002 70XT CASE SKID STEER LOADER SERIAL #JAF 0371549, | $16,000.00 |
| 1990 CASE SKID STEER LOADER SERIAL #. JAF 0045518 | JUNK |
| 1994 JOHN DEERE BACKHO LOADER SERIAL #T0310DB799984 | $5,000.00 |
| 2005 JOHN DEERE BACKHO LOADER SERIAL#T0310SG948133 | $25,000.00 |
| 2002 KOMATSU EXCAVATOR PC200 SERIAL# 106860 | $34,000.00 |
| 2000 KOMATSU EXCAVATOR PC128 SERIAL# 5871 | $25,000.00 |
| BOBCAT MINI EXCAVATOR | $2,000.00 |
| INGERSOLL-RAND COMPRESSOR | $500.00 |
| 2006 KOMATSU CRAWLER/DOZER MODEL#D31EX-21 SERIAL# 50119 | $39,000.00 |
| SOKKIA LASER SCT6 SERIAL #202152 | $1,000.00 |
| 3 OFFICE COMPUTERS | |
| LAPTOP | |
| BLUE PRINT COPIER GESTETENER 045 | |
| MISC. OFFICE EQUIPMENT | |

CARTER WILLIAMSON and     : COURT OF COMMON PLEAS OF
ROBERT J. BIRCH,     : MONTGOMERY COUNTY, PA
                 :
       Plaintiffs,     :
         v.     : **No.  2014-26465**
OBADIAH ENGLISH et al     :
       Defendants.     : **JURY TRIAL DEMANDED**
                 :

## ORDER

        AND NOW, this_____ day of  September, 2016, it is hereby

ORDERED and DECREED that:

1. Plaintiff and Defendants shall exchange all outstanding discovery no later than

        _____.

2. Plaintiffs' expert reports are due by _____.

3. Defendants' expert reports are due by _____.

4. Any replies to the expert reports are due by _____.

5. All dispositive motions are due on or before _____.

6. If there are no dispositive motions, a Trial Praecipe shall be filed on or before

        _____.

## BY THE COURT:

                          _____

                                           J.

| | |
|---|---|
| CARTER WILLIAMSON and ROBERT J. BIRCH, | : COURT OF COMMON PLEAS OF : MONTGOMERY COUNTY, PA : |
| Plaintiffs, v. OBADIAH ENGLISH et al Defendants. | : **No.  2014-26465** : : **JURY TRIAL DEMANDED** : |

## <u>ORDER</u>

AND NOW, this_____ day of  September, 2016, it is hereby

ORDERED and DECREED that:

1. Plaintiff and Defendants shall exchange all outstanding discovery no later than _____.

2. Plaintiffs' expert reports are due by _____.

3. Defendants' expert reports are due by _____.

4. Any replies to the expert reports are due by _____.

5. All dispositive motions are due on or before _____.

6. If there are no dispositive motions, a Trial Praecipe shall be filed on or before _____.

**BY THE COURT:**

_____
                                                    J.

| | |
|---|---|
| CARTER WILLIAMSON and ROBERT J. BIRCH, | : COURT OF COMMON PLEAS OF : MONTGOMERY COUNTY, PA |
| Plaintiffs, v. OBADIAH ENGLISH et al Defendants. | : : **No.  2014-26465** : **JURY TRIAL DEMANDED** |

## ORDER

AND NOW, this_____ day of  September, 2016, it is hereby

ORDERED and DECREED that:

1.  Plaintiff and Defendants shall exchange all outstanding discovery no later than

    _____.

2.  Plaintiffs' expert reports are due by _____.

3.  Defendants' expert reports are due by _____.

4.  Any replies to the expert reports are due by _____.

5.  All dispositive motions are due on or before _____.

6.  If there are no dispositive motions, a Trial Praecipe shall be filed on or before

    _____.

**BY THE COURT:**

_____
                                                              J.

1