**NAHRGANG & ASSOCIATES, P.C.**
**BY:  MATTHEW R. NAHRGANG, ESQUIRE**
**ATTY. I.D.:  60051**
**35 Evansburg Road**
**Collegeville, PA 19426**
**(610)489-3041**
**E-Mail mnahrgang@verizon.net**
_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| IN RE: CAMPISI CONSTRUCTION, INC. | : | CHAPTER 7 |
| DEBTOR | : | |
|  | : | NO. 14-12458 |

**ANTHONY CAMPISI'S RESPONSE TO ECI MOTION**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied and strict proof is demanded.

7. Admitted.

8. Admitted.

9. Denied.  Debtor filed a Petition to Open the Judgment and appealed an adverse decision on that Petition.

10. Admitted.

11. Admitted.

12. Denied.  It is denied that any false allegations were made by Debtor or Respondent herein.

13. Denied as the Order speaks for itself.

14. Admitted.

15. Denied.  It is specifically denied that respondent on behalf of himself or any entity, prepared and/or filed the

purported document which is attached to the Motion as Exhibit "E". To the contrary, Respondent believes, and therefore avers, that the sole purpose of this motion is to seek an order granting a motion containing false statements so that Movant can use such alleged findings for preclusive effect in state court. By way of further answer, attached as Exhibit "A" is a sample document prepared by Respondent for the sole purpose of showing how easy it was for Movant, its principal, and its counsel, to submit false documents to this Honorable Court. Respondent respectfully submits that Movant be made to prove the genuineness of Exhibit "E". Respondent believes Movant will not be able to prove the same and Movant should be sanctioned for making false statements to this Honorable Court.

16. Denied as a conclusion of law and for the reasons stated in number 15.

17. Admitted in part and denied in part. To the extent this allegation asserts Respondent operated the Debtor until an Order was entered converting the case to Chapter 7, the same is admitted. Any averment regarding "forcibly" taking action is denied.

18. Denied as the Order speaks for itself.

19. Denied as a conclusion of law and because this is not addressed to Respondent. By way of further answer, it is denied that TS filed a UCC with this court as there is no procedure, nor legal reason, for doing so.

20. Denied as a conclusion of law.

21. Admitted.

22. Admitted.

23. Denied. It is denied that ECI secured the permission of the Trustee regarding abandoned assets as no permission was necessary, nor given.

24. Denied as a conclusion of law.

25. Denied as a conclusion of law, because there was only one writ, not the plural "writs", and because the docket reflects a writ was reissued.

26. Denied as a conclusion of law. By way of further answer, while the Montco docket reflects service of the writ upon the Trustee's counsel, the same was not service upon the Debtor, as the trustee ceased to have any jurisdiction over the abandoned assets, effective April 5, 2016.

27. Denied. The Montco docket expressly reflects that service was not made upon the Debtor or Respondent.

28. Admitted in part and denied in part. It is admitted that a document was filed as alleged. The balance of the averment is denied as a conclusion of law.

29. Denied. It is specifically denied that the trustee permitted anything as he had no authority to permit anything regarding the abandoned equipment.

30. Denied as a conclusion of law.

31. Denied as a conclusion of law.

32. Denied as a conclusion of law.

33. Denied as a conclusion of law.

34. Denied as a conclusion of law.

35. Denied as a conclusion of law.

36. Denied as a conclusion of law.

37. Denied. It is specifically denied that this court established a value for the assets. To the contrary, the only valuation regarding the assets was the Debtor's schedules and the Trustee's auctioneer's opinion which was not made public, neither of which constitute a final determination of value, certainly not by this court as alleged. It is denied that the trustee consented or had the authority to consent and the balance of the averment is denied as a conclusion of law.

38. Denied as a conclusion of law. By way of further answer, there as never been an action to pierce the corporate veil of TS and the same never occurred pursuant to well established Pennsylvania law.

39. Denied as a conclusion of law.

40. Denied. It is specifically denied that this court determined the value of the assets, or that they were actually appraised and strict proof is demanded. It is denied that the assets were abandoned based on any specific dollar value. To the contrary, the Motion to Abandon mentions no specific value and merely asserts that assets are not of sufficient value to the estate to incur future administrative expenses.

41. Denied as respondent is without knowledge or information sufficient to form a belief as to the truth of the averment.

WHEREFORE, Respondent respectfully requests that this Court

enter an Order denying the Motion.

## NEW MATTER

42. Prior paragraphs are incorporated by reference.

43. Respondent respectfully submits there is no legal basis for this Motion and that the same was filed in bad faith. It contains several false statements and, Respondent believes, was filed solely with the intention of obtaining an Order which could have preclusive effect regarding the assets' value and the corporate status of TS. As evidence that the instant pleading is merely a ploy to use the bankruptcy court to obtain preclusive effect in state court, attached as Exhibit "B" is a similar pleading filed by Movant in state court which was withdrawn prior to the instant motion. Accordingly, Respondent respectfully submits this honorable Court should consider sanctions against Movant and its counsel under, inter alia, Rule 9011.

WHEREFORE, Respondent respectfully requests that this Court enter an Order denying the Motion and imposing sanctions on Movant and its counsel.

Respectfully submitted,
/s/ *Matthew R. Nahrgang*
_____
Matthew R. Nahrgang
Attorney for Respondent,
Anthony G. Campisi