Robert J. Birch, Esquire
Id. No. 65816
617 Swede Street
Norristown, PA 19401
(610) 277-9700

Attorney for Plaintiff

2011-12517-0152  8/12/2016 9:04 AM  ± 10915176
Motion
Rcpt=Z2835169 Fee:$0.00
Mark Levy - MontCo Prothonotary

ECI, LLC
  Plaintiff

v.

CAMPISI CONSTRUCTION, INC. ET. AL
  Defendant

: COURT OF COMMON PLEAS OF
: MONTGOMERY COUNTY
:
: NO.  2011-12517
:
JURY TRIAL DEMANDED

## ECI, LLC'S EMERGENCY MOTION TO FIX VALUE AND DETERMINE RIGHTS IN THE COLLATERAL UNDER THE PENNSYLVANIA UCC

Plaintiff, ECI, LLC ("ECI"), by and through its undersigned counsel, and files the within Emergency Motion, and avers as follows:

1.  Plaintiff, ECI, LLC ("ECI" or "Plaintiff"), is a Pennsylvania limited liability company located at 240 Farmview Drive, Harleysville, PA 19438.

2.  Defendant, Campisi Construction, Inc. ("CCI"), is a Pennsylvania corporation located at 2106 Bustard Road, Lansdale, PA 19446.

3.  T. S. Environmental Contractors, Inc. ("TS"), is a Pennsylvania corporation located at 2106 Bustard Road, Lansdale, PA 19446.

4.  Plaintiff commenced a lawsuit on May 19, 2011, against ECI and Anthony G. Campisi ("Campisi") (collectively ECI and Campisi are referred to as the "Defendants"). The Complaint sought damages for breach of contract, unjust enrichment, and quantum meruit.

5.  By Order of Court dated December 28, 2011, the Parties participated in binding arbitration conducted by David M. DeClement, Esquire (the "Arbitrator") on June 1, 2012.  See



Exhibit **"A"**. The Arbitrator rendered his decision on September 12, 2012, in favor of ECI and against Defendants in the amount of $101,238.38, together with interest to be calculated.  See **Exhibit "B"**.

6.      Defendants received the arbitration decision on September 12, 2012, and did not appeal the decision.

7.      On July 1, 2013, Plaintiff filed a Petition to Confirm the arbitrator's award and service of the Rule was filed on July 22, 2013.

8.      On August 20, 2013, the Prothonotary entered judgment in favor of ECI and against Defendants, jointly and severally, in the amount of $174,047.35. See **Exhibit "C"**.

9.      The Defendants did not appeal this judgment within 30 days or at any time thereafter.

10.     When Plaintiff proceeded to collect on its judgment, CCI filed an Emergency Motion to Stay Execution Proceedings and Discovery In Aid of Execution on September 12, 2013.

11.     CCI also filed a Petition to Strike or Open the Judgment on September 12, 2013.

12.     CCI's Emergency Motion and the Petition to Open were based upon numerous falsified averments, most notably, that the Defendants lacked any notice of the Petition to Confirm the arbitration award.

13.     However, Judge Page denied the Petition to Open on March 7, 2014, and specifically found that Campisi "... admitted in his deposition testimony to having knowledge and notice of Plaintiff's Petition to Confirm..."[1] See **Exhibit "D"**.

---

[1] Judge Page's Order was appealed to the Pennsylvania Superior Court, and the appeal was dismissed.

[2] There is a typographical error in the Order to Abandon stating the date as the "3rd day of April, 2016.". The docket entry at the top of the Exhibit shows the correct date the order was entered on the docket as June 3, 2016.

14.     On March 31, 2014, Campisi then filed a voluntary petition for relief under Chapter 11 of the United States Code, 11 U.S.C. §101 *et seq.*. (the "Bankruptcy").

15.     However, on or about March 25, 2014, just six days prior to filing the Bankruptcy, Campisi, filed a MOTOR CARRIER IDENTIFICATION REPORT (a.k.a. MCS-150 form) ("the MCS-150 Form") where he claims, under the penalty of perjury, that Campisi Construction, Inc,. traded as/or was doing business as "TS Environmental Contractors, Inc." Attached as **Exhibit "E"** is the MCS-150 Form.

16.     Therefore, based on the Campisi's own sworn statements, CCI and TS are one and the same companies.

17.     Campisi continued to operate CCI and manage the property and assets up until the Bankruptcy Court, by Order dated June 24, 2015, forcibly converted his case to a Chapter 7 liquidation.   Upon conversion to Chapter 7, CCI ceased doing business and the only person who had authority to transact business on behalf of the corporation was the Chapter 7 Trustee.

18.     Prior to the Chapter 7 conversion, the Bankruptcy Court had granted the Debtor use of Cash Collateral by way of five cash collateral orders.  The Fifth and final approved Cash Collateral Order was granted on August 29, 2014 and found TS to be an "insider company". Once CCI filed the Bankruptcy, all property of CCI became property of the bankruptcy estate.

**The Abandonment of the Equipment**

19.     Assets owned by a corporation are not property of the debtor, but that of the corporation. *Kreisler v. Goldberg*, 478 F.3d209, 214 (4th Cir. 2007).  In bankruptcy, the trustee is the proper person to assert any claims, and the creditors are bound by the outcome of the trustee's action. See, e.g., *St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc.*, 884 F.2d 688, 701 (2d Cir.1989).

20.     On or about April 5, 2016, the Chapter 7 Trustee, Terry P. Dershaw, Esquire, filed

a Motion For Order Authorizing The Trustee's Abandonment Of Property Of The Debtor's

Estate Pursuant To 11 U.S.C. §554(a) and Fed. R. Bankr. P. 6007 (the "Motion to Abandon"),

The Motion to Abandon sought to abandon the Debtor's equipment as itemized in **Exhibit "F"**

attached (the "Equipment").

21.     The Motion to Abandon was uncontested and was granted by the Bankruptcy

Court on June 3, 2016.[2]  See **Exhibit "G"**.

22.     Once the Bankruptcy Court ordered the Equipment abandoned, the Equipment

reverted to the debtor, CCI.  The effect of abandonment has been explained as:

> Abandonment under Code § 554 removes property from the bankruptcy estate and
> returns the property to the debtor as though no bankruptcy occurred. Since "an
> order of abandonment acts only as an abandonment of the estate's interest in the
> property and not as an abandonment of the debtor's interest," the debtor's title to
> the abandoned property after abandonment is effective, nunc pro tunc, as of the
> date of the filing of t he petition

3 Norton Bankruptcy Law and Practice 2d, § 53. 1; at 53-2 to 53-4 (1997) (footnotes

omitted) (emphasis added); accord L. King, 5 Collier on Bankruptcy, ¶ 554.02[3], at

554-5 (15th ed. rev. 1998) (abandonment under section 554 is not a transfer of property

but simply " a divesture of all of the estate's interest in the property" ); *In re Dewsnup*,

908 F .2d 588, 590 (10th Cir . 1990) (" Property abandoned under this section ceases to

be part of the estate.... It reverts to the debtor and stands as if no bankruptcy petition

was filed" ), aff'd, 502 U. S. 410 (1992).

23.     After the Equipment reverted to CCI, Plaintiff secured the permission of the

Chapter 7 Trustee to file UCC-1 Financing Statement.  See **Exhibit "H"**.

---

[2] There is a typographical error in the Order to Abandon stating the date as the "3rd day of April, 2016.". The docket entry at the top of the Exhibit shows the correct date the order was entered on the docket as June 3, 2016.

24.     ECI had a secured interest in the Equipment at the time of the Abandonment Order's execution.

25.     On June 1, 2016, ECI delivered to the Montgomery County Sheriff's Writ of Execution, which was an Order to levy the Equipment.

26.     On June 2, 2016, the Sheriff made service upon CCI by serving the attorney for the Chapter 7 Trustee, Edward DiDonato, Esquire, of Fox Rothschild.

27.     On June 7, 2016 the Sheriff made service upon CCI at 2106 Bustard Road, Lansdale, PA.

28.     On June 18, 2016, ECI filed a UCC-1 Financing Statement with the Pennsylvania Department of the State taking a security interest in the Equipment.   Attached as **Exhibit "I"** is the UCC-1 Financing Statement.

29.     The Chapter 7 Trustee permitted ECI to peacefully collect and assemble the majority of the Equipment.   The list of Equipment that was collected by ECI is attached as Exhibit "J".   This Equipment is listed on the UCC-1 Financing Statement.

30.     On August 1, 2016 at 9:20 a.m., the Sheriff perfected the security interest of ECI by levying the Equipment.

31.     As a matter of law, ECI's security interest in the Equipment was perfected effective the time the Sheriff received the Writ Package, which was June 1, 2016.

32.     Thus, as of June 1, 2016, ECI perfected its security interest in the Equipment. As soon as a party holds a security interest (arising through attachment of collateral) and is named as a secured party in a financing statement covering the collateral, the interest is perfected and priority is established as of the original date of filing. 13 PA. C.S.A. §§ 9302, 9303(a), 9402(a) (1999).

33.     ECI also perfected its interest in the Equipment as it has possession of the Equipment. "A security interest in [collateral] may be perfected by the secured party's taking possession of the collateral." 13 PA. C.S.A.§ 9305. A financing statement need not be filed to perfect "a security interest in collateral in possession of the secured party under 13 PA. C.S.A. 930; §9302(l)(a).

34.     After CCI's default, 13 Pa. Cons. Stat. §§9601-9624, governs the rights of a secured party upon default by a debtor. Pursuant to 13 Pa. C.S.A. § 9609(a)-(b), "[a]fter default, a secured party . . . may take possession of the collateral . . . pursuant to judicial process; or . . without judicial process if it proceeds without breach of the peace."

35.     A secured party may sell, lease, license or otherwise dispose of any or all of the collateral in its present condition or following any commercially reasonable preparation or processing," so long as the disposition is "commercially reasonable." Id. § 9610(a)-(b)

36.     Further, ECI as the secured party may retain the collateral in total or partial satisfaction of its debt, 13 Pa. C.S.A. §§ 9620; 9622.

37.     The Bankruptcy Court has established the value of the Equipment at $15,000. ECI, with the Trustee's consent, perfected its interest at the time the Trustee abandoned the Equipment.

38.     Nothwithstanding the above, TS sued ECI and its member David J. Spause in Magisterial District Court for conversion.

39.     As a matter of law, TS is the alter ego of the CCI.

40.     TS could not have legally purchased the Equipment from the Debtor as the Trustee was the only person with authority to perform the transaction; therefore, TS has no

standing to make assertion as to any rights, let alone file any complaint in any venue as CCI is

represented by the Chapter 7 Trustee.

41.     ECI has a perfected security interest in the Equipment.

42.     The Bankruptcy Court entered an Order abandoning said equipment based on the

appraised value with no objection from any party.  The appraised value is $15,000, far less than

ECI 's judgment.

43.     TS's assertion of ownership interest in the Equipment is yet another vexatious and

bad faith action by Campisi. [3]

WHEREFORE, ECI, LLC, respectfully requests that this Honorable Court affirm that the

value of the Equipment is $15,000, and that title to the Equipment vests in ECI.

Respectfully,

Dated: ___8-11-2016___

Robert J. Birch, Esquire
Attorney for ECI, LLC

---

[3] CCI and its principal Anthony Campisi has initiated at least 18 legal actions either in State Court, Superior Court or Bankruptcy Court against either ECI, its principal Dave Spause and his wife, ECI's attorneys, and the arbitrator.  Notably, all actions have failed.

## **VERIFICATION**

I, David J. Spause, hereby state that the facts set forth in the foregoing Motion are true and correct to the best of my knowledge, information and belief. I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.


DATED:  <u>August 11, 2016</u>

David J. Spause

## CERTIFICATE OF SERVICE

I, Robert J. Birch, Esquire, hereby certify that on this 13th day of August, 2016, I served

Plaintiffs' Emergency Motion to Fix Value of Equipment to the following:

Anthony G. Campisi
2106 Bustard Road
Lansdale, PA 19446

Geri Gallagher, Esquire
621 DeKalb Street
Norristown, PA 19401

Adam Sager, Esquire
Sager & Sager
43 E High Street
Pottstown, PA 19464

_____
ROBERT J. BIRCH

3

# EXHIBIT A

# EXHIBIT A



2011-12517-0152   8/12/2016 9:04 AM   # 10915177
Motion
Rcpt#Z2835169  Fee:$0.00  Exhibit A
Mark Levy - MontCo Prothonotary

CH

Bohmueller Law Offices, P C                    ATTORNEY FOR PLAINTIFF
By     Barry O  Bohmueller
       Identification No  79901
29 Mainland Road—Mainland Village
Harleysville, PA 19438
(215) 256-6440

ECI, LLC                                COURT OF COMMON PLEAS
                                        MONTGOMERY COUNTY, PA

       vs

CAMPISI CONSTRUCTION. INC  et al

                              NO  2011-12517

## ORDER

AND NOW, this ___23rd___ day of ___December___, 20 __11__ upon stipulation of all

parties dismissing all claims, it is hereby ORDERED as follows

1)      This matter shall be submitted to David M  Clement. Esquire, 55 Simpson Avenue,

Pitman  NJ for binding arbitration within 75 (seventy-five) days of the date of this Order

2       The Plaintiffs agree to discontinue the action against Campisi Construction, Inc  and

Anthony G  Campisi, pursuant to Pa  R C P  229



2011-12517-0008
12/28/2011 8 55 17 AM
Order
Receipt # / 1405551        1 cc      $0 00
Mark Levy - Montgomery County Prothonotary

3       The case shall not be placed on the trial list pending resolution by David M De Clement,

Esquire

4       At the conclusion of the matter pending before David M Clement, Esquire, the Plaintiff

will file the appropriate praecipe to dismiss this matter with prejudice

cc. Barry O. Bohmueller, Esq.

EXHIBIT B

# EXHIBIT B



2011-12517-0152   8/12/2016 9:04 AM   # 10915178
Motion
Rcpt#Z2835169  Fee:$0.00  Exhibit B
Mark Levy - MontCo Prothonotary

09/12/2012 16:09 FAX 8565826544                          ☎0002/0007

# DAVID M. DeCLEMENT, ESQUIRE
## ATTORNEY AT LAW

55 Simpson Avenue · P.O. Box 217                          (856) 582-6242 ·Fax (856) 582-6544
Pitman, New Jersey 08071                                  Email: DMDeClement@aol.com

September 12, 2012

Michael J. Hawley, Esq.                    David A. Peckman, Esq.
Mandracchia & McWhirk, LLC                 600 W. Germantown Pike
2024 Cressman Road                         Suite 400
PO Box 1229                                Plymouth Meeting, PA 19462
Skippack, PA 19474

RE:   ECI, LLC v CAMPISI CONSTRUCTION INC. et al
      Court of Common Pleas, Montgomery, PA No.: 2011 – 12517

Dear Counsel,

In conformity with the Order of the Court, please find my decision as to the subject
matter below.

## PROCEDURAL HISTORY

The matter before me originates as ECI, LLC v. Campisi Construction, Inc. et al,
Court of Common Pleas, Montgomery County, PA, No. 2011-12517. The parties having
decided to proceed to binding arbitration by virtue of a Consent Order.

The parties had completed discovery prior to engaging in arbitration. Both parties
submitted arbitration briefs addressing the facts and law. Both parties were represented by
counsel and provided testimony.

09/12/2012 16:09 FAX 6055225854                                      @0003/0007

September 12, 2012
Page 2

## FINDINGS

It is clear that both parties concede there was a long-term business relationship between the parties. It spanned years and encompassed multiple projects and a variety of services. It is also undisputed by the parties that the large majority of activities were based on oral agreements.

Plaintiff makes several requests for judgment:

1.     Monetary compensation for defendant's breach of contract

2.     Judgment under the Contractor and Subcontractor Payment Act of 1994.

3.     Attorneys fees.

## DECISION

It is clear that the parties embarked on course of dealings for many years for which encompassed a broad range of business arrangements. There was an informal arrangement based on ECI's proposals, none of which were signed by Campisi. Purchase Orders were sometimes issued by Campisi and verbal communications embodied the some of the agreements.

The Complaint seeks to consider each contract as if it were one package and as if the breach of the first contract was at triggering event to ongoing damages. I disagree. There were clearly accommodations made by both parties as to their obligations and conduct and it is clear each contract was for a discrete location or task to be performed but performed as one relationship. However, due to the diversity of conduct between the parties and diversity of contractual relationships between the parties, I am compelled to separate each even as

09/12/2012 16:10 FAX 8565826544          LAW OFFICE                    ☑0004/0007

September 12, 2012
Page 3

enumerated by ECI on its own merits. In light of the above, however, I will first address the

Pennsylvanian Contract and Sub-Contractor Act of 1994.

This act seeks to cure abuses by general contractors against sub-contractors due to

non-payment and resolve the unfair and sometimes predatory nature of the contractor/sub-

contractor relationship.

The relationship between the two parties in this matter is not within the scope of the

Act. After an exhaustive reading of the case law and statutory material concerning the Act,

the relationship between these parties was far from predatory and far from a typical contract

relationship. While the matter of "credits" between the parties is not before me it is

germaine to the conduct between the parties and application of a standard of oppression

under the Act. I find these accommodations and the succession of contracts warrant a

finding for Campisi in this issue.

Additionally, ECI does not have the right to credit accounts as it sees fit.

Understandably, Campisi made matters impossible to do otherwise due to their lack of

responsiveness but David Spause of ECI admitted it was he for whom set out which

payment went with which contract for services. The continued course of dealing over the

years through multiple contracts and the contracts are not specific as to scope and

acceptance of tasks. As such, there is no case law which supports that Defendant violated

the Act and its penalty provisions applicable here.

09/12/2012 16:11 FAX 8365820544                                    ☑0005/0007

September 12, 2012
Page 4

I do find that each contract or business experience between the parties which was a part of a greater course of dealing must be analyzed to obtain a fair and equitable resolution for the parties.

<u>Downingtown Sunoco</u>. Claim $46,317.34 by ECI admitted deficiency by Campisi of $19,910.49. Based on both the documents in evidence and the testimony by the parties, there was admittedly substantial funds due from Campisi to ECI. While in both the Downingtown Sunoco and Line Lexington Sunoco both contained two party checks and lien releases. I am awarding full $46,317.34 to ECI due to the date of the invoice predates substantially the release and two party check.

Both parties were/are experienced in the trade and practices of the gasoline station construction trade. Both parties were fully aware that at execution of the two party check by Sunoco would result in no further funds paid by Sunoco, however, in the Downingtown matter there was no doubt that Campisi had sufficient notice as to ECI's claim of funds due. In Line Lexington, ECI does not even present the invoice until after the release of lien and the two party check is executed by Spause.. I cannot ignore Mr. Campisi's admission that ECI is owed by his records of $12,811.03 to ECI nor can I reconcile the purchase order submitted by ECI to Campisi in which Campisi knew the expected total for which he only remitted $18,000 thus $44,338.54 is owed to ECI.

<u>Richboro Sunoco</u>. I find that ECI was paid in full and that there was an accommodation between the parties as to this site.

September 12, 2012
Page 5

Luke Paoli Pike. I again find ECI accepted an accommodation in this matter and the payment was made in satisfaction of ECI. There appears to have been, as in many cases, no complete meeting of the minds. Mr. Spause on behalf of ECI failed to obtain mutual assent. Rather, ECI believed (to its detriment) that Campisi knew his "rate," however, ECI presents no proof of Campisi's assent. This claim which is not fortified by prior contracts as set forth by ECI as prior purchase orders were lump sum jobs and not time and materials. As such, there are no funds due.

Pennridge South Middle School. The proof provided clearly shows that there was a change order in this matter and there seems to not have been a meeting of the minds. Campisi's testimony and proofs are sufficient to show there was no money owed on this account.

Barry Applebaum. This claim by ECI fails as there was no showing of a contract between the parties nor was there even an oral agreement to involve Campisi. Based on the parties testimony, the facts support Campisi gave ECI a referral for another customer.

Doylestown Lukoil. I accept Mr. Campisi's explanation and as per his analysis, award $5,155 to ECI as this is the amount omitted by Campisi to be owed to ECI.

Willow Grove Lukoil. Again, I accept Mr. Campisi's representation that on Invoice #1205 the amount of $5,427.50 is due.

09/12/2012 16:12 FAX 8565826544                    LAW OFFICE                    ☐0007/0007

September 12, 2012
Page 6

<u>Snow Plowing</u>.  I accept Mr. Campisi's assertion that no moneys are due.  Clearly neither party assented into mutual accord.  ECI maintains Campisis was given a break to $70/hr but provide no proof as to an agreed rate at any amount.  The assertion of a "rate" acknowledged by Campisi is simply not supported as set forth infra.

<u>Costco Limerick</u>.  This matter again as above fails to be supported by evidence that there was mutual assent to any fee or payment mechanism.

## CONCLUSION

In conclusion, the total due ECI by Campisi Construction and guaranteed by Mr. Anthony Campisi, individually, in regards to the claims decided herein is $101,238.38 with interest.  A calculation of interest must be made individually for each award for ECI.

Very truly yours,

DAVID M. DeCLEMENT, ESQUIRE

DMD/cme

# EXHIBIT C

EXHIBIT C



2011-12517-0152  8/12/2016 9:04 AM  # 10915264
Motion
Rcpt#Z2835169  Fee:$0.00  Exhibit C
Mark Levy - MontCo Prothonotary



## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

### CIVIL ACTION - LAW

Bohmueller Law Offices, P.C.
By:   Barry O. Bohmueller
      Identification No. 79901
29 Mainland Road–Mainland Village
Harleysville, PA 19438
(215) 256-6440

                               Attorney for Petitioner
                               ECI, LLC

---

ECI, LLC

        Plaintiff

    v.

CAMPISI CONSTRUCTION, INC.

      and

ANTHONY G. CAMPISI

        Defendants

                  :
                  :    COURT OF COMMON PLEAS
                  :    MONTGOMERY COUNTY, PA
                  :
                  :    NO. 2011-12517
                  :
                  :    ARBITRATION AWARD



2011-12517-0013         FiledID:   9411441
         8/14/2013 2:43:12 PM
             Order
     Receipt # Z1895438    Fee   $0.00
    Mark Levy - MontCo Prothonotary

---

### ORDER

AND NOW, this _13th_ day of _Aug_, 2013, upon consideration of the

**PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT**, and

any Answer thereto, it is hereby **ORDERED, ADJUDGED and DECREED** that the Arbitration

Award entered on September 12, 2102, by the Arbitrator David M. DeClement, Esquire, is

hereby **CONFIRMED**, and the Prothonotary is hereby directed to **ENTER A MONEY**

**JUDGMENT** in favor of Petitioner ECI, LLC and against Respondents **CAMPISI**

**CONSTRUCTION, INC. and ANTHONY G. CAMPISI (personally)**, jointly and severally,

in the amount of $174,047.35 as of May 31, 2013, plus $52.71 in interest for each day through

the date of entry of judgment.

                                       BY THE COURT:

cc: B. Bohmueller, Esq

Counsel for moving party is responsible
to serve counsel for all other parties and
all unrepresented parties with a copy of
this order and shall file a certificate of
service with the Prothonotary.

                                      Braxton
                                                 J.

3

**EXHIBIT D**

# EXHIBIT D



2011-12517-0152   8/12/2016 9:04 AM   # 10915265
Motion
Rcpt#Z2835169  Fee:S0.00  Exhibit D
Mark Levy - MontCo Prothonotary



**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY,
PENNSYLVANIA
CIVIL DIVISION**

ECI, LLC                      :
                                 :
       v.                   :         **NO. 2011-12517**
                                   :
**CAMPISI CONSTRUCTION, INC., et al.**:

## O R D E R

AND NOW this 7th day of March, 2014, upon consideration of
Plaintiff's Motion for Reconsideration filed February 28, 2014, this Court
hereby **ORDERS** and **DECREES** that Plaintiff's Motion is **GRANTED**
Accordingly, the judgment entered on August 19, 2013 shall remain in full
force and effect.

A judgment will be opened where the petition to open a judgment is
promptly filed, the failure to appear or file a timely answer must be
excused, and the party seeking to open the judgment must show a
meritorious defense. *Kophazy v. Kophazy*, 421 A.2d 246 (Pa. Super. 1980).
Here, Defendants' Petition to Open was filed on September 12, 2013 which
was approximately one month after judgment was entered against
Defendants on August 19, 2013. However, Defendants failed to file a timely
answer to Plaintiff's Petition to Confirm the parties' arbitration award filed
on July 1, 2013 which is not excused since Defendant admitted in his
deposition testimony to having knowledge and notice of Plaintiff's Petition
to Confirm by looking at the county dockets. Further, according to a letter
dated July 15, 2013 from Defendants' counsel Michael Hawley, Esq.,
Defendants were given a copy of Plaintiff's Petition to Confirm
approximately fourteen (14) days after said Petition was filed. Lastly,
Defendants have no meritorious defense since Defendants received notice
of the arbitration award dated September 12, 2012 through counsel of

record who did not object on Defendants' behalf to the release of the arbitration award. Further, Defendants did not timely appeal the award within thirty (30) days after its release on September 12, 2012. *See Riley v. Farmers Fire Insurance Company,* 735 A.2d 124 (Pa. Super. 1999); *Lowther v. Roxborough Memorial Hospital,* 738 A.2d 480 (Pa. Super. 1999). Therefore, Defendants' Motion for leave to Respond to Plaintiff's Requests for Admissions is **DENIED.**

BY THE COURT:

_____
**GARRETT. D. PAGE, J.**

Copies sent on 3/7/14 to:
**By First-Class Mail:**
Adam Sager, Esquire
David Peckman, Esquire
Barry O. Bohmueller, Esquire
**By Inter-Office Mail:**
Jackie McAllister, Court Administration

_____
Judicial Secretary

2



# EXHIBIT E

# EXHIBIT E



2011-12517-0152   8/12/2016 9:04 AM   # 10915266
Motion
Rcpt#Z2835169   Fee:$0.00  Exhibit E
Mark Levy - MontCo Prothonotary

OMB No. 2126-0013

**U.S. Department of Transportation**
**Federal Motor Carrier**
**Safety Administration**

# MOTOR CARRIER IDENTIFICATION REPORT
## (Application for U.S. DOT NUMBER)

**REASON FOR FILING** (Check Only One)
☐ NEW APPLICATION   ☒ BIENNIAL UPDATE OR CHANGES   ☐ OUT OF BUSINESS NOTIFICATION   ☐ REAPPLICATION (AFTER REVOCATION OF NEW ENTRANT)

| 1. NAME OF MOTOR CARRIER | 2. TRADE OR D.B.A. (DOING BUSINESS AS) NAME |
|---|---|
| CAMPISI CONSTRUCTION INC | TS ENVIRONMENTAL CONTRACTORS INC |

| 3. PRINCIPAL ADDRESS | 4. CITY | 5. STATE/PROVINCE | 6. ZIP CODE + 4 | 7. COLONIA (MEXICO ONLY) |
|---|---|---|---|---|
| 2106 BUSTARD ROAD | LANSDALE | PENNSYLVANIA | 19446 | |

| 8. MAILING ADDRESS | 9. CITY | 10. STATE/PROVINCE | 11. ZIP CODE+4 | 12. COLONIA (MEXICO ONLY) |
|---|---|---|---|---|
| 2106 BUSTARD ROAD | LANSDALE | PENNSYLVANIA | 19446 | |

| 13. PRINCIPAL BUSINESS PHONE NUMBER | 14. PRINCIPAL CONTACT CELL PHONE NUMBER | 15. PRINCIPAL BUSINESS FAX NUMBER |
|---|---|---|
| (610) 222-4904 | | (610) 222-4905 |

| 16. USDOT NO. | 17. MC OR MX NO. | 18. DUN & BRADSTREET NO. | 19. IRS/TAX ID NO. |
|---|---|---|---|
| 1098505 | | | EIN# 232834588   SSN# |

| 20. INTERNET E-MAIL ADDRESS | 21. CARRIER MILEAGE (to nearest 10,000 miles for Last Calendar Year) | YEAR |
|---|---|---|
| TCAMPISI@CAMPISICONSTRUCTION.COM | 32500 | 2013 |

**22. COMPANY OPERATION** (Mark all that apply)
Ⓐ Interstate Carrier   B. Intrastate Hazmat Carrier   C. Intrastate Non-Hazmat Carrier   D. Interstate Hazmat Shipper   E. Intrastate Hazmat Shipper   F. Vehicle Registrant Only

**23. OPERATION CLASSIFICATION** (Circle All that Apply)
A. Authorized For-Hire   D. Private Passengers (Business)   G. U. S. Mail   J. Local Government
B. Exempt For-Hire   E. Private Passengers (Non-Business)   H. Federal Government   K. Indian Tribe
Ⓒ Private Property   F. Migrant   I. State Government   L. Other

**24. CARGO CLASSIFICATIONS** (Circle All that Apply)
A. GENERAL FREIGHT   F. LOGS, POLES, BEAMS, LUMBER   J. FRESH PRODUCE   P. GRAIN, FEED, HAY   V. COMMODITIES DRY BULK   Ⓑ CONSTRUCTION
B. HOUSEHOLD GOODS   Ⓖ BUILDING MATERIALS   K. LIQUIDS/GASES   Q. COAL/COKE   W. REFRIGERATED FOOD   CC. WATER WELL
C. METAL: SHEETS; COILS; ROLLS   H. MOBILE HOMES   L. INTERMODAL CONT.   R. MEAT   X. BEVERAGES   DD. OTHER
D. MOTOR VEHICLES   I. MACHINERY, LARGE OBJECTS   M. PASSENGERS   S. GARBAGE, REFUSE, TRASH   Y. PAPER PRODUCTS
E. DRIVE AWAY/TOWAWAY   N. OIL FIELD EQUIPMENT   T. U.S. MAIL   Z. UTILITY
O. LIVESTOCK   U. CHEMICALS   AA. FARM SUPPLIES

**25. HAZARDOUS MATERIALS CARRIED OR SHIPPED** (Circle All that Apply)   C-CARRIED   S-SHIPPED   B(BULK) - IN CARGO TANKS   NB(NON-BULK) - IN PACKAGE

| C S A. DIV 1.1 B NB | C S K. DIV 2.2A (Ammonia) B NB | C S U. DIV 4.2 B NB | C S EE. HRCQ B NB |
| C S B. DIV 1.2 B NB | C S L. DIV 2.3A B NB | C S V. DIV 4.3 B NB | C S FF. CLASS 8 B NB |
| C S C. DIV 1.3 B NB | C S M. DIV 2.3B B NB | C S W. DIV 5.1 B NB | C S GG. CLASS 8A B NB |
| C S D. DIV 1.4 B NB | C S N. DIV 2.3C B NB | C S X. DIV 5.2 B NB | C S HH. CLASS 8B B NB |
| C S E. DIV 1.5 B NB | C S O. DIV 2.3D B NB | C S Y. DIV 6.2 B NB | C S II. CLASS 9 B NB |
| C S F. DIV 1.6 B NB | C S P. Class 3 B NB | C S Z. DIV 6.1A B NB | C S JJ. ELEVATED TEMP MAT. B NB |
| C S G. DIV 2.1 B NB | C S Q. Class 3A B NB | C S AA. DIV 6.1B B NB | C S KK. INFECTIOUS WASTE B NB |
| C S H. DIV 2.1 LPG B NB | C S R. Class 3B B NB | C S BB. DIV 6.1 Poison B NB | C S LL. MARINE POLLUTANTS B NB |
| C S I. DIV 2.1 (Methane)B NB | C S S. COM LIQ B NB | C S CC. DIV 6.1 SOLID B NB | C S MM. HAZARDOUS SUB(RQ) B NB |
| C S J. DIV 2.2 B NB | C S T. DIV 4.1 B NB | C S DD. CLASS 7 B NB | C S NN. HAZARDOUS WASTE B NB |
| | | | C S OO. ORM B NB |

**26. NUMBER OF VEHICLES THAT CAN BE OPERATED IN THE U.S.**

| | Straight Trucks | Truck Tractors | Trailers | Hazmat Cargo Tank Trucks | Hazmat Cargo Tank Trailers | Motor Coach | School Bus | | | Mini-bus | Van | | | Limousine | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | colspan | | | Number of vehicles carrying number of passengers (including the driver) below | | | | | | |
| | | | | | | | 1-8 | 9-15 | 16+ | 16+ | 1-8 | 9-15 | 1-8 | 9-15 | 16+ | |
| OWNED | 6 | | 1 | | | | | | | | | | | | | |
| TERM LEASED | | | | | | | | | | | | | | | | |
| TRIP LEASED | | | | | | | | | | | | | | | | |

**27. DRIVER INFORMATION**

| | INTERSTATE | INTRASTATE | TOTAL DRIVERS | TOTAL CDL DRIVERS |
|---|---|---|---|---|
| Within 100-Mile Radius | 3 | | 3 | 0 |
| Beyond 100-Mile Radius | | | | |

**28. IS YOUR U.S. DOT NUMBER REGISTRATION CURRENTLY REVOKED BY THE FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION?**   Yes_____   No  X
If Yes, enter your U.S. DOT Number.

**29. PLEASE ENTER NAME(S) OF SOLE PROPRIETOR(S), OFFICERS OR PARTNERS AND TITLES (e.g. PRESIDENT, TREASURER, GENERAL PARTNER, LIMITED PARTNER)**

1. ANTHONY CAMPISI, PRESIDENT
(Please print Name)
2. _____
(Please print Name)

**30. CERTIFICATION STATEMENT** (to be completed by an authorized official)

I, ANTHONY G. CAMPISI _____ certify that I am familiar with the Federal Motor Carrier Safety Regulations and/or Federal Hazardous Materials Regulations.
(Please print Name)
Under penalties of perjury, I declare that the information entered on this report is, to the best of my knowledge and belief, true, correct, and complete.

Signature ANTHONY G. CAMPISI _____ Date 03/25/2014 _____ Title PRESIDENT
(Please print)

Form MCS-150 (Rev. 3-24-2005)   Expiration Date: 07/31/2012



# EXHIBIT F

# EXHIBIT F



2011-12517-0152  8/12/2016 9:04 AM  # 10915267
Motion
Rcpt#Z2835169  Fee:S0.00  Exhibit F
Mark Levy - MontCo Prothonotary



UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                              : CHAPTER 7
                                    :
CAMPISI CONSTRUCTION, INC.          :
                                    :
              DEBTOR                : BKY. NO. 14-12458JKF

## MOTION FOR ORDER AUTHORIZING THE TRUSTEE'S ABANDONMENT OF PROPERTY OF THE DEBTOR'S ESTATE PURSUANT TO 11 U.S.C. § 554(a) AND FED. R. BANKR. P. 6007

Terry P. Dershaw, Esquire ("Trustee"), the Chapter 7 Trustee for the Estate of Campisi

Construction, Inc. ("Debtor"), by and through his counsel, Fox Rothschild LLP, respectfully

requests the entry of an Order authorizing the abandonment of certain property of the Estate that

is burdensome and/or of inconsequential value and/or benefit to the Estate pursuant to 11 U.S.C.

§554(a) and Fed. R. Bankr. P. 6007 and, in support thereof, states as follows:

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and

1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

2.      Venue of this proceeding and this Motion is proper in this district pursuant to 28

U.S.C. §§1408 and 1409.

3.      The statutory predicate for the relief sought herein is 11 U.S.C. §554 and Rule

6007 of the Federal Rules of Bankruptcy Procedure.

4.      On March 31, 2014, the Debtor filed a voluntary petition for relief under chapter

11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern

District of Pennsylvania, which was converted to chapter 7 on June 24, 2015.

5.      Thereafter, the Office of the United States Trustee appointed the Trustee in this

case, which appointment remains in effect.

ACTIVE 39539029v2 03/29/2016

6.      The Trustee asked Barry S. Slosberg, Inc. auctioneers to inspect the vehicles, equipment and other hard assets listed on the Debtor's Schedules, attached hereto as Exhibit "A" ("Property"), regarding a potential sale.

7.      The Property is presently located on Bustard Road in Lansdale, PA.  A creditor of the Debtor has filed a UCC-1 financing statement alleging a security interest on these assets. Only recently, the Court has determined that the UCC-1 was invalid, and that there were no liens on this Property.  Even if the Property is free and clear of liens, the Trustee respectfully submits that there is little or no value for the Bankruptcy Estate.

8.      The auctioneer determined that, after costs and expenses were paid from the advertising and marketing of a sale, there would be little or nothing for the benefit of the Estate.

9.      The Trustee has also considered the legal fees and costs associated with a sale, as well as a possible rent claim and, in his business judgment, has decided to abandon the assets.

10.     By this Motion, the Trustee is seeking the Court's authorization to abandon the Property, effective as of the date of the filing of the Motion.

11.     Pursuant to §554(a) of the Bankruptcy Code, the Trustee, after notice and a hearing, may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. See 11 U.S.C. §554(a).

12.     Accordingly, the Trustee submits that the abandonment of the Property is appropriate pursuant to §554 of the Bankruptcy Code.

13.     Pursuant to Bankruptcy Rule 6007(a), the Trustee is obligated to give notice to all creditors and to the Office of the United States Trustee of his intent to abandon property. Fed. R. Bankr. P. 6007(a).  If a party seeks to object to the abandonment, it must do so within fourteen (14) days of the mailing of the Trustee's notice of proposed abandonment of property of the estate or within the time fixed by the Court. Id.

14.    Simultaneously with the filing of this Motion, the Trustee has served, on all creditors and the Office of the United States Trustee, notice of his intent to abandon the Property.

15.    The Trustee respectfully requests, if there are no objections to the Motion, that this Court enter the Order submitted herewith authorizing the Trustee to abandon the Property.

WHEREFORE, the Trustee prays for the entry of the attached proposed form of Order authorizing the Trustee to abandon the Property herein, and for such other and further relief as is just.

FOX ROTHSCHILD LLP


/s/  Edward J. DiDonato
Edward J. DiDonato
2000 Market Street, 20th Fl.
Philadelphia, PA  19103
edidonato@foxrothschild.com
Counsel to Trustee

Case 14-12458-jkf    Doc 519-1    Filed 04/05/16    Entered 04/05/16 09:30:37    Desc
Exhibit A    Page 2 of 2

Case 14-12458-jkf    Doc 33    Filed 04/14/14    Entered 04/14/14 18:22:58    Desc Main
Document    Page 5 of 5
Schedule of Assets with Values

| ASSET | TRADE IN VALUE |
|---|---|
| 1994 Ford Vin# 1FDLF47G2REA43921 | $2,413.00 SEE EXHIBIT "A" |
| 1999 FORD F450 VIN# 3FDXF46FXMA37907 | $3,828.00 SEE EXHIBIT "B" |
| 2002 FORD E350 VIN# 1FDWE35L52HA01483 | $919.00 SEE EXHIBIT "C" |
| 2003 FORD F150 VIN# 1FTRF18243NA09034 | JUNK |
| 2003 FORD F250 VIN# 1FDNF21L23EB98205 | $3,084.00 SEE EXHIBIT "D" |
| 2001 FORD F250 VIN# 1FTNW21S21EB21360 | $7,534.00 SEE EXHIBIT "E" |
| 2004 JAGUAR VIN# SAJWA74C449G24886 | $5,661.00 SEE EXHIBIT "F" |
| 2002 FORD ECONOLINE VIN# 1FTNE24L12HB29327 | $962.00 SEE EXHIBIT "G" |
| 1998 FEATHERLITE TRAILER VIN# 4FGL01226WE510909 | $500.00 |
| 2002 70XT CASE SKID STEER LOADER SERIAL #JAF 0371549, | $16,000.00 |
| 1990 CASE SKID STEER LOADER SERIAL # JAF 0045518 | JUNK |
| 1994 JOHN DEERE BACKHO LOADER SERIAL #T0310DB799984 | $5,000.00 |
| 2005 JOHN DEERE BACKHO LOADER SERIAL#T0310SG948133 | $25,000.00 |
| 2002 KOMATSU EXCAVATOR PC200 SERIAL# 106860 | $34,000.00 |
| 2000 KOMATSU EXCAVATOR PC128 SERIAL# 5871 | $25,000.00 |
| BOBCAT MINIEXCAVATOR | $2,000.00 |
| INGERSOLL-RAND COMPRESSOR | $500.00 |
| 2006 KOMATSU CRAWLER/DOZER MODEL#D31EX-21 SERIAL# 50119 | $39,000.00 |
| SOKKIA LASER SCT6 SERIAL #202152 | $1,000.00 |
| 3 OFFICE COMPUTERS | |
| LAPTOP | |
| BLUE PRINT COPIER GESTETENER 045 | |
| MISC. OFFICE EQUIPMENT | |



# EXHIBIT G

# EXHIBIT G



2011-12517-0152   8/12/2016 9:04 AM   # 10915268
Motion
Rcpt#Z2835169  Fee:$0.00  Exhibit G
Mark Levy - MontCo Prothonotary



Page 33 of 37

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 7 |
| | : |
| CAMPISI CONSTRUCTION, INC. | : |
| | : |
| DEBTOR | : BKY. NO. 14-12458JKF |

### O R D E R

AND NOW, this 3rd day of April, 2016, upon consideration of the Motion of

the Trustee to abandon certain property of the Debtor, after opportunity for hearing and upon the

filing of a Certificate of No Objection, it is hereby

ORDERED that:

1.    The Motion is GRANTED.

2.    The Property (as defined in the Motion) is hereby deemed abandoned pursuant to

11 U.S.C. § 554(a), effective as of April 5, 2016, the date of the filing of the Motion.

3.    This Court retains jurisdiction to interpret and enforce the terms of this Order.


BY THE COURT:

_____
JEAN K. FITZSIMON
U.S. BANKRUPTCY JUDGE

ACTIVE 39658111v1 04/05/2016

# EXHIBIT H

# EXHIBIT H



2011-12517-0152   8/12/2016 9:04 AM   # 10915269
Motion
Rcpt#Z2835169  Fee:$0.00  Exhibit H
Mark Levy - MontCo Prothonotary



**Subject:** FW: ucc-1

**Date:** Wednesday, August 3, 2016 at 11:05:33 AM Eastern Daylight Time

**From:** Dave Spause <dspause@comcast.net>

**To:** robert@robertbirchlaw.com <robert@robertbirchlaw.com>

**CC:** 'Dave Spause' <dspause@comcast.net>

Email confirmation that it is OK to file UUC & assemble equipment from Chapter 7 Trustee's attorney.

Dave

---

**From:** Tom Muldoon [mailto:tpm@fsm-law.com]
**Sent:** Friday, June 17, 2016 2:04 PM
**To:** 'dspause'
**Subject:** FW: ucc-1

You are good to go on the equipment w the UCC.

---

**From:** DiDonato, Edward J. [mailto:EDiDonato@foxrothschild.com]
**Sent:** Friday, June 17, 2016 1:40 PM
**To:** Tom Muldoon <tpm@fsm-law.com>
**Subject:** Re: ucc-1

No objection

Edward J. DiDonato
Fox Rothschild, LLP
Business & Bankruptcy Law
edidonato@foxrothschild.com

On Jun 17, 2016, at 1:20 PM, Tom Muldoon <tpm@fsm-law.com> wrote:

Any objection to him to attempt to gather/assemble the equipment?

---

**From:** DiDonato, Edward J. [mailto:EDiDonato@foxrothschild.com]
**Sent:** Friday, June 17, 2016 1:13 PM
**To:** Tom Muldoon <tpm@fsm-law.com>
**Subject:** Re: ucc-1

No objection from the trustee



# EXHIBIT I

# EXHIBIT I



2011-12517-0152  8/12/2016 9:04 AM   # 10915270
Motion
Rcpt#Z2835169  Fee:$0.00  Exhibit I
Mark Levy - MontCo Prothonotary



## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER(Optional)**

David Spause-215-852-8370

**B. E-MAIL CONTACT AT FILER(optional)**

dspause@comcast.net

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**

David Spause
240 Farmview Drive
Harleysville
PA
19438

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide the exact ,full Debtor name.Do not omit,modify or abbreviate any part of Debtor's name.

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Campisi Construction, Inc. | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 10 Sentry Parkway Suite 200 | Blue Bell | PA | 19422-3001 | United States |

2. DEBTOR'S NAME: Provide the exact , full Debtor name. Do not omit , modify , or abbreviate any part of the Debtor's name.

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| ECI, LLC | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 240 Farmview Drive | Harleysville | PA | 19438 | United States |

4. COLLATERAL: This financing statement covers the following collateral:

1994 FORD VIN# 1FDLF47G2REA43921 - 1999 FORD F450 VIN# 3FDXF46FXMA37907 - 2002 FORD E350 VIN# 1FDWE35L52HA01483 - 2003 FORD F150 VIN# 1FTRF18243NA09034 - 2003 FORD F250 VIN# 1FDNF21L23EB98205 - 2001 FORD F250 VIN# 1FTNW21S21EB21360 - 2004 JAGUAR VIN# SAJWA74C44SG24886 - 2002 FORD ECONOLINE VIN# 1FTNE24L12HB29327 - 1998 FEATHERLITE TRAILER VIN# 4FGL01226WE510909 - 2002 70XT CASE SKID STEER LOADER SERIAL# JAF0371549 - 1990 CASE SKIDSTEER LOADER SERIAL# JAF0045518 - 1994 JOHN DEERE BACKHOE LOADER SERIAL# T0310DB799984 - 2005 JOHN DEERE BACKHOE LOADER SERIAL# T0310SG948133 - 2002 KOMATSU EXCAVATOR PC200 SERIAL# 106860 - 2000 KOMATSU EXCAVATOR PC128 SERIAL# 5871 - BOBCAT MINI EXCAVATOR - INGERSOLL-RAND COMPRESSOR - 2006 KOMATSU CRAWLER/DOZER MODEL# D31EX-21 SERIAL# 50119 - SOKKIA LASER SCT6 SERIAL# 202152 - 3 OFFICE COMPUTERS - LAPTOP - BLUE PRINT COPIER GESTETENER 045 -

5. Check only if applicable and check only one box:Collateral is [ ] held in a Trust (see UCC1Ad, item 17 and instructions) [ ] being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
[ ] Public-Finance Transaction   [ ] Manufactured-Home Transaction   [ ] A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
[ ] Agricultural Lien   [ ] Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): [ ] Lessee/Lessor   [ ] Consignee/Consignor   [ ] Seller/Buyer   [ ] Bailee/Bailor   [ ] Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

International Association of Commercial Administrators(IACA)

**FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 07/19/12)**