UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE CAMPISI CONSTRUCTION | : NO. 14-12458-jkf |
| Debtor | : CHAPTER 7 |

# ECI, LLC'S ANSWER IN OPPOSITION TO LUKOIL'S INTERPLEADER MOTION

ECI, LLC, by and through its undersigned counsel, files the within Answer in Opposition to Lukoil's Interpleader Motion.

Lukoil' Motion is in direct contravention to this Court's Order dated March 16, 2016, which approved the settlement of the Adversary Action between Debtor and ECI, LLC, which was set forth in the Stipulation and Consent Order of Settlement between the Chapter 7 Trustee, ECI, LLC and Cougar Development, LLC (the "Stipulation").

As background, ECI, LLC obtained a final judgment against the Debtor ("State Court Judgment"), on August 20, 2013 in the amount of $174,047.35, plus $52.71 in daily post-judgment interest ("ECI Judgment"), in the Court of Common Pleas of Montgomery County, Pennsylvania ("State Court"), Docket No. 2011-12517. Subsequently, on August 28, 2013, ECI, LLC ("ECI") obtained a final judgment on the Debtor in the State of New Jersey under Judgment Number is DJ 169407-13. On September 12, 2013, ECI filed a Writ of Execution with the Burlington County Sheriff's Office to be served on Lukoil North America, LLC (Lukoil), levying a portion of Debtor's accounts receivables. On September 20, 2013, (the "Levy Date"), more than six months prior to the Petition Date, the Burlington County Sheriff's Office served the Writ of Execution upon Lukoil in an amount not to exceed $179,625.92 ("Lukoil Levy"),

levying cash-equivalent assets not to exceed that amount, namely the monies due Debtor ("Lukoil Accounts Receivables").

Thereafter, the Trustee and ECI, LLC entered into the Stipulation and agreed to terminate, discontinue and end without prejudice the Adversary Action on the following pertinent terms:

\*\*\*

    d.    Trustee and Creditor agree that the Lukoil funds shall be shared between them with 60% of said recovery paid to Creditor and 40% paid to the Debtor's Estate, whether said funds are obtained through settlement, Court order, Court approved garnishment, or any other means.

    e.    In consideration for this split of the Lukoil funds and in light of the fact that New Jersey law is clear that the Lukoil funds, since properly levied, are not part of the bankruptcy estate, as a settlement, the Trustee consents to the granting of the Motion of ECI, LLC, for Order For Relief From The Automatic Stay For Cause Under 11 U.S.C. §362(D)(1) and will join with Creditor in seeking the Court's approval of said Motion.

    f.    Trustee shall assist Creditor in pursuit of said Lukoil levied funds.

    g.    Any funds which Creditor is able to recover as a result of a Levy or Garnishment Violation will be credited towards the secured judgment amount once costs, expenses and reasonable attorney's fees are deducted for the collection and adjudication of said funds. Once the secured judgment plus, if applicable all accruing interest, is satisfied, any additional funds (Excess Funds) will be distributed 100% to the Estate as replacement funds for the Lukoil funds received by the Creditor, which amount shall not exceed the amount recovered from Lukoil.

The parties then submitted the Stipulation for Court approval and the Court approved the terms of the settlement by the march 16, 2016 Order. Therefore, Lukoil is attempting to avoid paying the $101,039.71 pursuant to the above terms.

Accordingly, ECI, LLC requests that this Honorable Court enter the attached Order.

                                                                    Respectfully,

                                                                    **/s/ Robert J. Birch**

Dated: November 20, 2016                                     _____
                                                                     Robert J. Birch, Esquire
                                                                     Attorney for ECI, LLC

## CERTIFICATE OF SERVICE

I, Robert J. Birch, Esquire, hereby certify that on this 20th day of November 2016, I served a true and correct copy of ECI, LLC'S Answer in opposition to the Motion for Interpleader all parties via ECF.

_____
ROBERT J. BIRCH, ESQUIRE