UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| CAMPISI CONSTRUCTION, INC. ) | Case No. 14-12458 (JFK) |
| ) | |
| Debtor ) | |
| ) | |
| | |
| CAMPISI CONSTRUCTION, INC. ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Pro. No. 14-00616 (JFK) |
| ) | |
| ECI, LLC ) | |
| ) | |
| and ) | |
| ) | |
| CORNERSTONE CONSULTING ) | |
| ENGINEERS & ARCHITECTURAL, ) | |
| INC. ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF ANTHONY G. CAMPISI TO VACATE
ORDER ENTERED ON MAY 1, 2017 (DOCKET ENTRY # 50)**

The Court should vacate the Order signed on April 28, 2017 entered on May 1, 2017 restraining and enjoining Movant, Anthony G. Campisi, from taking various actions because he is not a party to this Adversary Proceeding. He was not served with process or given any notice of the settlement of the action filed by the trustee or the proposed injunction. No remedy—legal or equitable—may be entered against him.

## Procedural History

On March 31, 2014, Debtor, Campisi Construction, Inc., a Bankruptcy Petition in this Court, which assigned it Docket Number 14-12458-jkf. At various stages of the proceedings, Debtor has been represented by various attorneys. On February 11, 2016, Matthew R. Nahrgang, Esq. filed in the Bankruptcy Action a Notice of Appearance on behalf of Debtor, Campisi Construction, Inc. [Bankruptcy Action, Docket Entry (hereinafter "BADE" # 484] On March 14, 2016, Mr. Nahrgang filed in the Bankruptcy Action a Notice of Appearance on behalf of both Debtor, Campisi Construction, Inc. and Anthony G. Campisi, Individually. [BADE # 503]

On November 5, 2014, the Trustee, on behalf of the Debtor, instituted an Adversary Action, Docket Number 14-00616, by filing a Complaint against two defendants: (1) ECI, LLC ("ECI") and (2) Cornerstone Engineers & Architectural, Inc. ("Cornerstone"). [Adversary Proceeding, Docket Entry (hereinafter "APDE") # 1]

On December 2, 2014, Cornerstone filed an Answer to the Complaint. [APDE # 4]

On December 9, 2014, ECI filed a Motion to Dismiss the Complaint. [APDE # 5] On March 11, 2015, the Court denied the Motion to Dismiss. [APDE # 20] On August 13, 2015, ECI, filed an Answer to the Complaint. [APDE # 33]

Mr. Nahrgang never entered his appearance in the Adversary Proceeding.

The parties then settled the Adversary Proceeding and entered into a "Settlement Agreement and Mutual Release Between the Chapter 7 Trustee, ECI,

2

LLC, and Cornerstone Engineers & Architectural, Inc." The parties to that agreement are: (1) ECI; (2) Cornerstone; and (3) the Trustee. Said parties affixed their signatures to said Agreement. [Exhibit # 1]

On March 27, 2017, Cornerstone filed in <u>both</u> the Bankruptcy Action and the Adversary Proceeding a Motion "to Enforce and Approve [the aforesaid] Settlement Agreement[.]" [APDE # 45; BADE # 558] Cornerstone served a copy of said Motion upon Matthew R. Nahrgang, Esq., who represented both Debtor, Campisi Construction, Inc. and Anthony G. Campisi, individually. In his "Certificate of Service," John C. Kilgannon, attorney for Cornerstone, states that he served "all parties receiving notice electronically via ecf" and all creditors listed on the creditors' matrix via regular mail. [BADE # 558-16; APDE # 45-16]

Attached as Exhibit "N" thereto was the following proposed order:

<u>ORDER ENFORCING AND APPROVING SETTLEMENT AGREEMENT</u>
**AND NOW**, this _____ day of _____, 2017, upon consideration of the Motion of Cornerstone Consulting Engineers & Architectural, Inc. to Enforce and Approve Settlement Agreement Between Chapter 7 Trustee, ECI, LLC And Cornerstone Consulting Engineers & Architectural, Inc. (the "Settlement Motion"), and any response thereto, which responses and objections are hereby overruled, and after proper notice and opportunity to be heard provided to all creditors and parties in interest, and good and sufficient cause for granting the relief requested in the Settlement Motion, and it appearing that the settlement would be in the best interests of the bankruptcy estate and all parties in interest, it is hereby:
  **ORDERED** that the Settlement Motion **GRANTED** in its entirety and the Settlement Agreement is authorized and approved; and it is further
  **ORDERED** that the Cornerstone Claim is hereby allowed as a general unsecured claim in the amount of $15,899.40; and it is further
  **ORDERED** that the funds in the amount of $10,826.58 attached under the Santander Attachment are to be released to ECI within ten days after the attachment is dissolved; and it is further

3

      **ORDERED** that within five days after the entry of a final non-appealable Order approving the Settlement Motion, Cornerstone shall pay to the Trustee the sum of One Hundred Thousand Dollars ($100,000.00); and it is further

      **ORDERED** that this Court having found that the issuance of an injunction is necessary and appropriate to effectuate the compromise and settlement set forth in the Settlement Agreement and approved by this Order, pursuant to section 105(a) of the Bankruptcy Code, any and all persons or entities who have, or will hold, any claim, interest or cause of action against Cornerstone, its officers, directors, shareholders, employees or representatives based upon, arising out of, or derived from, or attributable in any way to the Campisi State Litigation, ECI State Litigation, the State Litigation Settlement Agreement, ECI Judgment, the Adversary Proceeding, the Santander Attachment, the Garnished Funds or the Garnishment Judgment, or any activities relating thereto, whenever or wherever arising or asserted, shall be, and hereby are, permanently stayed, restrained and enjoined from prosecuting, continuing or commencing any such claim, interest or cause of action against Cornerstone, and/or its officers, directors, shareholders, employees and representatives; and it is further

      **ORDERED** that the Court shall retain jurisdiction over any proceeding that involves the validity or construction of the Settlement Agreement and/or this Order.

      **ORDERED** that ECI and the Trustee shall execute and deliver to Cornerstone the respective settlement documents attached to the Settlement Motion to be held in escrow by Cornerstone's counsel until the Settlement Payment is made and honored.

_____
JEAN K. FITZSIMON
UNITED STATES BANKRUPTCY JUDGE

[APDE # 45 (Exhibit "N")]

On April 26, 2017, the Court, in the context of the Adversary Proceeding, held a Hearing on this Motion. Movant's counsel, Matthew R. Nahrgang, Esq., was not present in court and did not attend this hearing.

The next day, on April 27, 2017, Cornerstone's counsel filed <u>in the Adversary Proceeding only</u> a Certification of Counsel and a Revised Proposed Order. [APDE #

4

48] The Revised Proposed Order contains two material changes. First, it increases the amount of the "Settlement Payment" from $100,000 to $110,000 and provides that the Trustee will retain that amount until the Order becomes final:

> **ORDERED** that within ten days after the date of execution of the Settlement Agreement, Cornerstone shall pay to the Trustee the sum of One Hundred Ten Thousand Dollars ($110,000.00) (the "Settlement Payment"). The Settlement Payment shall be held in escrow by the Trustee until this Order becomes a final, non-appealable Order. At that time, the Trustee shall pay to ECI all funds agreed to between the Trustee and ECI pursuant to the March 16, 2016 Order [D.I. 511]; and it is further

[Exh. # 2]

Second, it widens the scope of the injunction to include persons and entities not party to the Adversary Proceeding:

> **ORDERED** that this Court having found that the issuance of an injunction is necessary and appropriate to effectuate the compromise and settlement set forth in the Settlement Agreement and approved by this Order, pursuant to section 105(a) of the Bankruptcy Code, any and all persons or entities including, without limitation, **Anthony G. Campisi**, Campisi Construction, Inc., TS Environmental Contractors, Inc., Dad and Sons, Inc., **George Campisi and Lynne Campisi**, who have, or will hold, any claim, interest, defense or cause of action against John B. Anderson, Mark W. Metzgar, Lester M. Stein, David J. Spause and Sharon E. Spause in their individual capacities, and Cornerstone, Cougar Development Group, LLC and ECI, LLC, their respective officers, directors, shareholders, employees, members or **representatives based upon, arising out of, or derived from, or attributable in any way to the Campisi State Litigation, ECI State Litigation, the State Litigation Settlement Agreement, ECI Judgment, the Adversary Proceeding, the Santander Attachment, the Garnished Funds, the ECI Proofs of Claim (designated as Claim nos. 7, 8 and 11) and the Cougar Development Group, LLC Proof of Claim (designated as claim no. 9) or the Garnishment Judgment**, or any activities relating thereto, whenever or wherever arising or asserted, shall be, and hereby are, permanently stayed, restrained and enjoined from prosecuting, defending, continuing or commencing any such claim, interest, defense

5

or cause of action against Cornerstone, Cougar Development Group, LLC or ECI, LLC, and/or their respective officers, directors, shareholders, employees, members and representatives and John B. Anderson, Mark W. Metzgar, Lester M. Stein, David J. Spause and Sharon E. Spause in their individual capacities; and it is further

[Exh. # 2 (Emphasis added)]

Neither Cornerstone, nor any other party, nor the Court served this Proposed Order upon Movant or his Counsel, Matthew R. Nahrgang, Esq.

On April 28, 2017, the Court entered said Order. [APDE # 50] The Clerk entered a "Certificate of Notice" in which it noted that it served the following "persons/entities" by the court's CM/ECF electronic mail system "at the address(es) listed below:

```
DAVID A. PECKMAN on behalf of Defendant ECI, LLC david@peckmanlaw.com
DIMITRI L. KARAPELOU on behalf of Plaintiff Campisi Construction, Inc.
dkarapelou@karapeloulaw.com, dkarapelou@karapeloulaw.com
EDWARD J. DIDONATO on behalf of Trustee Terry P. Dershaw edidonato@foxrothschild.com,
brian-oneill-fox-5537@ecf.pacerpro.com
JOHN C. KILGANNON on behalf of Defendant Cornerstone Consulting Engineers &
Architectural,
Inc. jck@stevenslee.com
REBECCA K. MCDOWELL on behalf of Plaintiff Campisi Construction, Inc.
rmcdowell@karapeloulaw.com, kcollins@slgcollect.com
THOMAS J. MALONEY on behalf of Defendant Cornerstone Consulting Engineers &
Architectural,
Inc. tmsherwood421@aol.com
THOMAS P. MULDOON, Jr. on behalf of Defendant ECI, LLC tpm@fsm-law.com
Terry P. Dershaw , PA66@ecfcbis.com;7trustee@gmail.com
TOTAL: 8
```

[DE # 51]

It also gave notice by first-class mail to the following:

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy
Noticing Center on
May 03, 2017.
ust +BRENDA D. GISH, Office of United States Trustee - U.S. D, Federal Building,
228 Walnut Street, 11th Floor, Harrisburg, PA 17101-1714
pla +Campisi Construction, Inc., 2106 Bustard Road, Lansdale, PA 19446-5702
Notice by electronic transmission was sent to the following persons/entities by the
Bankruptcy Noticing Center.
ust +E-mail/Text: ustpregion03.ph.ecf@usdoj.gov May 02 2017 03:29:25 Frederic J. Baker,
Office of United States Trustee, 833 Chestnut Street, Suite 500,
Philadelphia, PA 19107-4405
ust +E-mail/Text: USTPRegion03.WL.ECF@USDOJ.GOV May 02 2017 03:29:25 SHAKIMA L. DORTCH,
U.S. Dept. of Justice - U.S. Trustee, 844 N. King Street, Suite 2207,
Wilmington, DE 19801-3519
```

```
ust +E-mail/Text: USTPRegion03.HA.ECF@USDOJ.GOV May 02 2017 03:29:26 United States
Trustee,
228 Walnut Street, Suite 1190, Harrisburg, PA 17101-1722
ust +E-mail/Text: ustpregion03.ph.ecf@usdoj.gov May 02 2017 03:29:25 United States
Trustee,
Office of the U.S. Trustee, 833 Chestnut Street, Suite 500, Philadelphia, PA 19107-4405
TOTAL: 4
***** BYPASSED RECIPIENTS *****
NONE. TOTAL: 0
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
       Transmission times for electronic delivery are Eastern Time zone.
```

[DE # 51] Neither Movant nor his counsel, Matthew R. Nahrgang, Esq., is listed on this Certificate of Notice.

On May 9, 2017, the Clerk Terminated the Adversary Proceeding for Statistical Purposes.

On May 25, 2017, the parties filed a Stipulation to Dismiss Adversary Proceeding with Prejudice. [APDE # 52]

On July 28, 2017, ECI filed in the Bankruptcy Action an "Expedited Motion for Contempt," in which it alleged that Movant and an entity known as "Environmental Contractors, Inc." have violated the Order of this Court by pursuing a Replevin Action and by removing an excavator from a job site in Deptford, New Jersey. [BADE # 564]

## ARGUMENT AND LAW

The Court should vacate the Order entered on May 1, 2017 in the Adversary Proceeding because Movant, Anthony Campisi, is not a party to this Adversary Proceeding and was not served with process. No remedy—legal or equitable—may be entered against him.

### A.   A Court cannot enter a decree against a non-party.

In *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832 (2d Cir. 1930), the court stated the general rule that

> no court can make a decree which will bind any one [sic] but a party; a court of equity is as much so limited as a court of law; it cannot lawfully enjoin the world at large, no matter how broadly it words its decree. If it assumes to do so, the decree is *pro tanto brutum fulmen*, and the persons enjoined are freed to ignore it.

*Id.* at 832; See also *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 13 (1945) (courts may not grant an injunction "so broad as to make punishable the conduct of persons who act independently and whose rights have not been adjudged according to law"); *Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 180 (1973); *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669 (3d Cir. 1999); *Kean v. Hurley*, 179 F.2d 888, 890 (8th Cir. 1950).

The only parties to the settlement of the Adversarial Proceeding were (1) ECI; (2) Cornerstone; and (3) the Trustee. Movant, Anthony Campisi, was neither

named as a party nor served with process. His counsel was not given any notice of the revised Proposed Order presented to this Court on April 27, 2017[1].

It is elementary that without *in personam* jurisdiction, a court has no power to adjudicate a claim or obligation of that person. *See, e.g., Vanderbilt v. Vanderbilt*, 354 U.S. 416 (1957); *Pennoyer v. Neff*, 95 U.S. 714 (1878). A judgment, whether in equity or at law, is invalid and unenforceable against a defendant unless the court entering the judgment has *in personam* jurisdiction. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969); *Regal Knitwear Co. v. NLRB*, 324 U.S. 9 (1945). The Due Process Clause of the United States Constitution requires that a defendant be served prior to the entry of a judgment. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86 (1988); *Omni Capital Int'l v. Rudolph Wolff and Co.*, 484 U.S. 97, 104 (1987). If a court acts without personal jurisdiction, any judgment or order it renders is null and void. *Stoll v. Gottlieb*, 305 U.S. 165, 176 (1938).

Furthermore, "persons who are not actual parties to the action or in privity with any of them may not be brought within the effect of a decree merely by naming them in the order." *Savarese v. Agriss*, 883 F.2d 1194, 1209 (3d Cir. 1989) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure, § 2956 at 555-56 (1973)); *see, e.g., Heyman v. Kline*, 444 F.2d 65 (2d Cir. 1971) (when a defendant's wife was

---

[1] As previously noted, although Cornerstone filed its "Motion to approve and enforce settlement agreement" on March 27, 2017 in both the Bankruptcy Action and in the Adversary Proceeding, it only filed the revised Proposed Order in the Adversary Proceeding. [APDE # 48] Movant's counsel did not enter his appearance for movant, individually, in the Adversary Proceeding. He did not receive notice of either the revised Proposed Order or the entry of that Order since both were docketed only in the Adversary Proceeding. Even if he had received copies, the mere mailing of such a proposed Order to Movant's counsel is not sufficient to bestow the Court's jurisdiction over him. See discussion, *infra.*

named in the order, but was never served with process, she was not bound by the order).

The "only significant exception to this rule involves nonparties who have actual notice of an injunction and are guilty of aiding or abetting or acting in concert with a named defendant or his privy in violating the injunction. They may be held in contempt." *Id, quoting* Wright & Miller, *supra* at § 2956 at 556-57 (footnote omitted).

The mere fact that a non-party such as Movant has a relationship with a party does not confer jurisdiction. In *Zenith Radio, supra*, the District Court purported to assert personal jurisdiction over a non-party because of its relationship to a named party even though the non-party had not been served with process. The parties had stipulated that the entity and one of the parties could be considered one and the same, and the district court held that this stipulation allowed it to exercise personal jurisdiction over the entity.

The Supreme Court disagreed, holding that the stipulation, to which the entity had never agreed, was insufficient to confer personal jurisdiction absent service of process. The court noted that "the consistent constitutional rule has been that a court has no power to adjudicate a Personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio*, 395 U.S. at 110 (citations omitted). Moreover, the court held that the stipulation was an inadequate substitute for the normal methods of attaining jurisdiction over a person or

10

corporation. Service of process or an acceptable alternative is a prerequisite to a court's exercising personal jurisdiction over an individual or entity.

      **B.**      **The Federal Rules of Civil Procedure empower a court to enjoin a non-party under limited circumstances and after a full evidentiary proceeding and a "case-specific" inquiry.**

Rule 65(d) of the Federal Rules of Civil Procedure also provides certain circumstances under which a non-party may be bound by an injunctive order. The Rule states in relevant part:

> (d) Contents and Scope of Every Injunction and Restraining Order.
>
> > (1) *Contents.* Every order granting an injunction and every restraining order must:
> > (A) state the reasons why it issued;
> > (B) state its terms specifically; and
> > (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.
> > (2) *Persons Bound.* The order binds only the following who receive actual notice of it by personal service or otherwise:
> > (A) the parties;
> > (B) the parties' officers, agents, servants, employees, and attorneys; and
> > (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

Fed Rule Civ. Proc 65(d).

However, the Court held in *Zenith Radio* that mere service of the preliminary injunction order pursuant to Rule 65(d) did not confer jurisdiction upon a non-party alleged to have acted "in concert or participation" with the party. Rather, there must have first been a determination of such "concert" or "participation" in the

11

"proceeding to which [the non-party] was a party." *Zenith Radio*, 395 U.S. at 112. *See also: In re NAACP, Special Contribution Fund*, 849 F.2d 1473 (6th Cir. 1988) (holding that since the NAACP was not a party, the District Court could not issue an injunction against it)

To the extent that ECI or Cornerstone might argue that Movant, Anthony Campisi, was an officer, agent, servant, or employees of a party pursuant to Fed Rule Civ. Proc 65(d)(2)(B), the Court should reject such an argument. It is true that under some circumstances, an injunction against a corporation is an injunction against its officers because a corporation is a fictitious person that only acts when its officers do. *Additive Controls & Measurement Sys. v. Flowdata, Inc.*, 154 F.3d 1345, 1351 (Fed. Cir. 1998), *citing Wilson v. United States*, 221 U.S. 361, 376, 55 L. Ed. 771, 31 S. Ct. 538 (1911) ("A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs."); *Reich v. Sea Sprite Boat Co.*, 50 F.3d 413, 417 (7th Cir. 1995) ("An order issued to a corporation is identical to an order issued to its officers, for incorporeal abstractions act through agents.").

However, these principles beg the issues at hand. The Trustee, who stood in the shoes of the Debtor, Campisi Construction, Inc., negotiated a settlement that enjoined Movant, Anthony Campisi, from taking certain actions. The record does not reflect what position, if any, Movant held or holds with the Debtor. The Complaint filed in the Adversary Proceeding alleges that Movant is the Debtor's "principal." [Complaint, APDE # 1, ¶ 9] Even if he were an officer, agent, servant, or

employees of the Debtor, the question whether he was "legally identified" with the Debtor's claim "is a case-specific inquiry" that can be made only after a full evidentiary hearing. *Additive Controls & Measurement Sys. v. Flowdata, Inc.*, *supra,* 154 F.3d at 1352. A court cannot enter an injunction restraining the independent conduct of nonparties who never appeared in court. *Id.*, *citing Additive Controls & Measurement Sys. v. Flowdata, Inc.*, 96 F.3d 1390 (Fed. Cir. 1996) (noting that "courts of equity have long observed the general rule that a court may not enter an injunction against a person who has not been made a party to the case before it."). Neither the litigants nor the Court made any attempt to bring Movant before it and conduct an inquiry as to whether he is "legally identified" with the claims held by the Debtor corporation and identified in the Complaint.

C. **The Order exceeded the scope of the Complaint filed in the Adversarial Proceeding.**

Before the Court were to begin its inquiry, Movant would object to the proceeding because the injunction is not a remedy imposed against him to right a wrong or restrain him from committing a wrongful act. Rather, the Defendants have gratuitously contrived the injunction as part of a scheme to protect interests well beyond the ambit of the claims brought in the Complaint filed by the Trustee. In that Complaint, the Trustee alleged that Defendant, Cornerstone, owes the Debtor various sums as demanded in **only two** lawsuits filed in the Court of Common Pleas,

13

Montgomery County, Case No. 2009-25147 and Case No. 2011-12517. [Complaint, APDE # 1, ¶¶ 9-14]

The injunction encompasses not only the claims in those <u>two</u> lawsuits but also all claims "arising out of, or derived from, or attributable in any way to the Campisi State Litigation, ECI State Litigation, the State Litigation Settlement Agreement, ECI Judgment, the Adversary Proceeding, the Santander Attachment, the Garnished Funds, the ECI Proofs of Claim (designated as Claim nos. 7,8 and 11) and the Cougar Development Group, LLC Proof of Claim (designated as claim no. 9) or the Garnishment Judgment." [Exh. # 2] The injunction purports to bind not merely Movant but also TS Environmental Contractors, Inc., Dad and Sons, Inc., George Campisi and Lynne Campisi, none of whom appeared as parties in the lawsuit. It prevents any of them from proceeding against not only the Defendants, Cornerstone and ECI but also the following persons and entities: John B. Anderson, Mark W. Metzgar, Lester M. Stein, David J. Spause and Sharon E. Spause in their individual capacities, and Cornerstone, Cougar Development Group, LLC and ECI, LLC, their respective officers, directors, shareholders, employees, members or representatives. Movant was not party to the settlement of the Adversary Proceeding, and, he received no consideration in exchange for that settlement or the injunction.

The Defendants contrived the injunction to protect themselves and their interests from other claims that Movant and others may have against them and any of their related businesses or business associates. Although one might commend

14

their diligence, they are guilty of overreaching because neither the Trustee nor the Defendants had the power to release Movant or the others named in the injunction.

Section 323(b) of the Bankruptcy Code gives trustees the right to prosecute any action belonging to the bankruptcy estate[2]. The trustee stands in the shoes of the debtor and can only assert those causes of action possessed by the debtor. The trustee's action is, of course, subject to the same defenses as could have been asserted by the defendants had the action been instituted by the debtor. *Official Comm. of Unsecured Creditors ex rel. Estate of Lemington Home for the Aged v. Baldwin (In re Lemington Home for the Aged)*, 659 F.3d 282, 292 (3d Cir. 2011).

A settlement agreement by a trustee is a contract. *Maloney v. Valley Med. Facilities, Inc.*, 603 Pa. 399, 417, 984 A.2d 478, 489 (2009), citing Restatement (Third) of Torts, Apportionment of Liability § 24 cmt. g. A party cannot bargain away the rights of another who is not party to the settlement agreement. *Buttermore v. Aliquippa Hosp.*, 522 Pa. 325, 330, 561 A.2d 733, 735 (1989). Therefore, the trustee, who steps into the shoes of the Debtor corporation, cannot bargain away the rights of Movant, a natural person. The trustee's rights are akin to those of a subrogee, whose rights of recovery are limited to the amounts received by the subrogor relative to the claim paid by the subrogee. *Allstate Ins. Co. v. Clarke*, 527 A.2d 1021 (Pa. Super. 1987).

---

[2] The filing of a petition in bankruptcy creates the bankruptcy estate pursuant to 11 U.S.C. § 541(a). The estate consists of all legal and equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). Causes of action that, according to applicable state law, were available to the debtor at the time that the bankruptcy case commenced become property of the estate pursuant to § 541. *Louisiana World Exposition v. Federal Ins. Co.,* 858 F.2d 233, 245 (5th Cir. 1988).

15

Defendants may argue that the trustee has only bargained away those rights accruing to Movant by virtue of his position with the Debtor corporation. However, that position is not a matter of record. Furthermore, Movant has rights and causes of action in his individual capacity that are independent of those of the Debtor corporation and are not pled in the **two** Montgomery County actions mentioned in the Complaint. A broadly worded injunction purporting to enjoin Movant from asserting any claim "arising out of, or derived from, or attributable in any way to" various **additional** Pennsylvania and New Jersey proceedings should not have been entered absent notice to Movant and a detailed evidentiary hearing. The Court's decree was *pro tanto brutum fulmen. Alemite Mfg. Corp. v. Staff, supra.*

### D. One may challenge the Court's jurisdiction to enter a Decree at any time.

The Court should reject out of hand any suggestion that this application is barred by laches. The law provides that a void judgment entered without jurisdiction can be attacked at any time. Hence, the passage of time, however great, does not enter into a consideration of its validity. *M & P Mgmt., L.P. v. Williams*, 594 Pa. 489, 494, 937 A.2d 398, 401 (2007), *citing: Romberger v. Romberger*, 290 Pa. 454, 457, 139 A. 159, 160 (1927) (a void judgment is a "mere blur on the record, and which it is the duty of the court of its own motion to strike off, whenever its attention is called to it"); *Clarion, M. & P. R. Co. v. Hamilton*, 127 Pa. 1, 3, 17 A. 752 (Pa. 1889) ("a void judgment is no judgment at all").

For a court to exercise jurisdiction over a party, the party must have been served with a complaint in accord with the rules of civil procedure. "If there is no valid service of initial process, a subsequent judgment by default must be deemed defective. In the absence of valid service, a court lacks personal jurisdiction over a party and is powerless to enter judgment against him." *Brooks v. B & R Touring Co.*, 939 A.2d 398, 401 (Pa. Super. 2007) (citation omitted); *see also*: *Peralta v. Heights Med. Ctr., Inc., supra,* 485 U.S. at 86; *Omni Capital Int'l v. Rudolph Wolff and Co., supra,* 484 U.S. at 104. If a court enters judgment against a person without serving him or giving him required notice, he may challenge the validity of that judgment at any time. *Sharp v. Valley Forge Medical Center and Heart Hospital, Inc.*, 422 Pa. 124, 127-128, 221 A.2d 185, 187 (1966); *Galli's Estate*, 340 Pa. 561, 570, 17 A.2d 899, 903 (1941); *Fleck v. McHugh*, 241 Pa. Super. 307, 315, 361 A.2d 410, 414 (1976), *Haverford Township School District v. Herzog*, 314 Pa. 161, 164, 171 A. 455, 457 (1934). A court is empowered to overturn a **void judgment** at **any time**, even if the moving party is guilty of laches. *O'Connell v. Three Park Ave. Bldg. Co., L.P. (In re Blutrich Herman & Miller)*, 227 B.R. 53, 57 (Bankr. S.D.N.Y. 1998), *citing Trehan v. Von Tarkanyi*, 63 B.R. 1001, 1002 (S.D.N.Y. 1986) (citing cases); *McLearn v. Cowen & Co.*, 660 F.2d 845, 848 (2d Cir.1981). "[N]o passage of time can transmute a nullity into a binding judgment, and hence there is no time limit for such a motion. It is true that the text of the rule dictates that the motion will be made within 'a reasonable time.' However, . . . there are no time limits with regards to a challenge to a **void judgment** because of its status as a nullity . . . ."

17

*United States v. One Toshiba Color Television,* 213 F.3d 147, 157 (3d Cir. 2000) (internal citation omitted); *see also* Wright & Miller § 2866 ("Although Rule 60(b) purports to require all motions under it to be made within 'a reasonable time,' this limitation does not apply to a motion under clause (4) attacking a judgment as void. There is no time limit on a motion of that kind."); *On Track Transp., Inc. v. Lakeside Warehouse & Trucking, Inc.,* 245 F.R.D. 213, 216 (E.D. Pa. 2007)

### E. The Court's authority pursuant to Section 105(a) is subject to the Due Process Clause.

Finally, the Court should reject any argument that it had the power to enter the order pursuant to Section 105(a) of the Bankruptcy Code, which provides:

> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

It is, however, axiomatic that the Court's power to enter such orders is constrained by constitutional considerations, including jurisdiction and the right to Due Process of Law. *Fisher v. CFC Capital Corp.*, 97 B.R. 437 (Bankr. N.D. Ill. 1989). The Court's power to enter an order does not trump the Constitution and does not provide jurisdiction where none exists.

The Court should, therefore, open the closed adversary proceeding with an eye toward vacating the order entered on May 1, 2017.

## CONCLUSION

The Court erred when it entered an Order enjoining Movant, a nonparty, from taking certain actions. It should, therefore, vacate the Order entered on May 1, 2017.

Respectfully submitted,

/s/ William D. Schroeder, Jr., Esq.
_____
William D. Schroeder, Jr.
920 Lenmar Drive
Blue Bell, PA 19422
(215) 822-2728

Attorney for Movant,
Anthony G. Campisi