IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY,
PENNSYLVANIA – CIVIL DIVISION

| | | |
|---|---|---|
| ECI LLC | : | |
| v. | : | No. 2011-12517 |
| | : | |
| CAMPISI CONSTRUCTION INC., et al | : | |

case # 14-12458

# ORDER

And now this 4th day of October, 2023 after a hearing to determine an assessment of credits, it is hereby Ordered and Decreed that this matter shall be transferred to the United States Bankruptcy Court for the Eastern District of Pennsylvania to determine whether the $143,123.83 paid to the instant Plaintiff pursuant to a Bankruptcy Court settlement agreement[1] shall be credited to Defendant, Campisi Construction against the judgment owed in the instant matter. In support of this request, this Court makes the following findings of fact:

1. Plaintiff/ECI, as a subcontractor for Defendants/Campisi Construction and Anthony Campisi was to provide labor and equipment for improvements at a gas station.
2. On July 15, 2011, ECI filed a complaint in the Montgomery County Court of Common Pleas against Campisi Construction and Anthony Campisi for breach of contract and debt collection.
3. The parties proceeded to binding arbitration at which a verdict was rendered on behalf of Plaintiff in an amount, inclusive of interest, totaling $174,047.35.
4. This award was not appealed.

---

[1] This matter was originally presided over by the Honorable Jean K. Fitzsimon (ret.) at BKY. NO. 14-12458JFK.

5. On August 13, 2013 Judge Braxton confirmed the arbitration award against co-defendants Campisi Construction and Anthony Campisi jointly and severally and issued a judgment in the amount of $174,047.35 as of May 31, 2013 plus $52.71 in interest for each day through the date of the entry of judgment. See attached Exhibit "A."
6. This judgment was not appealed.
7. During the time period when Plaintiff was attempting to collect on this judgment, Defendant, Campisi Construction declared bankruptcy.
8. ECI appropriately made a claim as a creditor against Campisi Construction before the U.S. Bankruptcy Court, EDPA.
9. ECI's bankruptcy court claim is based on the August 13, 2013 judgment.
10. On March 15, 2016 a settlement was reached in Bankruptcy Court between ECI and Campisi Construction. See attached Exhibit "B."
11. The parties agree that ECI received a monetary award pursuant to the Bankruptcy Court settlement; the amount of the award being $143,123.83.
12. The relevant provisions of this settlement agreement to the instant action are as follows:
    a. Confirmation of the subject state court judgment received by ECI. Exhibit B, pp 4.
    b. A provision prohibiting a reduction to ECI's claims based on the amount paid form the settlement agreement. Exhibit B, pp 8 (m).
    c. Retention of any disputes arising from or relating to the agreement to be retained by the Bankruptcy Court. Exhibit B, pp 9.
13. The Bankruptcy Court settlement agreement was never adopted by this Court.

14. Subsequent to this settlement in Bankruptcy Court, ECI filed a Motion to Compel requesting Campisi Construction and Anthony Campisi satisfy the judgment.
15. The Defendants filed a Motion for Credit asking this Court to reduce the amount of the judgment by the amount paid to ECI pursuant to the Bankruptcy Court settlement agreement.

Based on the foregoing this Court respectfully requests the United States Bankruptcy Court for the Eastern District of Pennsylvania to determine whether Campisi Construction shall receive credit for the monies received by ECI pursuant to the Bankruptcy Court settlement agreement towards the judgment at issue before this Court.

BY THE COURT:



GAIL WEILHEIMER        J.

Efiled October 4, 2023:
Court Administration
Robert A. Saraceni, Jr., Esq.
Edward M. Galang, Esq.
Anthony Campisi, *pro se*
Timothy B. McGrath, Bankruptcy Clerk of Court

# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

CIVIL ACTION - LAW

Bohmueller Law Offices, P.C.
By:  Barry O. Bohmueller
     Identification No. 79901
29 Mainland Road–Mainland Village
Harleysville, PA 19438
(215) 256-6440

Attorney for Petitioner
ECI, LLC

| | |
|---|---|
| ECI, LLC | COURT OF COMMON PLEAS MONTGOMERY COUNTY, PA |
| Plaintiff | |
| v. | NO. 2011-12517 |
| CAMPISI CONSTRUCTION, INC. | ARBITRATION AWARD |
| and | |
| ANTHONY G. CAMPISI | |
| Defendants | |



2011-12517-0013
8/14/2013 2:43:12 PM
Order
Receipt #21895438  Fee  $0.00
Mark Levy - MontCo Prothonotary

FilingID: 9411441

## ORDER

AND NOW, this 13th day of Aug., 2013, upon consideration of the

**PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT**, and

any Answer thereto, it is hereby **ORDERED, ADJUDGED and DECREED** that the Arbitration

Award entered on September 12, 2102, by the Arbitrator David M. DeClement, Esquire, is

hereby **CONFIRMED**, and the Prothonotary is hereby directed to **ENTER A MONEY**

**JUDGMENT** in favor of Petitioner ECI, LLC and against Respondents **CAMPISI**

**CONSTRUCTION, INC. and ANTHONY G. CAMPISI (personally)**, jointly and severally,

in the amount of $174,047.35 as of May 31, 2013, plus $52.71 in interest for each day through

the date of entry of judgment.

BY THE COURT:

Braxton
_____
J.

cc: B. Bohmueller, Esq
Counsel for moving party is responsible
to serve counsel for all other parties and
all unrepresented parties with a copy of
this order and shall file a certificate of
service with the Prothonotary.

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                               : CHAPTER 7
                                     :
CAMPISI CONSTRUCTION, INC.           :
                                     :
           DEBTOR                    : BKY. NO. 14-12458JKF

## ORDER

AND NOW, this 16th day of March, 2016, upon consideration of the Motion of the Trustee for Approval of Settlement, after notice to all creditors and parties in interest, opportunity for hearing, and upon a Certification of No Objection having been filed, and it appearing that approval of the settlement would be in the best interest of the Debtor, the Estate, all creditors, and parties in interest, it is hereby

ORDERED that the Trustee's Motion is GRANTED, and the settlement is APPROVED.

BY THE COURT:

_____
JEAN K. FITZSIMON
U.S. BANKRUPTCY JUDGE

ACTIVE 38490629v1 01/12/2016

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:   : CHAPTER 7
:
CAMPISI CONSTRUCTION, INC.   :
:
DEBTOR   : BKY. NO. 14-12458JKF

---

CAMPISI CONSTRUCTION, INC.   :
PLAINTIFF   :
:
v.   :
CORNERSTONE CONSULTING   :
ENGINEERS & ARCHITECTURAL, INC. :
and ECI, LLC   :
DEFENDANTS   : ADV. NO. 14-00616JFK

## STIPULATION AND CONSENT ORDER OF SETTLEMENT BETWEEN THE CHAPTER 7 TRUSTEE, CREDITOR ECI, LLC AND CREDITOR COUGAR DEVELOPMENT GROUP, LLC

AND NOW, this _____ day of January, 2016, it is hereby stipulated and agreed between the parties hereto, Terry Dershaw, Chapter 7 Trustee (Trustee) on behalf of debtor, Campisi Construction, Inc., (Debtor), ECI, LLC, (ECI or Creditor) through its sole member, David J. Spause and Cougar Development Group, LLC (Cougar) through its sole member, David J. Spause that they have reached a settlement in regard to ECI's Secured Proof of Claim, Claim #7, ECI's Unsecured Proof of Claim #8, ECI's Unsecured Proof of Claim #11 and Cougar's Unsecured Proof of Claim #9 against Debtor. The aforementioned Proof of Claims are incorporated hereto and made part hereof as if fully set forth within this Stipulation.

1. On March 31, 2014 (the "Petition Date"), Campisi Construction, Inc., the Debtor and debtor-in-possession (the "Debtor"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code").

8. The parties hereto, upon consultation with their respective counsel, hereby agree to the following terms and condition:

   a. Creditor had levied the Cornerstone Funds in regard to a secured judgment it has obtained against Anthony G. Campisi more than 90 days prior to Petition Date.

   b. Creditor, for purposes of compromise and settlement with respect to the Cornerstone Funds, is willing to have part of the Cornerstone Funds recovery paid to the Debtor's estate, as reimbursement for the Debtor's Capitalization of Anthony Campisi's interest in Cornerstone, as follows:

      i. The Trustee and the Creditor shall share in the Cornerstone funds as follows: Creditor shall receive 75% of the funds collected and the Debtor's estate shall receive 25% of the funds collected. Notwithstanding the aforementioned, any and all funds collected for interest, cost, expenses or attorney's fees are to be kept by ECI and are not to be credited towards or will otherwise reduce the amount due under the Secured Claim.

      ii. In consideration of the foregoing, the Trustee hereby agrees to withdraw Debtor's Motion for Sanctions for the violation of the Automatic Stay with respect to Creditor's attempt to the collection of the Cornerstone Funds through garnishment. Creditor denies any violation of the automatic stay provisions in pursuit of satisfaction of the judgment he has against either Debtor or Anthony Campisi.

      iii. The Trustee further agrees to terminate, discontinue and end without prejudice Adversary Action 2014-00616 JKF, filed by Debtor against Cornerstone and Creditor.

   c. Creditor has also asserted entitlement to Lukoil funds through a perfected levy which was served upon Lukoil more than 90 days prior to the Petition Date.

d. Trustee and Creditor agree that the Lukoil funds shall be shared between them with 60% of said recovery paid to Creditor and 40% paid to the Debtor's Estate, whether said funds are obtained through settlement, Court order, Court approved garnishment, or any other means.

e. In consideration for this split of the Lukoil funds and in light of the fact that New Jersey law is clear that the Lukoil funds, since properly levied, are not part of the bankruptcy estate, as a settlement, the Trustee consents to the granting of the Motion of ECI, LLC, for Order For Relief From The Automatic Stay For Cause Under 11 U.S.C. §362(D)(1) and will join with Creditor in seeking the Court's approval of said Motion.

f. Trustee shall assist Creditor in pursuit of said Lukoil levied funds.

g. Any funds which Creditor is able to recover as a result of a Levy or Garnishment Violation will be credited towards the secured judgment amount once costs, expenses and reasonable attorney's fees are deducted for the collection and adjudication of said funds. Once the secured judgment plus, if applicable all accruing interest, is satisfied, any additional funds (Excess Funds) will be distributed 100% to the Estate as replacement funds for the Lukoil funds received by the Creditor, which amount shall not exceed the amount recovered from Lukoil.

h. In consideration of all of the foregoing, the Trustee agrees to withdraw with prejudice any and all of Debtor's objections to and hereby stipulates to and agrees that the following Proof of Claims are consented to and this Court hereby approves the following claims of ECI: Proof of Claim #7, Proof of Claim #8, Proof of Claim #11; and, Cougar's Proof of Claim #9.

4

ACTIVE 38349072v1 01/05/2016

2. Said Chapter 11 was subsequently converted to Chapter 7 by the Honorable Jean K. FitzSimon.

3. Terry Dershaw was appointed the Chapter 7 Trustee.

4. ECI's Secured Proof of Claim, Claim #7, is a direct result of a final unappealed State Court confirmed arbitration award which was entered by the State Court as a final judgment against the Debtor ("State Court Judgment"), on August 20, 2013 in the amount of $174,047.35, plus $52.71 in daily post-judgment interest ("ECI Judgment"), in the Court of Common Pleas of Montgomery County, Pennsylvania ("State Court"), Docket No. 2011-12517. A copy of the Order confirming arbitration award and entering judgment has been attached as Exhibit "A" and incorporated by reference.

5. Subsequently, on August 28, 2013, ECI, LLC ("ECI") obtained a final judgment on the Debtor in the State of New Jersey under Judgment Number is DJ 169407-13. A copy of the Judgment Index has been attached as Exhibit "B" and incorporated by reference.

6. On September 12, 2013, ECI filed a Writ of Execution with the Burlington County Sheriff's Office to be served on Lukoil North America, LLC (Lukoil), levying a portion of Debtor's accounts receivables.

7. On September 20, 2013, (the "Levy Date"), more than six months prior to the Petition Date, the Burlington County Sheriff's Office served the Writ of Execution upon Lukoil in an amount not to exceed $179,625.92 ("Lukoil Levy"), levying cash-equivalent assets not to exceed that amount, namely the monies due Debtor ("Lukoil Accounts Receivables"). This levy was confirmed by the Burlington County Sheriff's Department by way of a Levy Report attached as Exhibit "C."

i. In consideration of all of the foregoing, the Trustee agrees to withdraw, with prejudice, any and all of Debtor's objections to Cougar's Proof of Claim #9 and hereby stipulates to and agrees that Proof of Claim #9 is consented to and this Court hereby approves Proof of Claim #9.

j. In consideration for all the foregoing and further acknowledging the lack of legal basis for the action set forth below, the Trustee agrees to terminate, end and discontinue, with prejudice the following action filed by the Debtor in the Court of Common Pleas, Montgomery County, Pennsylvania, Docket #: 2013-30024.

k. In the event it is determined that any other actions, known or unknown, arise against the Debtor or an entity determined to be an alter ego of Debtor, the Trustee and Creditor shall jointly pursue the same and any recovery shall be equally shared between Creditor, up to the amount of his secured judgment, and Trustee.

l. Further, it is understood and agreed that this Settlement shall not have any adverse effect, be deemed a release or in any other way bar or prohibit Creditor or Cougar or any of their members or any other party hereto from pursing Anthony G. Campisi personally for any judgment, deficiency claims, existing claims, future claims, known or unknown, in a court of competent jurisdiction.

m. Any and all monies or funds recovered, received by or paid in to the Estate shall not reduce or otherwise be credited to any of ECI's or Cougar's claims and shall not reduce the amount due and owing in those claims.

n. The parties hereto intend this Stipulation and Consent Order and its findings to be binding in any and all future actions or suits in a court of competent jurisdiction.

ACTIVE 38349072v1 01/05/2016

9. The Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

10. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

11. Notwithstanding the possible applicability of any Federal Rule of Bankruptcy Procedure, the terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

_____
Thomas Muldoon
Counsel to ECI, LLC and
Cougar Development Group, LLC

_____ 1/5/2016
Edward J. DiDonato
Counsel to Trustee