**UNITED STATES BANKRUPTCY COURT**
**Eastern District of Pennsylvania**
Philadelphia Division

| | |
|---|---|
| Campisi Construction, Inc., | Chapter 7 |
| | Case No. 14-12458 |
| *Debtor.* | |

**Motion to Reopen Case**

Movant ECI, LLC, by its attorney, moves this Court as follows:

1. This case was filed under chapter 11 on March 31, 2014, and converted to chapter 7 on June 24, 2015, by motion of the U.S. Trustee. ECF No. 398. The case was closed on June 7, 2019. ECF No. 653.

2. Before this case was filed, ECI sued Debtor Campisi Construction, Inc. and co-debtor Anthony Campisi in a matter docketed as case no. 2011-12517 in the Montgomery County Court of Common Pleas. The state court entered a judgment against the Debtor and in favor of ECI in the amount of $174,047.35.

3. The Debtor took various actions against ECI while this case was pending, including objecting to its proofs of claim and filing an adversary complaint.

4. On January 5, 2016, ECI entered into a Settlement Agreement with the Debtor's bankruptcy estate, ECF No. 473-1, which was later approved by the Court, ECF No. 511.

5. As part of the Settlement Agreement, ECI's claims were deemed allowed, and ECI received monetary compensation which was not to reduce or otherwise affect its claims.

6. The Settlement Agreement expressly states that ECI's claims must not be reduced on account of payments made as part of the Settlement Agreement, and that this Court retains jurisdiction of disputes arising from the agreement.

7. Since this case was closed, ECI has continued to pursue its claims against the Debtor and Anthony Campisi in state court.

8. On October 4, 2023, the state court entered an order requesting that this Court determine whether the Debtor must receive credit for monies received by ECI under the Settlement Agreement. ECF No. 656.

9. Upon receipt of the state court's request, this Court found that it did not have jurisdiction to make the determination because the case is closed. The Court ordered that the Debtor or a party in interest must move to reopen this case before the Court can consider the matter.

10. ECI is making this motion for that purpose.

11. Because the Settlement Agreement's terms are straightforward, and because it was approved in an appropriate manner by this Court with the parties' consent, the Court must determine that the Debtor must not receive credit received by ECI under the agreement.

12. In the interest of judicial economy, this Court must enter an order opening this case, determining that the Settlement Agreement is valid, and then immediately closing the case.

For those reasons, the Court must grant relief in the form of order attached, and further in ECI's favor if necessary and proper under the law.

| | |
|---|---|
| Date: April 30, 2024 | CIBIK LAW, P.C.<br>*Attorney for Movant ECI, LLC*<br><br>By: /s/ Mike Assad<br>Mike Assad (#330937)<br>1500 Walnut Street, Suite 900<br>Philadelphia, PA 19102<br>215-735-1060<br>help@cibiklaw.com |

3