UNITED STATES BANKRUPTCY COURT

**Eastern District of Pennsylvania**

Philadelphia Division



FILED
MAY 15 2024
TIMOTHY McGRATH, CLERK
BY _____ DEP CLERK

Campisi Construction, Inc.  : Chapter 7

: Case No. 14-12458

Debtor.  :

---

### Answers to Creditor ECI/ Cougar Motion to Reopen Case

Co-Debtor Anthony Campisi agrees for this case to be reopened and review ECI and Cougar Claims.

1.  ECI Claim # 7 is a False Claim.

ECI claim # 7 is result of a arbitration decision that was canceled by both parties to be re- arbitrated at another arbitration.     **EXHIBIT A**

The original arbitration was on June 1, 2012 where both ECI and Campisi requested David DeClement (the arbitrator) to hold on a ruling due to wanting to achieve a GLOBAL SETTLEMENT at another arbitration.

Clearly, Mr. DeClement acknowledges exhibit A's email sent on July 27th 2012 and responds. According to his response asking for a list of things that we needed to arbitrate both ECI and Campisi on August 2nd of 2012 sent the email listing items to achieve a GLOBAL SETTLEMENT [1]     **EXHIBIT B**

On September 12, 2012 In complete disregard of ECI and Campisi's request Mr. DeClement rendered an incomplete decision (NOT AWARDING CASPA) and referencing that Campisi credits were not accounted for and also states on page 4 *"I do find that each contract or business experience between the parties which was a part of a greater course of dealing must be analyzed to obtain a fair and equitable resolution between the parties"*[2]     **EXHIBIT C**

---

[1] Please note in email sent by Spause that ECI and Campisi agreed to go Pro Se
[2] Also please note CASPA was NOT awarded to ECI according to the incomplete decision rendered.

ECI in many of Montgomery County cases and Bankruptcy claims, including his claims #7, #8 and #11 calculates his interest according to CASPA whereas even if the decision was real the amount of his claim would be incorrect.[3]  **EXHIBIT D**

ECI entered judgement in the amount of $174,000 including CASPA interest on August 13th 2013. However on April 8th 2013, four months before ECI entered judgement, during depositions ECI admitted owing Campisi Construction $20,000 and did not offset the judgement amount.                **EXHIBIT E**

Originally Campisi Construction did get the judgement vacated. ECI then filed a motion for reconsideration, and during testimony, the arbitrator David DeClement committed perjury stating he never received any writings on delaying the decision of the June 1st arbitration.[4]
   **EXHIBIT F**

Campisi Construction filed for Bankruptcy with hope of this case getting heard but ECI has manipulated bankruptcy court into never hearing the case. Please find a forensic accounting report for all of ECI claims which were all paid and copies of checks and credits used by ECI to perform not only Campisi jobs but jobs ECI did on their own.              **EXHIBIT G**

## SETTLEMENT AGREEMENT

Bankruptcy filings 473, Paragraph 9 states approval of this settlement is in the best interest of the parties as it resolves the matters *sub judice.*

*"Sub judice" is a Latin maxim that means "under judgment" or "under consideration by a court of law". In legal contexts, it refers to a case or matter that is currently pending before a court and is therefore not available for public discussion or comment. For example, "To date no conclusion can be made as to the contributor to the incident and it would be sub judice to say so".*

ECI continued in state court filing summary judgements against Campisi Construction **ONLY,** not serving the Trustee or the co-debtor Anthony, then filing writs of execution against Anthony Campisi as an individual. This is against the constitution and constitutes a fraud upon the court not allowing an opportunity to defend oneself.                **EXHIBIT H**[5]

In the stipulation and consent order of settlement between ECI, Cougar and the

---

[3] Please note in EXHIBIT D ECI creates a fake Bankruptcy calculation sheet to manipulate the court
[4] Please note David DeClement and Dave Spause were friends. Spause recommended DeClement to handle the Cornerstone case.
[5] We are using Cougar as an example but please see dockets for case 2011-12517

Chapter 7 Trustee, Paragraph L states that this settlement shall not have any adverse effect or deemed a release or in any other way bar or prohibit creditor (ECI) or Cougar from pursuing Anthony G Campisi personally. Followed by Paragraph M stating any and all monies or funds recovered, received by or **PAID INTO THE ESTATE** shall not reduce or otherwise be credited to any of ECI or Cougar's claims. And shall not reduce the amount due and owing on those claims.
[6] **EXHIBIT I**

## MOTION FOR SANCTIONS

ECI and Cougar have obviously settled with Campisi Construction and the stay was lifted as to ECI, Bankruptcy Docket 608. As to the reply of interested party Anthony G Campisi as an individual. Paragraph 1 – The automatic stay has been lifted for ECI's #7, #8 and #9 claims. ECI in violation of the Bankruptcy Court Order has filed summary judgments in Montgomery County against Campisi Construction only and as stated above filing writs of execution against Anthony Campisi and his assets. This has been going on since 2018 creating financial hardship, emotional distress and negatively affecting his personal and professional life.                                            **EXHIBIT J**

Sanctions should be awarded and all judgements in Montgomery County and lis pendants should be vacated. And any judgements against garnishee's should be vacated. Mr. Spause, Mr. Saracini and Mr. Muldoon should be fined and imprisoned according to 18 U.S.C. 152, 157 & 3571 – Fraudulent Claims.

The Bankruptcy stay was lifted in pursuit of it's claim against the equipment of the debtor which specifically during a status hearing Judge Fitzsimon had told David Spause to pursue specially against Mr. Campisi and allowing him to defend that in that action.                                            **EXHIBIT K**

Mr. Spause / ECI has chosen to #1: file a fraudulent UCC, saying the Trustee approved of a security interest, #2 Enter private property and gather or assemble the Debtor's assets telling law enforcement and posing as a Federal Marshall collecting assets for the Trustee. Please see Bankruptcy Docket No. 540 where the trustee denied any of his actions or a security interest.
                                            **EXHIBIT L**

---

[6] ECI continues to use a web of confusion to manipulate the Courts

Also ECI has admitted to taking a Bob Cat mini excavator which is specifically listed on Bankruptcy Court Order **NOT PART OF ABANDONED EQUIPMENT** another direct violation of the Order.[7]             **EXHIBIT M**

In conclusion ECI claim #8 is a false claim, proof is in forensic report. Cougar claim #9 is a false claim fake lease used to acquire financing. ECI claim # 11 is a false claim. Mr. Saracini's (ECI's lawyer) father was a Judge in Montgomery County. I have been claiming Fraud since the beginning of this case and no matter what concrete proof I have it keeps getting put under a carpet. ECI, Cougar, DeClement, Saricini and Mr. Muldoon all have knowledge of what has occurred and should have consequences to face. Campisi came to this court so all of its legitimate creditors would be paid, only to have criminals collect their money. The fraudulent actions of Mr. Spause are unending I could submit a hundred more exhibits.

Anthony G Campisi

5/14/2024

---

[7] Property stolen is well over $500,000.00 and damages should be awarded by restitution. Damages for Legal fees and 13 years of hell should also be considered.