## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF PENNSYLVANIA
### Philadelphia Division

Campisi Construction, Inc.,

                            *Debtor.*

Case No. 14-12458-AMC
Chapter 7

### Motion to Remand

Movant ECI, LLC, by its attorney, moves this Court as follows:

1. This case was filed under chapter 11 on March 31, 2014, and converted to chapter 7 on June 24, 2015, by motion of the U.S. Trustee. ECF No. 398.

2. This case was closed on June 7, 2019, ECF No. 653, but reopened on June 5, 2024. ECF No. 665.

3. Before this case was filed, ECI sued Debtor Campisi Construction, Inc. and co-debtor Anthony Campisi in a matter docketed as case no. 2011-12517 in the Montgomery County Court of Common Pleas. The state court entered a judgment against the Debtor and in favor of ECI in the amount of $174,047.35.

4. The Debtor took various actions against ECI while this case was pending, including objecting to its proofs of claim and filing an adversary complaint.

5. On January 5, 2016, ECI entered into a Settlement Agreement with the Debtor's bankruptcy estate, ECF No. 473-1, which was later approved by the Court, ECF No. 511.

6. As part of the Settlement Agreement, ECI's claims were deemed allowed, and ECI received monetary compensation which was not to reduce or otherwise affect its claims.

7. The Settlement Agreement expressly states that ECI's claims must not be reduced on account of payments made as part of the Settlement Agreement, and that this Court retains jurisdiction of disputes arising from the agreement.

8. Since this case was closed, ECI has continued to pursue its claims against the Debtor and Anthony Campisi in state court.

9. On October 4, 2023, the state court entered an order requesting that this Court determine whether the Debtor must receive credit for monies received by ECI under the Settlement Agreement. ECF No. 656.

10. The Court may not reconsider the Settlement Agreement because there is no intervening change in controlling law, there is no new evidence available, and there is no need to correct a clear error of law or prevent manifest injustice. *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

11. The Court must remand this matter to state court. In doing so, the Court should make the determination requested by the state court.

12. Making the determination does not violate the case or controversy clause of the U.S. Constitution because the question before the Court can affect the rights of litigants in this case and the Court's order will not address a hypothetical state of facts. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013).

13. Because the Settlement Agreement's terms are straightforward, the Court must determine that Campisi Construction must not receive credit toward the judgment for money it paid to ECI under the agreement.

For those reasons, the Court must grant relief in the form of order attached, and further in ECI's favor if necessary and proper under the law.

Date: June 7, 2024                    CIBIK LAW, P.C.
                                      *Attorney for Movant ECI, LLC*

                        By: _____
                                      Mike Assad (#330937)
                                      1500 Walnut Street, Suite 900
                                      Philadelphia, PA 19102
                                      215-735-1060
                                      help@cibiklaw.com