UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In re: | : |
| | :  Chapter 7 |
| Campisi Construction, Inc. | : |
|     Debtor | :  Bankruptcy No. 14-12458-amc |
| | : |
| ECI, LLC | :  Related to Doc. 668 |
|     Movant | : |
| | : |
| v. | : |
| | : |
| Campisi Construction, Inc. | : |
|     Debtor/Respondent | : |
| | : |
| Lynn E. Feldman | : |
|     Trustee/Respondent | : |

**CERTIFICATION IN SUPPORT OF AMOUNT DUE ON MOVANT'S JUDGMENT/PROOF OF CLAIM #7 IN SUPPORT OF ITS MOTION TO REMAND**

I, ____David J. Spause____, hereby certify as follows:

1. I am the ____Sole-owner and Managing Member____ of ECI, LLC ("ECI" or "Movant").

2. I make this Certification in further support of Movant's Motion to Remand (doc 668).

3. I have personal knowledge of the subject matter and I am fully qualified and authorized to make this Certification on behalf of the Movant. In the regular performance of my job functions, I am familiar with the business records maintained by Movant. These records (which include data compilations, electronically imaged documents, and others) are made at or near the time by, or from information provided by persons with knowledge of the activity and transactions reflected in such records and are kept in the course of business activity conducted regularly by Movant. It is the regular practice of Movant's business to make these records. In

connection with making this Certification, I have personally examined these business records reflecting data and information.

4. The Settlement Agreement [ECF No. 473-1], approved by the Honorable Judge Jean K. FitzSimon [ECF No. 511], clearly and unambiguously directs the following, in relevant part:

- "**any and all funds collected for interest, cost, expenses or attorney's fees are to be kept by ECI and are not to be credited towards or will otherwise reduce the amount due under the Secured Claim.**" (emphasis added). [ECF No. 473-1, ¶8(b)(i)];

- **ECI's Proof of Claims against the Debtor, Campisi Construction, Inc. ("CCI" or "Debtor") are approved** [ECF No. 473-1, ¶8(h)];

- "**Any and all monies or funds recovered, received by or paid in to the Estate shall not reduce or otherwise be credited to any of ECI's [ ] claims and shall not reduce the amount due and owing in those claims**" (emphasis added). [ECF No. 473-1, ¶8(m)];

- "**The parties hereto intend this Stipulation and Consent Order and its findings to be binding in any and all future actions or suits in a court of competent jurisdiction.**" (emphasis added). [ECF No. 473-1, ¶8(n)];

- "**The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.**" (emphasis added) [ECF No. 473-1, ¶10)].

5. It is without question that the Debtor "**shall not**" receive any "credit" towards the Movant's claims for payments made to ECI under the Settlement Agreement. [ECF No. 473-1, ¶8(m)].

6. Paragraph 8(a) and 8(e) evidence the fact that the Estate was not entitled to any of the funds as these funds were garnished more than 90 days prior to the date that the Debtor filed its Bankruptcy Petition, not subject to any claw back by the Trustee or Estate, because Movant ECI was entitled to 100% of the garnished funds. [ECF No. 473-1, ¶8(a)].

7. Paragraph 8(b) evidences the "compromise and settlement" with respect to both the benefit and detriment to all parties, *especially ECI*. [ECF No. 473-1, ¶8(b)].

8. Paragraph 8(e) acknowledges that the funds were properly levied, and not part of the bankruptcy estate. [ECF No. 473-1, ¶8(e)].

9. Paragraph 8(g) sets forth the conditions under which ECI must credit the Debtor. No such conditions existed then nor now. No credit is due to the Debtor. [ECF No. 473-1, ¶8(g)].

10. In light of the legal saga taking place between the Movant and the Debtor, which now extends for more than a decade, it is without question that paragraph 8 of the Settlement Agreement, in its entirety, was a material condition for inducing Movant to enter into the Settlement Agreement.

11. By way of additional background, Debtor filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code on March 31, 2014, which was converted to Chapter 7 by Order of Court dated June 24, 2015 by the Honorable Jean K. FitzSimon [ECF No. 398].

12. On June 25, 2015, Terry P. Dershaw ("Trustee") was appointed as Trustee on behalf of the Debtor. [ECF No. 399].

13. Proofs of Claim were filed by ECI (numbers 7, 8 and 11) to which Debtor filed objections. The Debtor also filed adversary proceedings against ECI and others. [ECF No. 473, ¶3].

14. ECI's Proof of Claim designated as Claim No. 7 (Claim #7) in the amount of $179,476.48 was the direct result of a final unappealed state court confirmed arbitration award entered by the state court against the Debtor on August 20, 2013 in the amount of $174,047.35, plus $52.71 in daily post-judgment interest in the Court of Common Pleas of Montgomery County

Pennsylvania, Docket No. 2011-12517 ("state court action").[1] [ECF No. 473-1, ¶4; ECF No. 608-1, ¶1a].

15.     Since the appointment of the Trustee, there had been ongoing negotiations, which were initiated by the Trustee in an effort to obtain funds from ECI so the Estate could function, all in an attempt to settle the adversary proceedings and objections to claims, which ultimately resulted in an agreement between ECI, Cougar Development Group, LLC ("Cougar") and the Trustee, which resulted in the funding of the Estate. [ECF No. 473, ¶4; ECF No. 473-1, Exhibit A].

16.     On January 12, 2016, the Trustee, on behalf of the Debtor, by and through its then counsel, Fox Rothschild LLP, filed a Motion for Approval of Settlement [ECF No. 473].

17.     The Motion for Approval of Settlement [ECF No. 473], and the "Stipulation and Consent Order of Settlement Between the Chapter 7 Trustee on behalf of the Debtor, Movant and Creditor Cougar Development Group, LLC ("Cougar") provides further background and context in which a settlement was reached. [ECF No. 473, ¶¶1-11; ECF No. 473-1, Exhibit A].

---

[1] Prior to the Debtor's initiation of these Bankruptcy proceedings, on July 15, 2011, ECI initiated the state court action against Debtor and Anthony Campisi (collectively "co-defendants") for breach of contract and debt collection. [ECF No. 655, ¶2]. The parties went to binding arbitration at which a verdict was rendered on behalf of ECI and against co-defendants in an amount, inclusive of interest, totaling $174,047.35. [ECF No. 655, ¶3]. This award was not appealed. [ECF No. 655, ¶4]. The arbitration award was confirmed and entered against co-defendants jointly and severally and issued a judgment in the amount of $174,047.35 as of May 31, 2013 plus $52.71 in interest for each day through the date of the entry of judgment. [ECF No. 655, ¶5; ECF No. 655, Exhibit A]. The judgment was not appealed. [ECF No. 655, ¶6]. Subsequently, on August 28, 2013, ECI obtained a final judgment in the State of New Jersey under Judgment Number DJ 169407-13. [ECF No. 473-1, ¶5]. On September 12, 2013, ECI filed a Writ of Execution with the Burlington County Sheriff's Office to be served on Lukoil North America, LLC ("Lukoil"), levying a portion of Debtor's accounts receivable. [ECF No. 473-1, ¶6]. On September 20, 2013 (the "Levy Date"), *more than six months prior to the filing of Debtor's Bankruptcy petition*, the Burlington County Sheriff's Office served the Writ of Execution upon Lukoil in an amount not to exceed $179,625.95 ("Lukoil Levy"), levying cash-equivalent assets not to exceed that amount, namely the moneys due Debtor ("Lukoil Accounts Receivables"). [ECF No. 473-1, ¶7].

18. ECI concedes, and in the opinion of the Trustee, the terms of the settlement increased the potential funds available for distribution to valid and approved claims. [ECF No. 473, ¶9].

19. By Order of Court dated March 16, 2016, the Honorable Jean K. FitzSimon granted the Motion for Approval of Settlement. [ECF No. 511].

20. The March 2016 Order of Judge FitzSimon sets forth that the settlement was approved "after notice to all creditors and parties in interest, opportunity for hearing, and upon a Certification of No Objection having been filed, and it appearing that approval of the settlement would be in the **best interest of the Debtor, the Estate, all creditors, and parties in interest**." (emphasis added). [ECF No. 511].

21. As part of the Settlement Agreement, ECI's claims were deemed allowed, and ECI received monetary compensation which was not to reduce or otherwise affect its claims. [ECF No. 473, ¶5]; [ECF No. 473-1, ¶8(i)].

22. On August 5, 2017, ECI filed a Motion for Relief from the Automatic Stay [ECF No. 570] and, by Order of Court entered April 2, 2018, the Honorable Jean K. FitzSimon granted ECI's motion for relief permitting ECI to enforce its rights and remedies in pursuit of its claims as more fully detailed in the April 2, 2018 Relief Order. [ECF No. 608-1].

23. Specifically, in addition to other relief, paragraph 1(a) of Judge FitzSimon's Relief Order specially permits ECI to enforce its rights and remedies in pursuit of ECI's Secured Proof of Claim designated as Claim No. 7 (Claim #7) in the amount of $179,476.48 which was the result of the state court judgment for money due from an arbitration award which judgment and case is docketed in state court action. [ECF No. 608-1, ¶1a].

24. The Relief Order of April 2, 2018 – entered well after the order approving the settlement – is indicative and demonstrative of the fact that ECI's Claim #7 is not to be reduced or credited from the Settlement monies.

25. Likewise, the April 2, 2018 Relief Order lifted the Bankruptcy Automatic Stay with respect to ECI's state court action. [ECF No. 608-1, ¶2].

26. After obtaining relief, ECI proceeded with the state court action.

27. After protracted litigation, in contravention to the Settlement Agreement, the state court defendants (Debtor, and Anthony Campisi) filed a Motion for Credit asking the state court to reduce the amount of the judgment by the amount paid to ECI pursuant to the Bankruptcy Court agreement. [ECF No. 655, ¶14].

28. As a result, on October 4, 2023, the Honorable Gail Weilheimer entered an Order transferring the case to this Honorable Court "to determine whether the $143,123.83 paid to [ECI] pursuant to a Bankruptcy Court settlement agreement shall be credited to [Debtor] against the judgment owed in the [state court action]." [ECF No. 655].

29. The instant Bankruptcy matter was reopened by Order of Court entered June 7, 2024. [ECF No. 671].

30. On July 25, 2024, pursuant to Federal Rule of Bankruptcy Procedure 5010 ("Reopening Cases"), the Honorable Ashley M. Chan entered an Amended Order [ECF No. 682] directing the United States ("UST") to appoint a Chapter 7 Trustee "in order to protect the interest of creditors and the Debtor's bankruptcy estate in resolving the dispute over the interpretation of the settlement agreement." [ECF No. 682].

31. On July 25, 2024, Lynn E. Feldman ("Trustee") was appointed, has qualified, and is so acting. [ECF No. 680].

32. As a result of the hearing held on August 14, 2024, the Honorable Ashley M. Chan directed ECI's counsel "to make initial calculation in 2 weeks" and granted leave for "any response due 2 weeks after." [ECF No. 685].

33. Pellegrino Law PLLC was substituted as counsel for ECI by Withdraw and Entry of Appearance dated and docketed on August 27, 2024. [ECF No. 686].

34. It is without question that the $143,123.83 paid to ECI pursuant to the Bankruptcy Court settlement agreement [ECF No. 473-1], which was consideration for ECI's concessions and funding of the Estate, **shall not be credited to Debtor.**

35. Movant believes and therefore avers that the Trustee is not taking a position on this Honorable Court's determination as to whether Debtor shall receive credit for the monies received by ECI pursuant to the Bankruptcy Court settlement agreement.

36. Movant has correspondence with Cougar's counsel, and Cougar does not object to, and in fact concurs with Movant's interpretation of the Settlement Agreement.

37. Movant emphasizes that it gave up a substantial amount of money to the Estate, which the Estate was admittedly not entitled to, as consideration for entering into the Settlement Agreement and to aid the Estate to properly function.[2]

38. Movant continues to suffer unjust financial losses, all of which accrues to the benefit of the Debtor and Anthony Campisi, and to the severe detriment of Movant.

I certify under penalty of perjury that the foregoing is true and correct.

|  |  |
|---|---|
| August 28, 2024 | ECI, LLC<br>By: _____<br>David J. Spause,<br>Sole-owner and Managing Member |
| Date |  |

---

[2] As part of the Estate's duties, since it had been funded, the Estate agreed to pursue alter ego claims against Anthony Campisi and others to recover funds. [ECF No. 473-1, ¶8(k)].