**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE | : | Chapter 7 |
| | : | |
| **CAMPISI CONSTRUCTION, INC.** | : | |
| | : | Bankruptcy No. 14-12458-AMC |
| DEBTOR | : | |
| | : | |

**ORDER**

AND NOW, this 7th day of October 2024, upon consideration of the "Motion for Remand" ("Remand Motion") filed by ECI, LLC ("ECI")[1], response ("Response") filed by Anthony G. Campisi ("Mr. Campisi")[2], and supplemental submissions filed by both parties,[3] the Court hereby finds as follows:

1. On July 15, 2011, ECI filed a complaint in the Montgomery County Court of Common Pleas ("State Court") against Campisi Construction Inc. ("Debtor" collectively with Mr. Campisi, the "Campisi Parties") and Mr. Campisi for breach of contract and debt collection ("State Action"). Case No. 14-12458 ECF 655 State Court Order ¶ 2.

2. The parties participated in arbitration proceedings in the State Action, which resulted in an arbitration award in favor of ECI and against the Campisi Parties in the amount of $174,047.35, inclusive of interest ("Arbitration Award"). *Id.* at ¶ 3.

3. On August 13, 2013, the State Court confirmed the Arbitration Award and issued a judgment against the Campisi Parties, jointly and severally, in the amount of $174,047.35 as of May 31, 2013 plus $52.71/day in interest through the date of the entry of judgment ("State Action Judgment"). *Id.* at ¶ 5.

---

[1] Case No. 14-12458 ECF 668
[2] Case No. 14-12458 ECF 673
[3] Case No. 14-12458 ECF 687, 689, 690

1

4. On March 31, 2014, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Case No. 14-12458 ECF 1. On May 27, 2014, ECI filed proof of claim #7 ("POC 7") based upon the State Action Judgment. On June 24, 2015, the Court entered an order converting the Debtor's case to a case under Chapter 7 of the Bankruptcy Code. *Id.* at ECF 398. The next day, Terry P. Dershaw ("Mr. Dershaw") was appointed Chapter 7 trustee for the bankruptcy estate of the Debtor. *Id.* at ECF 399.

5. On January 12, 2016, Mr. Dershaw filed a motion to approve settlement ("Motion to Approve") between the Chapter 7 trustee, ECI, and another creditor, Cougar Development Group, LLC. *Id.* at ECF 473. Pursuant to the settlement agreement ("Settlement"), ECI and Mr. Dershaw, on behalf of the bankruptcy estate, agreed that ECI would, *inter alia*, share certain proceeds which ECI had levied prepetition in connection with collecting on the State Action Judgment with the bankruptcy estate in exchange for Mr. Dershaw ceasing certain litigation and withdrawing any and all objections to ECI's claims in the bankruptcy. *See id.* at Ex. A Settlement ¶ 8. Pursuant to ¶ 8(m) of the Settlement, "[a]ny and all monies or funds recovered, received by or paid in to the Estate shall not reduce or otherwise be credited to any of ECI's or Cougar's claims and shall not reduce the amount due and owing in those claims."

6. On March 16, 2016, the Court entered an order granting the Motion to Approve. Case No. 14-12458 ECF 511. On June 7, 2019, the Court entered an order approving the Chapter 7 trustee's final account, discharging the trustee, and closing the case. *Id.* at ECF 653.

7. On October 4, 2023, an order from the State Court dated the same day was entered on the bankruptcy case docket ("State Court Order"). *Id.* at ECF 655. The State Court Order

2

explained that "[t]he parties agree that ECI received a monetary award pursuant to the Bankruptcy Court [Settlement]; the amount of the award being $143,123.83"; that subsequent to the approval of the Settlement in the bankruptcy, ECI filed a motion to compel in State Court requesting Debtor and Mr. Campisi satisfy the State Action Judgment; and that in response, the Campisi Parties filed a motion for credit asking the State Court to reduce the amount of the State Action Judgment by the amount paid to ECI pursuant to the Settlement. *Id.* at State Court Order ¶¶ 11, 14, 15. As such, the State Court Order directed that "this matter shall be transferred to the United States Bankruptcy Court for the Eastern District of Pennsylvania to determine whether the $143,123.83 paid to [ECI] pursuant to a Bankruptcy Court [Settlement] shall be credited to [Debtor] against the [State Action Judgment] owed in the instant matter." *Id.* at 1.

8. On October 13, 2023, the Court entered a notice reassigning the case to the calendar of then-Chief Judge Coleman, as the former presiding bankruptcy judge, Judge Fitzsimon, had since retired. Case No. 14-12458 ECF 656.

9. On April 30, 2024, ECI filed a motion to reopen the Debtor's Chapter 7 case in light of the State Court Order. *Id.* at ECF 660.

10. Subsequently, on May 1, 2024, the Court entered a notice reassigning the case to the undersigned in preparation for then-Chief Judge Coleman's upcoming retirement. *Id.* at ECF 661.

11. On June 7, 2024, the Court entered an order reopening the case. *Id.* at ECF 671. The same day, ECI filed the Remand Motion, arguing that "[b]ecause the Settlement Agreement's terms are straightforward, the Court must determine that Campisi Construction must not

3

receive credit toward the [State Action Judgment] for money it paid to ECI under the [Settlement]." *Id.* at ECF 668 Mot. for Remand ¶ 13.

12. On June 13, 2024, Mr. Campisi filed his pro se Response to the Remand Motion, essentially taking issue with ECI's underlying State Action Judgment and other issues unrelated to the State Court's directive. *Id.* at ECF 673 Resp. ¶ 3.

13. On July 18, 2024, the Court entered an order directing the United States Trustee to reinstate and re-appoint Mr. Dershaw as the Chapter 7 trustee to assist with resolving the dispute over the Settlement since he was the party who entered into the Settlement with ECI on behalf of the bankruptcy estate. *Id.* at ECF 678. Unfortunately, Mr. Dershaw subsequently filed a notice with the Court rejecting the appointment. *Id.* at ECF 681.

14. On August 14, 2024, the Court held a hearing on the Remand Motion where it explained that in order to determine how the amount ECI received pursuant to the Settlement should be credited, it appeared that the Court needed to understand the source or sources of funds that ECI had received, as the Settlement directed different treatment of different sources of funding.[4] As such, the Court directed each party to submit calculations breaking down how much of the amount ECI received stemmed from each applicable source of funding referenced in the Settlement.

---

[4] For example, the Settlement provided that with respect to certain funds referred to in the Settlement as "Cornerstone Funds," ECI would receive 75% of the funds, and all funds collected "for interest, cost, expenses or attorney's fees" were to be kept by ECI and not credited to the State Action Judgment, with the Chapter 7 trustee receiving 25% for the estate. Case No. 14-12458 ECF 473 Ex. A Settlement ¶ 8(b)(i). Similarly, the Settlement provided with respect to funds referred to in the Settlement as "Lukoil Funds" that ECI would get 60% of any recovery and the Chapter 7 trustee would receive 40% of the recovery for the estate. *Id.* at ¶ 8(d). Additionally, funds recovered by ECI "as a result of a Levy or Garnishment Violation" were to be "credited towards the secured judgment amount once costs, expenses and reasonable attorney's fees are deducted for the collection and adjudication of said funds," and after the satisfaction of the State Action Judgment, the remainder would go to the estate in an amount not to exceed the amount recovered from Lukoil. *Id.* at ¶ 8(g). Finally, recovery from any other known or unknown actions would be shared equally between ECI and the estate up to the amount of ECI's State Action Judgment. *Id.* at ¶ 8(k).

15. On August 28, 2024, ECI filed its supplemental memorandum, which the Court was confused to find largely restated ECI's previous argument and did not include any calculations or accounting of the sources from which ECI received funds from the Settlement. *See* Case No. 14-12458 ECF 687. Mr. Campisi filed a pro se response on September 16, 2024, which also did not include or reference any calculations or accounting of the funds ECI received. *Id.* at ECF 689. ECI filed a reply on October 1, 2024, largely restating its prior arguments. *Id.* at ECF 690.

16. On October 2, 2024, the Court held the continued hearing on the Remand Motion. *Id.* at ECF 692. It became apparent through the Court's colloquy with counsel for ECI that he had not understood the Court's directive at the last hearing, nor the Court's reason for continuing to ask about the sources of funding. Fortunately, ECI's principal supplied very helpful background which cleared up the Court's confusion regarding the Settlement. ECI's principal explained that after the Settlement had been approved, ECI released the levies it had secured prepetition against certain property[5] to the Chapter 7 trustee, Mr. Dershaw. Mr. Dershaw then calculated and distributed $143,123.83 from those funds to ECI's counsel based on how the source of funds was to be treated pursuant to the Settlement.

17. In sum, the $143,123.83 at issue in this dispute first was released, along with all the other proceeds upon which ECI had placed a prepetition levy, directly to the Chapter 7 trustee into the bankruptcy estate. The Chapter 7 trustee then paid ECI the $143,123.83 from estate funds, which sum it appears had been calculated by the trustee based on the directives in the Settlement. Section 8(m) of the Settlement provides that "[a]ny and all

---

[5] Namely in "Cornerstone Funds" and "Lukoil Funds." *See* Case No. 14-12458 ECF 473 Ex. A Settlement ¶ 8(b)(i), (d).

5

monies or funds recovered, received by or paid in to the Estate shall not reduce or otherwise be credited to any of ECI's…claims and shall not reduce the amount due and owing in those claims." The $143,123.83 the Chapter 7 trustee paid ECI was paid from the estate and as such, per the plain language of the Settlement, is not to be credited towards the State Action Judgment.

18. Therefore, based on the foregoing, it is hereby ORDERED that:

   a. The Debtor, Campisi Construction, Inc., must not receive credit towards the State Action Judgment for the $143,123.83 received by ECI from the Chapter 7 trustee under the Settlement.

   b. This matter is REMANDED to the Montgomery County Court of Common Pleas.

_____
Honorable Ashely M. Chan
United States Bankruptcy Judge

cc: Anthony G. Campisi

6