**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE | : | Chapter 7 |
| | : | |
| CAMPISI CONSTRUCTION, INC. | : | |
| | : | Bankruptcy No. 14-12458-AMC |
| DEBTOR | : | |
| | : | |

**ORDER**

AND NOW, this 29th of January 2025, upon consideration of the "Motion for Reconsideration" ("Reconsideration Motion") filed by Anthony G. Campisi ("Mr. Campisi")[1], and the response filed by ECI, LLC ("ECI") in opposition ("Response")[2], the Court hereby finds as follows:

1. On July 15, 2011, ECI filed a complaint in the Montgomery County Court of Common Pleas ("State Court") against Campisi Construction Inc. ("Debtor" collectively with Mr. Campisi, the "Campisi Parties") and Mr. Campisi for breach of contract and debt collection ("State Action"). Case No. 14-12458 ECF 655 ¶ 2.

2. The parties participated in arbitration proceedings in the State Action, which resulted in an arbitration award in favor of ECI and against the Campisi Parties in the amount of $174,047.35, inclusive of interest ("Arbitration Award"). *Id.* at ¶ 3.

3. On August 13, 2013, the State Court confirmed the Arbitration Award and issued a judgment against the Campisi Parties, jointly and severally, in the amount of $174,047.35 as of May 31, 2013 plus $52.71/day in interest through the date of the entry of judgment ("State Action Judgment"). *Id.* at ¶ 5.

---

[1] Case No. 14-12458 ECF 707
[2] Case No. 14-12458 ECF 715

4. On March 31, 2014, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Case No. 14-12458 ECF 1. On May 27, 2014, ECI filed proof of claim #7 ("POC 7") based upon the State Action Judgment ("Claim 7") and proof of claim #8 ("POC 8") in the amount of $65,105.82 based upon "past due invoices for work performed" ("Claim 8"). On June 2, 2014, ECI filed proof of claim #11 ("POC 11") in the amount of $64,444.21 based upon "attorney fees due under litigation" ("Claim 11").

5. On June 24, 2015, the Court entered an order converting the Debtor's case to a case under Chapter 7 of the Bankruptcy Code. Case No. 14-12458 ECF 398. The next day, Terry P. Dershaw ("Mr. Dershaw") was appointed Chapter 7 trustee ("Trustee") for the bankruptcy estate of the Debtor. *Id.* at ECF 399.

6. On January 12, 2016, Mr. Dershaw filed a motion to approve settlement ("Motion to Approve") between the Trustee, ECI, and another creditor, Cougar Development Group, LLC. *Id.* at ECF 473. Pursuant to the settlement agreement ("Settlement"), ECI and Mr. Dershaw, on behalf of the bankruptcy estate, agreed that ECI would, *inter alia*, share certain proceeds which ECI had levied prepetition in connection with collecting on the State Action Judgment with the bankruptcy estate in exchange for Mr. Dershaw ceasing certain litigation and withdrawing any and all objections to ECI's claims in the bankruptcy. *See id.* at Ex. A ¶ 8.

7. On March 11, 2016, ECI filed an amended proof of claim for POC 11 ("Amended POC 11") in the amount of $94,175.47 based upon "[a]ttorney fees and interest due under litigation" ("Amended Claim 11").

8. On March 16, 2016, the Court entered an order granting the Motion to Approve. Case No. 14-12458 ECF 511.

9. On June 7, 2019, the Court entered an order approving the Trustee's final account, discharging the Trustee, and closing the case. *Id.* at ECF 653.

10. On October 4, 2023, an order from the State Court dated the same day was entered on the bankruptcy case docket ("State Court Order"). *Id.* at ECF 655. The State Court Order explained that "[t]he parties agree that ECI received a monetary award pursuant to the Bankruptcy Court [Settlement]; the amount of the award being $143,123.83"; that subsequent to the approval of the Settlement in the bankruptcy, ECI filed a motion to compel in State Court requesting Debtor and Mr. Campisi satisfy the State Action Judgment; and that in response, the Campisi Parties filed a motion for credit asking the State Court to reduce the amount of the State Action Judgment by the amount paid to ECI pursuant to the Settlement. *Id.* at ¶¶ 11, 14, 15. As such, the State Court Order directed that "this matter shall be transferred to the United States Bankruptcy Court for the Eastern District of Pennsylvania to determine whether the $143,123.83 paid to [ECI] pursuant to a Bankruptcy Court [Settlement] shall be credited to [Debtor] against the [State Action Judgment] owed in the instant matter." *Id.* at 1.

11. On October 13, 2023, the Court entered a notice reassigning the case to the calendar of then-Chief Judge Coleman, as the former presiding bankruptcy judge, Judge Fitzsimon, had since retired. Case No. 14-12458 ECF 656.

12. On April 30, 2024, ECI filed a motion to reopen the Debtor's Chapter 7 case in light of the State Court Order. *Id.* at ECF 660.

13. Subsequently, on May 1, 2024, the Court entered a notice reassigning the case to the undersigned in preparation for then-Chief Judge Coleman's upcoming retirement. *Id.* at ECF 661.

3

14. On June 7, 2024, the Court entered an order reopening the case. *Id.* at ECF 671. The same day, ECI filed its motion for remand ("Remand Motion"), arguing that "[b]ecause the Settlement Agreement's terms are straightforward, the Court must determine that Campisi Construction must not receive credit toward the [State Action Judgment] for money it paid to ECI under the [Settlement]." *Id.* at ECF 668 ¶ 13.

15. On June 13, 2024, Mr. Campisi filed his pro se response to the Remand Motion, essentially taking issue with ECI's underlying State Action Judgment and raising other issues unrelated to the State Court's directive. *Id.* at ECF 673 ¶ 3.

16. On July 18, 2024, the Court entered an order directing the United States Trustee to reinstate and re-appoint Mr. Dershaw as the Chapter 7 Trustee to assist with resolving the dispute over the Settlement since he was the party who entered into the Settlement with ECI on behalf of the bankruptcy estate. *Id.* at ECF 678. Unfortunately, Mr. Dershaw subsequently filed a notice with the Court rejecting the appointment. *Id.* at ECF 681.

17. On August 14, 2024, the Court held a hearing on the Remand Motion where it explained that in order to determine how the amount ECI received pursuant to the Settlement should be credited, it appeared that the Court needed to understand the source or sources of funds that ECI had received, as the Settlement directed different treatment of different sources of funding.[3] As such, the Court directed each party to submit calculations

---

[3] For example, the Settlement provided that with respect to certain funds referred to in the Settlement as "Cornerstone Funds," ECI would receive 75% of the funds, and all funds collected "for interest, cost, expenses or attorney's fees" were to be kept by ECI and not credited to the State Action Judgment, with the Trustee receiving 25% for the estate. Case No. 14-12458 ECF 473 Ex. A ¶ 8(b)(i). Similarly, the Settlement provided with respect to funds referred to in the Settlement as "Lukoil Funds" that ECI would get 60% of any recovery and the Trustee would receive 40% of the recovery for the estate. *Id.* at ¶ 8(d). Additionally, funds recovered by ECI "as a result of a Levy or Garnishment Violation" were to be "credited towards the secured judgment amount once costs, expenses and reasonable attorney's fees are deducted for the collection and adjudication of said funds," and after the satisfaction of the State Action Judgment, the remainder would go to the estate in an amount not to exceed the amount recovered from Lukoil. *Id.* at ¶ 8(g). Finally, recovery from any other known or unknown actions would be shared equally between ECI and the estate up to the amount of ECI's State Action Judgment. *Id.* at ¶ 8(k).

breaking down how much of the amount ECI received stemmed from each applicable source of funding referenced in the Settlement.

18. On August 28, 2024, ECI filed its supplemental memorandum, which the Court was confused to find largely restated ECI's previous argument and did not include any calculations or accounting of the sources from which ECI received funds from the Settlement. *See* Case No. 14-12458 ECF 687. Mr. Campisi filed a pro se supplemental response on September 16, 2024, which also did not include or reference any calculations or accounting of the funds ECI received ("Campisi Supplemental Response"). *Id.* at ECF 689. The same day, Mr. Campisi also filed a motion for sanctions against ECI ("Sanctions Motion"), but did not notice the Sanctions Motion for a hearing. *Id.* at ECF 688. On October 1, 2024, ECI filed a reply ("ECI Reply") responding to both the Campisi Supplemental Response and the Sanctions Motion. *Id.* at ECF 690.

19. On October 2, 2024, the Court held the continued hearing on the Remand Motion. *Id.* at ECF 692. It became apparent through the Court's colloquy with counsel for ECI that he had not understood the Court's directive at the last hearing, nor the Court's reason for continuing to ask about the sources of funding. Fortunately, ECI's principal supplied very helpful background which cleared up the Court's confusion regarding the Settlement. ECI's principal explained that after the Settlement had been approved, ECI released the levies it had secured prepetition against certain property[4] to the Trustee, Mr. Dershaw. Mr. Dershaw then calculated and distributed $143,123.83 from those funds to ECI's counsel based on how the source of funds was to be treated pursuant to the Settlement.

---

[4] Namely in "Cornerstone Funds" and "Lukoil Funds." *See* Case No. 14-12458 ECF 473 Ex. A ¶ 8(b)(i), (d).

5

20. As such, on October 7, 2024, the Court entered an order concluding that the $143,123.83 at issue in the dispute was not to be credited towards the State Action Judgment for the reasons stated therein and remanding the matter back to the State Court. Case No. 14-12458 ECF 694.

21. On October 9, 2024, Mr. Campisi noticed his Sanctions Motion for a hearing on November 6, 2024. *Id.* at ECF 695.

22. On November 7, 2024, following the hearing on the Sanctions Motion held the previous day, the Court entered an order denying the Sanctions Motion ("Sanctions Order") for the reasons stated therein. *Id.* at ECF 704. The Court incorporates the Sanctions Order by reference as if set forth fully herein.

23. On November 13, 2024, Mr. Campisi filed the Reconsideration Motion seeking reconsideration of the Sanctions Order. *Id.* at ECF 707. The Reconsideration Motion sets forth several arguments which the Court will attempt to address in turn. *Id.* On November 27, 2024, ECI filed its Response. *Id.* at ECF 715. A hearing on the Reconsideration Motion was held and concluded on January 29, 2025.

24. First, Mr. Campisi argues that because ECI failed to respond to the Sanctions Motion, the Court should have granted the motion. *Id.* at ECF 707 ¶ 1. Mr. Campisi is incorrect both as a matter of fact and a matter of law. On October 1, 2024, after Mr. Campisi first filed his Sanctions Motion, but before he had noticed it for a hearing, ECI filed the ECI Reply responding to the Sanctions Motion. *Id.* at ECF 688, 690 ("ECI filed its Certification of Amount Due in Support of Motion [ECF 687]. In response, Debtor filed a frivolous pro se motion for sanctions [ECF 688] and non-responsive opposition [ECF 689]. Please accept this letter in lieu of a more formal memorandum of law in support of ECI's

Motion for Remand [ECF 668] and in opposition to Debtor's recent filings."). Furthermore, even if ECI had not filed a response, that does not automatically entitle the movant to the relief requested if no legal basis exists for granting that relief. In this instance, the Court found no legal justification for granting the relief requested in the Sanctions Motion, even assuming the veracity of every allegation contained in the Sanctions Motion.

25. The Court finds Mr. Campisi's second argument largely incoherent. It appears that Mr. Campisi takes issue with the Court explaining in the Sanctions Order that ECI had attached emails to its reply, filed in further support of its Disposition Motion[5], indicating that the Trustee had in fact told ECI that he had "no objection" to ECI attempting to collect estate property the Trustee had moved to abandon. *See id.* at ECF 707 ¶ 2; ECF 704 ¶¶ 11, 12, 13, 14, 36. By way of background, the Court found Mr. Campisi's Sanctions Motion incredibly difficult to follow and understand. The confusion was only compounded by the fact that almost all of Mr. Campisi's complaints in the Sanctions Motion related to events that had taken place well before the undersigned's involvement in this case, forcing the Court to go through *years* of docket entries to try to piece together what had happened in order to be able to issue a somewhat coherent ruling on the Sanctions Motion. Regardless, none of what Mr. Campisi argues changes the fact that the alleged misrepresentation he complains that ECI made in connection with its Disposition Motion – that the Trustee told ECI he had no objection to ECI proceeding to collect certain property which he had moved to abandon – relates to the *Debtor*'s

---

[5] As defined in the Sanctions Order. Case No. 14-12458 ECF 704 ¶ 11.

property, not Mr. Campisi's. Therefore, the Court has no basis to reconsider the Sanctions Order on this issue.

26. Mr. Campisi's third argument raises that on June 1, 2016, two days prior to the entry of the Abandonment Order[6], and without first obtaining relief from the automatic stay, ECI prematurely delivered writs of execution to the Montgomery County Sheriff for property which the Trustee had moved to abandon. *Id.* at ECF 707 ¶ 3. It is unclear why Mr. Campisi raises this because all of those facts are included in the Sanctions Order. *Id.* at ECF 704 ¶ 9. Furthermore, these issues were already addressed by Judge Fitzsimon. She denied ECI's Disposition Motion seeking approval of the action it took to collect the Abandoned Property[7], and ECI later had to file a motion seeking relief from the automatic stay to collect the same Abandoned Property, suggesting that ECI had not been permitted to keep that Abandoned Property. *See id.* at ¶¶ 14, 15, 17. Therefore, Debtor appears to have obtained sufficient relief, particularly given that Mr. Campisi has never asserted that Debtor sustained any damages from service of the writ two days prior to the Abandonment Order. *See* 11 U.S.C. § 362(k). Finally, the Court reiterates that Mr. Campisi's issues with ECI's attempted collection of the Abandoned Property relates to property of the *Debtor*, not Mr. Campisi. Therefore, Mr. Campisi's third argument does not warrant the Court's reconsideration of the Sanctions Order.

27. The Court, again, is confused by Mr. Campisi's fourth argument. He takes issue with the determination in the Sanctions Order that Mr. Campisi cannot represent the Debtor, a corporation, pro se, seemingly based on Judge Fitzimon's order dated April 2, 2018 stating that she considered Mr. Campisi's reply in disposing of the ECI Compliance

---

[6] As defined in the Sanctions Order. Case No. 14-12458 ECF 704 ¶ 9.
[7] As defined in the Sanctions Order Case No. 14-12458 ECF 704 ¶ 9.

Motion.[8] *Id.* at ECF 707 ¶ 4; ECF 608 ("AND NOW, this 2nd day of April 2018, upon consideration of the Motion of ECI, LLC to Compel Compliance with the Approved Settlement Agreement with Relief from the Automatic Stay under Section 362 of the Bankruptcy Code pursuant to Bankruptcy Procedure Rule 4001, the Reply of Interested Party, Anthony G. Campisi as an individual to Motion of ECI, LLC…it is hereby ORDERED…"). The ECI Compliance Motion sought permission for ECI to pursue its non-bankruptcy options against Mr. Campisi in his individual capacity, as well as other non-debtor entities, and, as such, of course Judge Fitzsimon would have considered his response in opposition to that motion. *See id.* at ECF 704 ¶¶ 15, 16; ECF 570 ¶ 14. Her doing so does not provide this Court with a basis to reconsider its Sanctions Order, which appropriately found that Mr. Campisi as a pro se individual cannot represent the interests of the Debtor in federal court for the reasons explained therein. *See id.* at ECF 704 ¶¶ 35, 36, 37.

28. The Court also finds Mr. Campisi's fifth argument largely incoherent. He appears to take issue with the Sanctions Order's conclusion that it was not sanctionable for ECI to not serve the Trustee the State Action Summary Judgment Motion[9] to reduce POC 8[10] and Amended POC 11[11] to money judgments in the State Action after the bankruptcy was closed and the estate had been fully administered. *See id.* at ECF 707 ¶ 5; 704 ¶ 37. Mr. Campisi now seems to argue that not serving the Trustee the post-petition State Action Summary Judgment Motion amounts to contempt of court for violating the order approving the Settlement ("Settlement Order"), an argument he did not make in his

---

[8] As defined in the Sanctions Order. Case No. 14-12458 ECF 704 ¶ 15.
[9] As defined in the Sanctions Order. Case No. 14-12458 ECF 704 ¶ 19.
[10] As defined in the Sanctions Order. Case No. 14-12458 ECF 704 ¶ 4.
[11] As defined in the Sanctions Order. Case No. 14-12458 ECF 704 ¶ 7.

Sanctions Motion. *See id.* at ECF 688, 707 ¶ 5. Nevertheless, given Mr. Campisi's pro se status, the Court undertook yet another review of the Settlement. Upon review of the Settlement, the Court finds that ECI not serving the Trustee the State Action Summary Judgment Motion did not violate the Settlement Order. With respect to POC 8 and Amended POC 11, the Settlement merely provides that "[i]n consideration of all the foregoing, the Trustee agrees to withdraw with prejudice any and all of Debtor's objections to and hereby stipulates to and agrees that the following Proof of Claims are consented to and this Court hereby approves the following claims of ECI: Proof of Claim #7, Proof of Claim #8, Proof of Claim #11…" *See id.* at ECF 473 Ex. A ¶ 8(h). As explained in the Sanctions Order, the State Action Summary Judgment Motion simply sought to reduce POC #8 and Amended POC #11 to judgment, an action which would not have concerned the Trustee given his agreement in the Settlement not to contest those proofs of claim. *See id.* at ECF 704 ¶ 19. As such, the Court is not convinced that Mr. Campisi's fifth argument warrants reconsideration of the Sanctions Order.

29. Finally, Mr. Campisi clarifies that the 2023 State Action Writ[12], which he alleges was improperly issued against him in the State Action, was to collect on the February 3, 2021 judgment against Debtor which reduced POC #8 to judgment. *Id.* at ECF 707 ¶ 6. That does not change in any way the Court's conclusion in the Sanctions Order that this Court has no jurisdiction whatsoever over the State Action, particularly with respect to non-debtor, Mr. Campisi, and that to the extent an error was made in the State Action or in connection with the writ of execution, he needs to take that up with the State Court or the Sheriff. *See id.* at ECF 704 ¶ 38. In fact, the Court assumed that the 2023 State Action

---

[12] As defined in the Sanctions Order. Case No. 14-12458 ECF 704 ¶ 23.

Writ should not have been issued against him, and still arrived at the same conclusion, that that issue needs to be addressed in another forum with jurisdiction. *Id.*

30. Based on the foregoing, it is hereby ORDERED the Reconsideration Motion is DENIED.

_____
Honorable Ashely M. Chan
United States Bankruptcy Judge

cc: Anthony G. Campisi